1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7                       FOR THE DISTRICT OF ARIZONA
8
9   Michael & Sharon Sparlin,              )    No. CV 10-503-TUC-FRZ
                                           )    No. CV 10-507-TUC-FRZ
10              Plaintiffs,                 )    No. CV 10-508-TUC-FRZ
                                           )    **CONSOLIDATED**
11  vs.                                    )
                                           )
12                                         )
    Bank of America Home Loans, Chase)          **ORDER**
13  Home Finance, et al.,                  )
                                           )
14              Defendants.                )
                                           )
15  _____       )
16
17        Pending before the Court are three actions filed by Plaintiffs Michael and Sharon
18  Sparlin.
19        In CV 10-503, Plaintiffs name Bank of America Home Loans ("BOA") as the sole
20  Defendant.  They seek to prevent BOA from foreclosing on their property located at "491 S.
21  Douglas Wash Road"; the foreclosure sale for that property is set for "the week of September
22  22nd, 2010."
23        In CV 10-507, Plaintiffs name BOA as the sole Defendant.  They seek to prevent
24  BOA from foreclosing on their property located at "7922 S. Clarkson Court"; the foreclosure
25  sale for that property is set for "the week of September 10th, 2010."
26        In CV 10-508, Plaintiffs name Chase Home Finance ("Chase") as the sole Defendant.
27  They seek to prevent Chase from foreclosing on their property located at "9151 E. Showcase
28  Lane"; the foreclosure sale for that property is set for "October 7th, 2010."

1    In all three cases, Plaintiffs have filed an "original petition" and a "petition for

2   temporary injunction." A review of Plaintiffs' filings in all three cases reflect that the filings

3   are nearly identical such that consolidation of these cases is appropriate. *See* FED.R.CIV.P.

4   42; LRCiv 42.1. As such, IT IS HEREBY ORDERED that CV 10-503-TUC-FRZ, CV 10-

5   507-TUC-FRZ, and CV 10-508-TUC-FRZ are consolidated; CV 10-503-TUC-FRZ shall

6   serve as the lead case number. Any further filings in this case shall include the following in

7   the caption:

8   CV 10-503-TUC-FRZ
    CV 10-507-TUC-FRZ
9   CV 10-508-TUC-FRZ
    **CONSOLIDATED**

10    In all three cases, Plaintiffs seek an ex parte temporary restraining order ("TRO") and

11   a preliminary injunction preventing foreclosure of the properties at issue; the substantive

12   standards governing TROs and preliminary injunctions are identical. *See New Motor Vehicle*

13   *Bd. v. Orrin W. Fox. Co.*, 434 U.S. 1345, 1347 n. 2 (1977); *Los Angeles Unified Sch. Dist.*

14   *v. U.S. Dist. Court*, 650 F.2d 1004, 1008 (9th Cir. 1982). A preliminary injunction is an

15   extraordinary and drastic remedy and will not be granted absent a clear showing of likely

16   success in the underlying claim and likely irreparable injury. *See Mazurek v. Armstrong*, 520

17   U.S. 968, 972 (1997) (*per curiam*); *Warsoldier v. Woodford*, 418 F.3d 989, 993-94 (9th Cir.

18   2005); *Pratt v. Rowland*, 65 F.3d 802, 805 (9th Cir. 1995); FED.R.CIV.P. 65. To obtain a

19   preliminary injunction, the moving party must show "that he is likely to succeed on the

20   merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that

21   the balance of equities tips in his favor, and that an injunction is in the public interest."

22   *Winter v. Nat'l Resources Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008); *Am. Trucking*

23   *Ass'n v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009); FED.R.CIV.P. 65. The

24   moving party has the burden of proof on each element of the test. *Envtl. Council of*

25   *Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000). In addition, because the

26   function of a preliminary injunction is to preserve the status quo pending a determination on

27   the merits, *Chalk v. U.S. Dist. Court*, 840 F.2d 701, 704 (9th Cir. 1988), there is heightened

28

1   scrutiny where the movant seeks to alter rather than maintain the status quo.  *Dahl v. HEM*

2   *Pharms. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993) (holding that mandatory, as opposed to

3   prohibitory, injunctions are "subject to a heightened scrutiny and should not be issued unless

4   the facts and law clearly favor the moving party").  The Ninth Circuit has held that this type

5   of mandatory injunctive relief is disfavored, and should be denied unless the facts and law

6   clearly favor the movant.  *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1979).

