BRYAN CAVE LLP, #00145700
Robert W. Shely, #014261
Coree E. Neumeyer, #025787
Michael B. Dvoren, #027386
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
Telephone: (602) 364-7000
Facsimile: (602) 364-7070
rwshely@bryancave.com
coree.neumeyer@bryancave.com
michael.dvoren@bryancave.com

Attorneys for Defendant BAC Home Loans Servicing, LP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael & Sharon Sparlin,<br><br>          Plaintiffs,<br><br>     vs.<br><br>Bank of America Home Loans, Chase Home Finance, et al.,<br><br>          Defendants. | No. CV 10-503-TUC-FRZ<br>No. CV 10-507-TUC-FRZ<br>No. CV 10-508-TUC-FRZ<br>**CONSOLIDATED**<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFFS' PETITIONS FOR TEMPORARY INJUNCTION (CASE NOS. CV 10-503-TUC-FRZ AND CV 10-507-TUC-FRZ)**<br><br>(Hon. Frank R. Zapata) |

Defendant BAC Home Loans Servicing, LP ("BAC"), erroneously sued as Bank of America Home Loans, hereby responds in opposition to Plaintiffs Michael and Sharon Sparlins' (the "Sparlins") Petition for Temporary Injunction filed in cases CV10-503-TUC-FRZ and CV10-507-TUC-FRZ (the "Petitions"). BAC has voluntarily postponed the impending trustee's sales of both properties sought to be protected by the Petitions, subject to the conditions set forth below. BAC's voluntarily postponement renders the

675590

Petitions moot. As such, because there is no imminent threat of irreparable harm, BAC requests that the Court enter an order denying the Petitions.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND.

On August 18, 2010 and August 19, 2010, the Sparlins filed the Petitions to enjoin BAC from holding trustee's sales on the real properties located at 491 S. Douglas Wash Road, Tucson, AZ 85641 (Case No. CV10-503-TUC-FRZ) and 7922 South Clarkson Court, Tucson, AZ 85706 (Case No. CV10-507-TUC-FRZ) (the "Properties").[1] Each Petition is substantively identical to the other and the Sparlins appear to have copied most of their respective Complaints into the Petitions verbatim.

### II. LEGAL STANDARD.

A preliminary injunction "is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (emphasis in original). The Sparlins ask the Court to engage in an "exercise of a very far reaching power never to be indulged except in a case clearly warranting it." Sierra Club v. Hickel, 433 F.2d 24, 33 (9th Cir. 1970). The Sparlins bear the burden of clearly establishing entitlement to a preliminary injunction. They must prove: (1) they have a likelihood of success on the merits; (2) there is a likelihood of irreparable harm if a preliminary injunction is not issued; (3) the balance of hardships favors an injunction; and (4) an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008).

---

[1] The Sparlins initiated another action in this Court, Case No. CV10-508-TUC-FRZ, to prevent a trustee's sale on property located at 9151 E. Showcase Lane, Tucson, AZ 85749. The Sparlins did not name BAC as a defendant in that action, nor did they assert any allegations against BAC in that Complaint. Consequently, BAC's Response is limited to those actions in which it is a named defendant: Case Nos. CV10-503-TUC-FRZ and CV10-507-TUC-FRZ.

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

**III.   ARGUMENT.**

  **A.   BAC's Voluntarily Postponement Renders The Petitions Moot.**

  BAC has voluntarily postponed the trustee's sales of the Properties for the duration of the litigation. BAC reserves its right to proceed with the trustee's sales of the Properties upon the Court's dispositive ruling in these consolidated cases or upon 30 days' notice to the Sparlins should BAC need to hold a trustee's sale for either of the Properties prior to such ruling. At the present time, neither BAC nor counsel are aware of any circumstances that would cause BAC to trigger the 30 days' notice during the pendency of this action, but BAC seeks the right to do so in the event circumstances change. The 30 days' notice will give the Sparlins sufficient time to re-file their request for injunctive relief if necessary. BAC informed the Sparlins of the postponements through a letter from counsel on August 27, 2010 ("Letter"). A true and correct copy of the Letter is attached as Exhibit A.

  BAC's voluntarily postponement renders the Petitions moot because there is no longer any likelihood of irreparable harm to the Sparlins and there are, accordingly, no hardships for the Court to balance. Winter, 129 S. Ct. at 375-76. With no extant harm or hardship, the Sparlins' request for an injunction is unnecessary.

  As it is unnecessary to address the Sparlins' likelihood of success on the merits in light of the above, BAC will timely address the sufficiency of the Sparlins' Complaints in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

  **B.   The Sparlins Must Post A Bond If The Court Orders Injunctive Relief.**

  If the Court enjoins the trustee's sales of the Properties, the Sparlins *must* post a supersedes bond to cover the costs and damages sustained by BAC if the Court later finds that the sales were improperly enjoined. Fed. R. Civ. P. 65. BAC requests an evidentiary hearing at which proof of potential damage may be made if the Court decides to order injunctive relief.

. . .

**Relief Requested**

For the foregoing reasons, BAC respectfully requests the Court deny the Sparlins' Petitions for injunctive relief.

DATED this 31st day of August, 2010.

BRYAN CAVE LLP


By s/Coree E. Neumeyer
   Robert W. Shely
   Coree E. Neumeyer
   Michael B. Dvoren
   Two North Central Avenue, Suite 2200
   Phoenix, AZ  85004-4406

   Attorneys for Defendant BAC Home Loans Servicing, LP

675590

4

**CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2010, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, with a copy sent via U.S. mail to the following, who are not registered participants of the CM/ECF System:

Michael & Sharon Sparlin
9151 East Showcase Lane
Tucson, Arizona 85749
Plaintiffs Pro Per


By s/Carol McKeever

675590

5