IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael & Sharon Sparlin,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>Bank of America Home Loans, Chase Home Finance, et al.,<br><br>　　　　Defendants. | No. CV 10-503-TUC-FRZ<br>No. CV 10-507-TUC-FRZ<br>No. CV 10-508-TUC-FRZ<br>**CONSOLIDATED**<br><br><br>**ORDER** |

Plaintiffs Michael and Sharon Sparlin have filed several actions seeking to prevent foreclosure sales pertaining to their property. In CV 10-503, Plaintiffs named Bank of America Home Loans ("BOA")[1] as the sole Defendant. They seek to prevent BOA from foreclosing on their property located at "491 S. Douglas Wash Road"; the foreclosure sale for that property was initially set for "the week of September 22nd, 2010." In CV 10-507, Plaintiffs name BOA as the sole Defendant. They seek to prevent BOA from foreclosing on their property located at "7922 S. Clarkson Court"; the foreclosure sale for that property was initially set for "the week of September 10th, 2010." In CV 10-508, Plaintiffs named Chase Home Finance ("Chase") as the sole Defendant. They seek to prevent Chase from foreclosing on their property located at "9151 E. Showcase Lane"; the foreclosure sale for

---

[1] Defendant filed a responsive brief indicating that "BAC Home Loans Servicing, LP" is the properly named Defendant.

1  that property is set for "October 7th, 2010."

2  In all three cases, Plaintiffs filed an "original petition" and a "petition for temporary
3  injunction." In a previous Order, the Court ordered all three cases consolidated as Plaintiffs'
4  filings in all three cases were nearly identical.  Furthermore, the Court denied Plaintiffs'
5  request for an ex parte temporary restraining order, informed Plaintiffs that they must
6  properly serve Defendants, and emphasized that Plaintiffs would not be granted any relief
7  without proper service on Defendants such that Defendants had proper notice and an
8  opportunity to respond to the allegations.

9  As of the date of this Order, the Court has received responses from BOA opposing the
10 "petitions for temporary injunctions" in CV 10-503 and CV 10-507. The docket reflects that
11 Chase has not filed any documents in CV 10-508; thus, it appears they have not been
12 properly served and the Court will not take any action in CV 10-508.,

13 As to the  "petitions for temporary injunctions" in CV 10-503 and CV 10-507, they
14 are viewed as motions for preliminary injunctions and are denied. A preliminary injunction
15 is an extraordinary and drastic remedy and will not be granted absent a clear showing of
16 likely success in the underlying claim and likely irreparable injury.  *See Mazurek v.*
17 *Armstrong*, 520 U.S. 968, 972 (1997) (*per curiam*); *Warsoldier v. Woodford*, 418 F.3d 989,
18 993-94 (9th Cir. 2005); *Pratt v. Rowland*, 65 F.3d 802, 805 (9th Cir. 1995); FED.R.CIV.P. 65.
19 To obtain a preliminary injunction, the moving party must show "that he is likely to succeed
20 on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief,
21 that the balance of equities tips in his favor, and that an injunction is in the public interest."
22 *Winter v. Nat'l Resources Def. Council, Inc.*, 129 S. Ct. 365,  374 (2008); *Am. Trucking*
23 *Ass'n v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009); FED.R.CIV.P. 65.  The
24 moving party has the burden of proof on each element of the test. *Envtl. Council of*
25 *Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).  As noted in the Court's
26 previous Order, Plaintiffs' filings primarily consist of broad generalizations and conclusions
27 that fail to demonstrate a clear showing of likely success on the merits and likely irreparable
28 injury; thus, this serves as a basis for denying the preliminary injunctions. *See Mazurek v.*

- 2 -

1  *Armstrong*, 520 U.S. 968, 972 (1997) (*per curiam*); *Warsoldier v. Woodford*, 418 F.3d 989, 993-94 (9th Cir. 2005); *Pratt v. Rowland*, 65 F.3d 802, 805 (9th Cir. 1995); *Winter v. Nat'l Resources Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008); *Am. Trucking Ass'n v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009); FED.R.CIV.P. 65.  Furthermore, as emphasized by BOA's response, they have voluntarily postponed the foreclosure sales at issue pending a dispositive ruling on the merits in this case.  As such, Plaintiffs can not meet their burden of showing irreparable harm in the absence of preliminary relief.  *See id.*  Accordingly, Plaintiffs' "petitions for temporary injunctions" in CV 10-503 and CV 10-507 are denied.

DATED this 2nd day of September, 2010.

_____
Frank R. Zapata
Senior United States District Judge