BRYAN CAVE LLP, #00145700
Robert W. Shely, #014261
Coree E. Neumeyer, #025787
Michael B. Dvoren, #027386
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
Telephone: (602) 364-7000
Facsimile: (602) 364-7070
rwshely@bryancave.com
coree.neumeyer@bryancave.com
michael.dvoren@bryancave.com

Attorneys for Defendant BAC Home Loans Servicing, LP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael & Sharon Sparlin,<br><br>    Plaintiffs,<br><br>vs.<br><br>Bank of America Home Loans, Chase Home Finance, et al.,<br><br>    Defendants. | No. CV 10-503-TUC-FRZ<br>No. CV 10-507-TUC-FRZ<br>No. CV 10-508-TUC-FRZ<br>**CONSOLIDATED**<br><br>**MOTION TO DISMISS (CASE NOS. CV 10-503-TUC-FRZ AND CV 10-507-TUC-FRZ)**<br><br>(Hon. Frank R. Zapata) |

    Defendant BAC Home Loans Servicing, LP ("BAC"), erroneously sued as Bank of America Home Loans, respectfully requests that the Court enter an order dismissing cases CV 10-503-TUC-FRZ and CV 10-507-TUC-FRZ with prejudice. Plaintiffs Michael and Sharon Sparlins' (the "Sparlins") <u>Original Petition</u> filed in cases CV10-503-TUC-FRZ (the "503 Complaint") and CV10-507-TUC-FRZ (the "507 Complaint")

(collectively, the "Complaints"[1]) fail to state any claim upon which relief can be granted.[2] The Complaints fail to support any of the vague and conclusory allegations with even a modicum of factual specificity, thus falling far short of the pleading requirements under Federal Rule of Civil Procedure 8.  Additionally, the Complaints fail to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b).

## **MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   BACKGROUND.**

On or around January 02, 2007, the Sparlins entered into a loan ("Loan 1") for the real property located at 7922 South Clarkson Court in Tucson, Arizona (the "507 Property").  A Deed of Trust dated January 02, 2007 secures Loan 1, a true and correct copy of which is attached as Exhibit A.[3]  The Sparlins subsequently defaulted on Loan 1 and the successor trustee recorded a Notice of Trustee's Sale Arizona on April 19, 2010

---

[1] Other than listing each respective loan, property, and associated fees, the 503 Complaint and 507 Complaint are substantively identical to each other.  Hereafter, BAC cites only to the 503 Complaint as the portions cited are identical in the 507 Complaint.

[2] The Sparlins also initiated Case No. CV10-508-TUC-FRZ in this Court but did not name BAC as a defendant in that action, nor did they assert any allegations against BAC in that Complaint.  Consequently, BAC's Motion To Dismiss is limited to those actions in which it is a named defendant: Case Nos. CV10-503-TUC-FRZ and CV10-507-TUC-FRZ.

[3] The Court may consider the Deeds of Trust without converting this motion into a motion for summary judgment because the Sparlins refer to them in the Complaints.  [See 503 Compl. at 18]  The Court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint."  Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1295-96 (9th Cir. 1998).  Although the Sparlins did not physically attach the documents to the Complaints, "a district court ruling on a motion to dismiss may consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading."  Parrino v. FHP, Inc., 146 F.3d 699, 705 (9th Cir. 1998) (internal citations and quotations omitted).  Further, the Deeds of Trust are matters of public record and properly subject to judicial notice.  See Pesci v. IRS, 67 F. Supp. 2d 1189, 1191-92 (D. Nev. 1999), aff'd, 225 F.3d 663 (9th Cir. 2000) (court deciding motion to dismiss may consider matters subject to judicial notice).

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

("507 Sale Notice"). A true and correct copy of the 507 Sale Notice is attached as Exhibit B.[4] BAC has since voluntarily postponed the scheduled sale of the 507 Property.