7   There is also heightened scrutiny where the injunction would provide substantially all the

8   relief the movant may recover after a full trial on the merits.  *Kikumura v. Hurley*, 242 F.3d

9   950, 955 (9th Cir. 2001).

10   As a threshold matter, a TRO is unwarranted in this case.  First, the record does not

11   reflect what efforts Plaintiffs made to give Defendants notice of these civil actions and the

12   reasons why Defendants should not be given notice and an opportunity to respond to the

13   allegations at issue.  *See* FED.R.CIV.P. 65(b)(B)(The court may issue a temporary restraining

14   order without written or oral notice to the adverse party or its attorney only if . . . the

15   movant[] . . . certifies in writing any efforts made to give notice and the reasons why it

16   should not be required.").  Furthermore, there is sufficient time before the alleged foreclosure

17   sales to allow time for notice and an opportunity to respond by Defendants.    Lastly,

18   Plaintiffs' filings primarily consist of broad generalizations and conclusions that fail to

19   demonstrate a clear showing of likely success on the merits and likely irreparable injury.  *See*

20   *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (*per curiam*); *Warsoldier v. Woodford*, 418

21   F.3d 989, 993-94 (9th Cir. 2005); *Pratt v. Rowland*, 65 F.3d 802, 805 (9th Cir. 1995); *Winter*

22   *v. Nat'l Resources Def. Council, Inc.*, 129 S. Ct. 365,  374 (2008); *Am. Trucking Ass'n v. City*

23   *of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009); FED.R.CIV.P. 65.  Accordingly, IT IS

24   HEREBY ORDERED that Plaintiffs' request for a TRO is denied.

25   As to the request for a preliminary injunction, relief can not and will not be granted

26   unless Plaintiff properly serves Defendants with the documents that have initiated this case

27   which include the "original petition" and "petition for temporary injunction" filed in all three

28   cases.  *See* FED.R.CIV.P. 4, FED.R.CIV.P. 65.  **PLAINTIFFS SHALL IMMEDIATELY**

1    **AND PROPERLY SERVE EACH DEFENDANT WITH THE APPLICABLE**
2    **"ORIGINAL PETITION" AND "PETITION FOR TEMPORARY INJUNCTION";**
3    **PLAINTIFFS SHALL SERVE THIS ORDER ON DEFENDANTS AT THE SAME**
4    **TIME THEY SERVE THE ORIGINAL PETITIONS AND PETITIONS FOR**
5    **TEMPORARY INJUNCTIONS. UPON PROPER SERVICE, PLAINTIFFS SHALL**
6    **FILE DOCUMENTS WITH THE COURT PROVING PROPER PROOF OF**
7    **SERVICE IN COMPLIANCE WITH RULE 4 OF THE FEDERAL RULES OF CIVIL**
8    **PROCEDURE.**

9    Upon receiving this Order, Defendants (i.e., BOA and Chase) shall immediately file
10   notices of appearance with the Court.  Defendants shall file their response(s) to the requests
11   for a preliminary injunction no later than **August 31, 2010**.  As the filings in Plaintiffs three
12   actions are largely identical, counsel for BOA and Chase shall confer and attempt to file a
13   joint response (in whole or in part), or they may file separate responses that incorporate the
14   other parties' arguments such that the issues can be read and resolved in an efficient manner.
15   **Furthermore, to get notice to Defendants quickly, the Clerk of the Court shall attempt**
16   **to locate an appropriate fax number for BOA and Chase, and it shall fax a copy of this**
17   **Order to BOA and Chase forthwith.**

18

19        DATED this 20th day of August, 2010.

20

21

22

23   _____
24        Frank R. Zapata
          Senior United States District Judge
25

26

27

28

- 4 -