On or around January 16, 2007, the Sparlins entered into a loan ("Loan 2") for the real property located at 491 S. Douglas Wash Road in Vail, Arizona[5] (the "503 Property," collectively with the 507 Property, the "Properties"). A Deed of Trust dated January 16, 2007 secures Loan 2, a true and correct copy of which is attached as Exhibit C. The Sparlins subsequently defaulted on Loan 2 and the successor trustee recorded a Notice of Trustee's Sale Arizona on January 15, 2010 and again on June 16, 2010 (collectively, the "503 Sale Notices"). True and correct copies of the 503 Sale Notices are attached as Exhibit D. BAC has since voluntarily postponed the scheduled sale of the 503 Property.

The Sparlins filed the 503 Complaint on August 18, 2010 and filed the 507 Complaint on August 19, 2010 to stop the trustee's sales of the Properties. The Complaints allege numerous state and federal causes of action against BAC, an unidentified lender, and/or unspecified other defendants. Among their rambling and confusing allegations, the Sparlins assert that BAC and/or unspecified other defendants committed various acts of fraud, breached their fiduciary duties, criminally conspired against the Sparlins, were unjustly enriched, violated RESPA and TILA, breached the implied contractual covenant of good faith and fair dealing, and subjected the Sparlins to severe emotional distress. [503 Compl. at 1-2, 6, 9, 11-12, 18-21, 23]

The Sparlins also allege that BAC, an unidentified lender, and/or unspecified other defendants do not own and have not produced the "original promissory note," and are thus not the "real party in interest" and lack "standing" regarding Loan 1 and Loan 2. [503 Compl. at 2, 6-7, 9] Finally, the Sparlins make confusing, admittedly "outrageous," and sweeping indictments of the entire mortgage industry. [503 Compl. at 2-6] In so

---

[4] Like the Deeds of Trust, the Notices of Trustee's Sale Arizona are public records and thus properly subject to judicial notice.

[5] The 503 Complaint incorrectly states the 503 Property is located in Tucson, AZ.

676176.4   3

doing, the Sparlins allege that various industry participants' misdeeds somehow render Loan 1 and Loan 2 unenforceable and entitle the Sparlins to a windfall through "re-conveyence of the subject propert[ies]" to the Sparlins, presumably free and clear of any liens or debt obligations. [503 Compl. at 7]

## II.   LEGAL STANDARD.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ---, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)) (reversing denial of motion to dismiss). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted). A plaintiff cannot meet her burden simply by contending that she "might later establish some 'set of [undisclosed] facts' to support recovery." Id. at 561. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. It is not sufficient if the complaint merely establishes a "sheer possibility" that the defendant has acted unlawfully. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). To determine whether a complaint states a plausible claim for relief, the court must rely on its "judicial experience and common sense." Id. at 1950.

In considering a motion to dismiss, "[t]he court need not . . . accept as true allegations that contradict matters properly subject to judicial notice, are conclusory or mere legal conclusions, or unwarranted deductions of fact or unreasonable inferences, or contradicted by documents referred to in the Complaint, or are internally inconsistent." Pesci v. IRS, 67 F. Supp. 2d 1189, 1191-92 (D. Nev. 1999), aff'd, 225 F.3d 663 (9th Cir.

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

2000) (citations omitted). Dismissal can be "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted). Where there is an "obvious alternative explanation" for the conduct alleged, the complaint should be dismissed for failure to state a claim. Iqbal, 129 S. Ct. at 1951.

**III.   ARGUMENT.**

   **A.   The Sparlins Fail To Satisfy Rule 8's And Iqbal And Twombly's Pleading Requirements.**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff's statement of her claim must give the defendant "fair notice of what the claim is and the ground upon which it rests." Porter v. Jones, 319 F.3d 483, 494 (9th Cir. 2003). Each allegation "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Complaints that are "verbose, confusing and conclusory" violate Rule 8 and may be dismissed. See Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 673–74 (9th Cir. 1981).

The Complaints do not contain short and plain statements of any of the claims upon which the Sparlins seek relief. Instead, they are a collection of confusing, meandering, and randomly inserted allegations and legal theories, many of which appear to have been copied from unrelated pleadings or the Internet. The Sparlins also do not set forth sufficient facts demonstrating violations of the laws invoked.

At various places, the Complaints impermissibly assert generalized allegations against an unspecified "Lender" and/or unspecified "Defendants." [See, e.g., 503 Compl. at 1, 6, 8-9, 18] This alone is cause to dismiss the Complaints, because Federal Rule of Civil Procedure 8 requires that each defendant be placed on notice of the particular charges against it. See Arikat v. J.P. Morgan Chase & Co., 430 F. Supp. 2d 1013, 1023 (N.D. Cal. 2006) (dismissing generalized allegations against all thirteen defendants as "improper"). Additionally, many of the allegations appear related to the loan origination

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

process for Loan 1 and Loan 2. As reflected in Exhibits A and C, Universal American Mortgage Company, LLC ("Universal") loaned the funds on both Loan 1 and Loan 2, yet the Sparlins failed to name Universal as a defendant. The Sparlins make no allegations that BAC originated or was otherwise involved with the making of Loan 1 or Loan 2 and fail to allege any facts establishing that BAC may be held liable for Universal's acts. BAC is thus not the proper defendant for many of the Sparlins' allegations or any of the alleged misconduct in the loan origination process.

Finally, BAC cannot even determine what other causes of action the Sparlins may have intended to assert in the Complaints. Beyond the separate headings purportedly setting out certain causes of action, the Sparlins have littered the Complaints with other allegations they may have intended as causes of action. BAC cannot respond to such vague and confusing allegations.

### B.  The Sparlins' "Original Promissory Note" Theory And Related Arguments Lack Merit.

The Sparlins allege that BAC and/or unspecified other defendants do not own and have not produced the "original promissory note" and are thus not the "real party in interest" and lack "standing" regarding Loan 1 and Loan 2. [503 Compl. at 2, 6-7, 9] This Court has resoundingly rejected this "show me the note" theory, i.e., the contention that the trustee, beneficiary, or agent of the beneficiary under a deed of trust cannot exercise the power of sale unless it also is the holder of the borrower's promissory note. See Diessner v. MERS, 618 F. Supp. 2d 1184, 1187–88 (D. Ariz. 2009), aff'd, 2010 WL 2464899 (9th Cir. June 17, 2010) ("Arizona's non-judicial foreclosure statute does not require presentation of the original note before commencing foreclosure proceedings"); Mansour v. Cal-Western Reconveyance Corp., 618 F. Supp. 2d 1178, 1181 (D. Ariz. 2009) (dismissing complaint based on "show me the note" theory); Goodyke v. BNC Mortgage Inc., 2009 WL 2971086, *2 (D. Ariz. Sept. 11, 2009) ("Because [p]laintiffs' action involves the nonjudicial foreclosure of a real estate mortgage under Arizona

statutes that do not require presentation of the original note before commencing foreclosure proceedings, Count Two fails to state a claim upon which relief may be granted"); Garcia v. GMAC Mortgage LLC, 2009 WL 2782791, *3 (D. Ariz. Aug. 31, 2009) (dismissing complaint asserting "original note" argument).

Equally, no "real party in interest" rule applies to non-judicial foreclosures under a deed of trust. The term "real party in interest" is found in Federal Rule of Civil Procedure 17 and is relevant in the context of parties pursuing federal lawsuits. See Fed. R. Civ. P. 17(a). A trustee's sale held by virtue of a power of sale in a deed of trust is a non-judicial foreclosure process governed by A.R.S. §§ 33-801–821, making Rule 17(a) irrelevant in this context. The Sparlins have no basis for disputing a trustee's sale on the ground that the initiating party is not the "real party in interest." The Sparlins' claim that BAC and/or other defendants must prove "standing" is equally mistaken. There is no standing requirement under A.R.S. §§ 33-801–821 for the trustee to foreclose on trust property. Section 33-807(A) is clear that the existence of a deed of trust confers inherent authority on the trustee to sell the trust property upon the borrower/trustor's default.

### C.     The Sparlins Fail To State A Claim For Breach Of Fiduciary Duty.

The Sparlins allege that "Defendants Agent, appraiser, trustee, Lender, et al, and each of them, owed Petitioner a fiduciary duty of care with respect to the mortgage loan transactions," and that "Defendants" breached their fiduciary duties by not complying with "all applicable laws governing the loan transactions." [503 Compl. at 19] The Sparlins fail to support these conclusory allegations with any facts, fail to identify any duty BAC allegedly owed to the Sparlins, and fail to specify how BAC supposedly breached any such duty. Even if the Sparlins could provide facts showing that BAC owed them a fiduciary duty and breached it, their claim would be untimely under Arizona's two-year statute of limitations. A.R.S. § 12-542; CDT, Inc. v. Addison, Roberts and Ludwig, C.P.A., P.C., 198 Ariz. 173, 175, 7 P.3d 979, 981 (Ct. App. 2000).

///

### D. The Sparlins Fail To State A Claim For Negligence or Negligence Per Se.

The Sparlins allege that unspecified "Defendants owed a general duty of care . . . to properly perform due diligence as to the loans" and "owed a duty of care under TILA, HOEPA, RESPA." [503 Compl. at 20] All of their negligence allegations appear related to the loan origination process for Loan 1 and Loan 2.

To establish negligence, the Sparlins must prove "(1) a duty requiring the defendant to conform to a certain standard of care; (2) a breach by the defendant of that standard; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages." Diaz v. Phoenix Lubrication Serv., Inc., 230 P.3d 718, 721 (Ariz. Ct. App. 2010) (internal citation omitted). Beyond offering insufficient facts to support any of the required negligence elements, the Sparlins fail to identify which specific defendants allegedly acted negligently or how BAC was involved in the making of Loan 1 or Loan 2. Even if the Sparlins had properly made out a negligence claim, BAC would not be the proper defendant. Furthermore, the Sparlins' negligence allegations based on TILA, HOEPA, or RESPA fail because a defendant cannot be negligent under a statute. Rather, defendants either comply with a given statute or violate it.

### E. The Sparlins Do Not Plead Any Fraud Claims With Particularity.

At various places in the Complaints, the Sparlins vaguely allege that BAC, an unidentified "Lender," and/or unspecified other "Defendants" committed various types of fraud. [See, e.g., 503 Compl. at 1, 6, 8-9] Fraud must be plead with particularity. Fed. R. Civ. P. 9(b). Under Arizona law, the Sparlins must demonstrate "that the defendant made a false, material representation that he knew was false or was ignorant of its truth, with the intention that the hearer of the representation act on it in a manner reasonably contemplated, that the hearer was ignorant of the representation's falsity, rightfully relied on the truth of the representation, and sustained consequent and proximate damage." Haisch v. Allstate Ins. Co., 5 P.3d 940, 944 (Ariz. Ct. App. 2000). As courts uniformly

recognize, "[b]road claims without factual support fail to adequately give defendants notice of the particular misconduct alleged to constitute fraud and, consequently, fail to satisfy FRCP 9(b)." Hearn v. R.J. Reynolds Tobacco Co., 279 F. Supp. 2d 1096, 1113 (D. Ariz. 2003) (internal citation omitted) (dismissing plaintiffs' fraud claims for failure to pled with particularity).

The Sparlins do not meaningfully identify any of the required elements of fraud, i.e., what the alleged false representations were, whether or how BAC made the alleged false representations, why the Sparlins relied on them, why that reliance was reasonable, or how the alleged false representations damaged them. Furthermore, many of the Sparlins' fraud claims appear related to loan origination and thus do not apply to BAC.

### F. The Sparlins Fail To State A Claim For Breach Of The Covenant Of Good Faith And Fair Dealing.

The Complaints' sections regarding the implied covenant of good faith and fair dealing ("Good Faith") appear to have been copied and pasted entirely from an unrelated pleading without any editing. [See 503 Compl. at 21-22] BAC thus cannot know what Good Faith allegations, if any, the Sparlins even intended. Good Faith means that "neither party will act to impair the right of the other to receive the benefits which flow from their agreement or contractual relationship." Rawlings v. Apodaca, 726 P.2d 565, 569 (Ariz. 1986) (en banc). The Sparlins have not alleged that BAC, who is merely the loan servicer, was even a party to the contractual documents underlying Loan 1 or Loan 2. The Sparlins cannot therefore allege that BAC breached any contractual covenant, let alone Good Faith.

### G. The Sparlins Fail To State A TILA Claim.

At various places, the Sparlins randomly allege that BAC and/or unspecified other defendants violated the Truth in Lending Act (15 U.S.C. § 1601 et seq.) ("TILA"). [See 503 Compl. at 14-15, 20, and 23] The Sparlins allege no facts and in no way identify how BAC, who did not originate Loan 1 or Loan 2, allegedly violated any TILA

676176.4       9

provisions. Regardless, the statute of limitations bars the Sparlins' TILA allegations. Section 1640(e) of TILA provides that TILA actions must be brought "within one year from the date of the occurrence of the violation." The date of violation refers to the date "the loan documents were signed." <u>Meyer v. Ameriquest Mortg. Co.</u>, 342 F.3d 899, 902 (9th Cir. 2003) (affirming district court's dismissal of plaintiffs' TILA damages claim as time-barred). The Sparlins executed the relevant loan documents in or around January 2007, rendering any intended TILA claim time-barred.

**H.  The Sparlins Fail To State A Claim For Intentional Infliction Of Emotional Distress.**

The Sparlins claim that unspecified defendants' conduct caused them to "suffer severe emotional stress" and "economic and non economic harm and detriment." [503 Compl. at 23] Their claim for intentional infliction of emotional distress ("IIED") must fail. The Sparlins must prove three elements to succeed in a claim for IIED. <u>Citizen Publishing Co. v. Miller</u>, 115 P.3d 107, 110 (Ariz. 2005) (en banc). The defendant's conduct (i) must be "extreme and outrageous," (ii) must "either intend to cause emotional distress or recklessly disregard the near certainty that such distress will result from his conduct," and (iii) must result in "severe emotional distress." <u>Id.</u> (internal quotations and citations omitted).

After simply reciting the IIED elements, the Sparlins baldly assert a favorable legal conclusion for each element, offering absolutely no factual support. [503 Compl. at 23] Their failure to plead any facts showing that BAC intentionally, or with reckless disregard, caused them emotional distress, or any facts regarding the severity of such distress, renders their IIED allegations baseless.

**I.  The Sparlins Fail To State A Claim For Conspiracy.**

The Sparlins allege that unspecified "Defendants, by and through Defendants' Agents, conspired with other Defendants, et al, toward a criminal conspiracy to defraud Petitioner." [503 Compl. at 9] There is no independent tort of conspiracy in Arizona.

676176.4                          10

Baker ex rel. Hall Brake Supply Inc. v. Stewart Title & Trust of Phoenix Inc., 5 P.3d 249, 259 (Ariz. Ct. App. 2000) ("A civil conspiracy requires an underlying tort which the alleged conspirators agreed to commit"). The putative conspiracy claim must fail because, for the reasons already set forth, the Sparlins have not adequately alleged fraud or any other underlying unlawful conduct.

A conspiracy must also be plead with particularly. "[A] plaintiff must allege with sufficient factual particularity that defendants reached some explicit or tacit understanding or agreement. It is not enough to show that defendants might have had a common goal unless there is a factually specific allegation that they directed themselves towards this wrongful goal by virtue of a mutual understanding or agreement." S. Union Co. v. Sw. Gas Corp., 165 F. Supp. 2nd 1010, 1020–21 (D. Ariz. 2001); see also DM Research Inc. v. Coll. of Am. Pathologists, 170 F.3d 53, 56 (1st Cir. 1999) (cited with approval in Twombly, 550 U.S. at 557) ("But terms like 'conspiracy,' or even 'agreement,' are border-line: they might well be sufficient in conjunction with a more specific allegation—for example, identifying a written agreement or even a basis for inferring a tacit agreement—but a court is not required to accept such terms as a sufficient basis for a complaint. The case law on this point is ample.").

The Sparlins have made no "factually specific allegations" that BAC conspired to wrong them. Accordingly, the Court should dismiss their conspiracy allegations for failure to state a claim upon which relief can be granted.

**J.     The Sparlins Fail To State A RESPA Claim.**

The Real Estate Settlement Procedures Act (12 U.S.C. § 2601 et seq.) ("RESPA") "requires mortgage lenders to disclose the costs associated with real estate closing, prohibits fee-splitting in connection with settlement services except for services actually performed, and prohibits giving or accepting anything of value in exchange for referrals except in certain circumstances." Diessner v. MERS, 618 F. Supp. 2d 1184, 1189 (D. Ariz. 2009), aff'd, 2010 WL 2464899 (9th Cir. June 17, 2010) (internal quotes and

citations omitted).

The Sparlins allege that "Lender charged fees to Petitioner" in excess of RESPA's limits, failed to provide certain documentation, and committed various other "apparent RESPA violations." [503 Compl. at 11-12] They do not identify the RESPA provisions which BAC allegedly violated, nor do they provide anything more than conclusory statements, many of which appear to have been copied entirely from other pleadings or the Internet. Such conclusory statements fall far short of their obligation to provide a factual basis to support a RESPA claim.

Regardless, any intended RESPA claim fails because it is time-barred under either a 1-year or 3-year statute of limitations. The Sparlins obtained Loan 1 and Loan 2 in or around January 2007 and did not file the related lawsuits until August 18, 2010 and August 19, 2010.

**K.     The Sparlins Fail To State A Claim For Unjust Enrichment.**

The Sparlins also contend that BAC, an unidentified "Lender," and/or unspecified other "Defendants" were unjustly enriched through various fees and payments "at the expense of Petitioner."  [503 Compl. at 6, 18] To recover on an unjust enrichment claim under Arizona law, "a claimant must show (1) an enrichment, (2) an impoverishment, (3) a connection between the two, (4) the absence of justification for the enrichment and impoverishment and (5) the absence of any remedy at law." Mousa v. Saba, 218 P.3d 1038, 1045 (Ariz. Ct. App. 2009) (citations omitted).

Here, the Sparlins state that they are merely informed and believe that "each and all of the Defendants received a benefit at Petitioner's expense." [503 Compl. at 18] They do not identify which defendants, including BAC, were supposedly enriched by which fees or payments, do not specifically demonstrate the connection between such payments and the Sparlins' supposed impoverishment, and plead no facts showing "the absence of justification" for the various fees and payments listed, assuming they were paid. Moreover, the Sparlins have and in fact allege certain "remedies at law" in the

Complaints such as TILA and RESPA. The Complaints thus fail <u>Mousa</u>'s requirement that there is an "absence of any remedy at law." By having and alleging the various remedies at law in the Complaints, the Sparlins cannot bring an unjust enrichment claim.

### Relief Requested

For the foregoing reasons, BAC respectfully requests that the Court enter an order dismissing the Complaints with prejudice..

DATED this <u>13</u>th day of September, 2010.

BRYAN CAVE LLP

By  /s/ Michael B. Dvoren
Robert W. Shely
Coree E. Neumeyer
Michael B. Dvoren
Two North Central Avenue, Suite 2200
Phoenix, AZ  85004-4406

Attorneys for Defendant BAC Home Loans Servicing, LP

676176.4

13

**CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2010, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, with a copy sent via U.S. mail to the following, who are not registered participants of the CM/ECF System:

Michael & Sharon Sparlin
9151 East Showcase Lane
Tucson, Arizona 85749
Plaintiffs Pro Per

By: s/ Marvi Parsons

676176.4

14