1  Michael B & Sharon J Sparlin
2  9151 E Showcase Lane
3  Tucson AZ  85749
4

5              UNITED STATES DISTRICT COURT
6                     DISTRICT OF ARIZONA

| | |
|---|---|
| **Michael B & Sharon J Sparlin**<br>Plaintiff, | Case # CV-10-503-TUC-FRZ<br>CV-10-503-TUC-FRZ<br>CV-10-503-TUC-FRZ<br>**CONSOLIDATED** |
| vs. | **PLAINTIFFS RESPONSE TO RULE 12 MOTION** |
| **BAC Home Loans Servicing, Inc.** and<br>**Chase Home Finance,** et al.<br>Defendants, | (Hon. Frank R. Zapata)<br><br>Date: September 17, 2010 |

7

8    (1) The Plaintiff, in Original Petition, plead that Defendant Chase charged false fees as
9         stipulated to Plaintiff as listed on the HUD 1 Settlement Statement, included as EXHIBIT
10        1. Plaintiff specifically plead that Defendant Chase, at the time of settlement of the
11        contract, Defendant Chase failed to provide documentation to establish that said fees
12        were not included in those fees expressly addressed by the Real Estate Settlement
13        Procedures Act as forbidden to be charged to Plaintiff at settlement.

14   (2) Plaintiff stipulated each fee charged with particularity. Plaintiff calculated the precise
15        amount that Plaintiff would have overpaid the note had Plaintiff paid off the note as
16        stipulated by the Truth In Lending Statement provided by Defendant Chase (EXHIBIT
17        2). Plaintiff specifically alleged that said fees were fraudulent. Plaintiff alleged that
18        Defendant Chase failed to provide full disclosure by failing to provide documentation to
19        prove that the fees were authorized by law, that the services allegedly provided were
20        necessary, that the amount charged for each service was necessary, and that Defendant
21        Chase did not take an undisclosed markup on said fees.

22  (3) Plaintiff further alleged that Defendant Chase, acting in concert and collusion with the
23      loan broker, toward the perpetration of a carefully contrived connivance, provided the
24      amounts listed in the HUD 1 Settlement Statement to the loan broker as an undisclosed
25      yield spread premium. Said undisclosed yield spread premium is alleged to be in
26      addition to the one percent loan origination fee, charged to Plaintiff, as allowed by law.
27      Plaintiff alleged that said payment to the broker of undisclosed yield spread premium was
28      a predicate act intended to improperly influence loan broker to misrepresent facts to the
29      Plaintiffs, to give partial disclosure of those facts which would appear favorable to the
30      intent of the loan broker, while failing to give full disclosure of other facts that would not
31      seem favorable to the contract.

32  (4) By the above, Plaintiff stated a claim for which recovery could be had, and therefore,
33      Defendant Chase Motion to Dismiss is frivolous. Plaintiff moves the court to deny
34      Defendant Chase pleading, or, in the alternative, treat Defendant Chase pleading as a
35      request for more definite statement, in which case, Plaintiff will provide a more definite
36      statement as requested.

37  (5) Further, Plaintiff moves the court to order sanctions against Defendant Chase for filing a
38      frivolous pleading and for failing to speak with candor to the court as Defendant Chase is
39      totally inept or acted with deliberate intent to improperly influence the court with false
40      pleadings.

41  **PLAINTIFF MADE CLAIMS WITH SPECIFICITY AND PARTICULARITY**

42  (6) Plaintiffs alleged that the original lender overpaid the loan originator, with fees
43      improperly charged to Plaintiff at closing in order to induce the originator of the loan to
44      breach his fiduciary duty to Plaintiff . By doing this, they committed common law fraud
45      by making false statements to Plaintiff in order to convince Plaintiff that Plaintiff
46      qualified for a more expensive loan product than Plaintiff actually qualified for. Plaintiff
47      is prepared to prove up said claims after discovery, at a trial on the merits.

48  (7) Plaintiff alleged that Defendant Chase made partial disclosure of alleged facts
49      concerning the conditions of the loan which is the basis for the issuance of the security
50      instrument and lien document at issue. Plaintiff is prepared to prove at trial, after
51      complete discovery that Defendant Chase failed to give full disclosure of facts that, if
52      disclosed would have caused Plaintiff to make a different decision than the one made.

53　(8) Plaintiff alleged that the trustee, at closing, executed a carefully contrived connivance
54　intended to apply undue pressure on Plaintiff in an effort to effect lack of full disclosure
55　to Plaintiff and induce Plaintiff to enter into a contract without said full disclosure.
56　Plaintiff is prepared to provide proof, at trial, sufficient to convince a jury.

57　(9) Plaintiff alleges that, at closing, false fees were charged to Plaintiff by lender. Said
58　allegations are reiterated below with specificity. Plaintiff alleged that the original lender
59　sold the security instrument immediately after closing, but failed to transfer the lien
60　document to the purchaser of said security instrument. Plaintiff is prepared to prove,
61　subsequent to discovery, that the lender, while still holding the security instrument,
62　received consideration and, therefore, could not be harmed rendering the lien
63　unenforceable.

64　(10) Plaintiff alleged, and is prepared to prove at trial, that the lender maintained
65　possession of the lien document in order to be able to file an IRS Form 1099a and write
66　the entire amount of the original note off lender's capital gains tax and, thereby, receive
67　consideration a second time.

68　(11) Plaintiff alleged, and is prepared to prove at trial that, the original security
69　instrument, if said instrument still exists, may give the holder a claim against the signator,
70　but have no claim against the property.

71　(12) Plaintiff alleged, and is prepared to prove at trial that Defendant Chase Home
72　Finance LLC , and the attorneys claiming to represent same, have committed fraud by
73　representing to the court that Defendant Chase is a real party in interest in the contract of
74　sale and has standing to take said property from Plaintiff when no such claim exists.

75　(13) Plaintiff has alleged, and is prepared to prove at trial, that Defendant Chase, by
76　claiming standing to express the provisions of the contract of sale and lien, claim to be
77　real parties in interest and, therefore, under the Federal Trade Commission Holder Rule
78　16 CFR 433, are subject to any claim Plaintiff may have against the original lender.

79　***A. LENDER CHARGED FALSE FEES***

80　(14) Lender charged fees to Plaintiff that were in violation of the limitations imposed by
81　the Real Estate Settlement Procedures Act as said fees were simply contrived and not
82　paid to a third party vendor.

83  (15) Lender charged other fees that were a normal part of doing business and should have
84  been included in the finance charge.

85  (16) Below is a listing of the fees charged at settlement as outlined on the HUD1
86  Settlement (EXHIBIT 1).  Neither at settlement, nor at any other time did Lender or
87  Trustee provide documentation to show that the fees herein listed were valid, necessary,
88  reasonable, and proper to charge Petitioner.

| Code | Description | Amount |
|---|---|---|
| 802 | Loan Discount | $6,250.63 |
| 803 | Appraisal Fee | $325.00 |
| 804 | Credit Report | $8.55 |
| 807 | Floor Life of Loan Coverage | $5.00 |
| 808 | Flood Determination Fee | $10.50 |
| 809 | Underwriting Fee | $70.95 |
| 810 | Processing Fee | $575.00 |
| 888 | TSI Appraisal Services | $80.00 |
| 901 | Interest from 1/27/09 to 2/1/09 @ $30.38/day | $151.90 |
| 903 | Mortgage Insurance Premium | $798.25 |
| 1001 | Hazard Insurance | $199.56 |
| 1004 | County Property Taxes | $2,151.94 |
| 1101 | Settlement fee | $265.00 |
| 1102 | Abstract Search | $150.00 |
| 1106 | Notary Fees | $125.00 |
| 1108 | Title Insurance | $466.73 |
| 1112 | EPA Endorsement | $60.00 |
| 1113 | Addt'l Endorsement Fee | $60.00 |
| 1116 | Tax Certification Fee | 18.00 |
| 1201b | Recording Mortgage Fee | $21.00 |
| 1307 | Express Mail/Courier Fees | $45.00 |

89  (17) Debtor is unable to determine whether or not the above fees are valid in accordance
90  with the restrictions provided by the various consumer protection laws.  Therefore it was
91  demanded of Defendant Chase to please provide;

92  a. a complete billing from each vendor who provided the above listed services;

93  b. the complete contact information for each vendor who provided a billed service;

94      c. clearly stipulate as to the specific service performed;

95      d. a showing that said service was necessary;

96      e. a showing that the cost of said service is reasonable;

97      f. a showing of why said service is not a regular cost of doing business that should
98         rightly be included in the finance charge.

99    (18) The above charges have been disputed and deemed unreasonable until such time as
100  said charges have been demonstrated to be reasonable, necessary, and in accordance with
101  the limitations and restrictions included in any and all laws, rules, and regulations
102  intended to protect the consumer.

103  (19) In the event Defendant Chase fails to properly document the above charges, Plaintiff
104  will consider same as false charges. The effect of the above amounts that Plaintiff would
105  pay over the life of the note will be an overpayment of **$68,943.76**. This amount will be
106  reduced by the amount of items above when said items are fully documented.

107  **B. RESPA PENALTIES**

108  (20) From a cursory examination of the few available records, the apparent RESPA
109  violations are as follows:

110      a. Good Faith Estimate not within limits

111      b. No HUD-1 Booklet

112      c. Truth In Lending Statement not within limits compared to Note

113      d. Truth in Lending Statement not timely presented

114      e. HUD-1 not presented at least one day before closing

115      f. No Holder Rule Notice in Note

116      g. No 1st Payment Letter

117         1. No signed and dated :

118         2. Financial Privacy Act Disclosure;

119         3. Equal Credit Reporting Act Disclosure;

120        4. notice of right to receive appraisal report;

121        5. servicing disclosure statement;

122        6. borrower's Certification of Authorization;

123        7. notice of credit score;

124        8. RESPA servicing disclosure letter;

125        9. loan discount fee disclosure;

126        10. business insurance company arrangement disclosure;

127        11. notice of right to rescind.

128  (21) The courts have held that the borrower does not have to show harm to claim a
129  violation of the Real Estate Settlement Procedures Act, as the Act was intended to insure
130  strict compliance. And, in as much as the courts are directed to assess a penalty of no
131  less than two hundred dollars and no more than two thousand, considering the large
132  number enumerated here, it is reasonable to consider that the court will assess the
133  maximum amount for each violation.

134  (22) Since the courts have held that the penalty for a violation of RESPA accrues at
135  consummation of the note, borrower has calculated that the number of violations found in
136  a cursory examination of the note, if deducted from the principal, would result in an
137  overpayment on the part of the borrower, over the life of the note, of **$154,420.17**.

138  (23) If the violation penalty amounts for each of the unsupported fees listed above are
139  included, the amount by which the borrower would be defrauded is **$134,739.59**

140  (24) Adding in RESPA penalties for all the unsupported settlement fees along with the
141  TILA/Note variance, it appears that lender intended to defraud borrower in the amount of
142  **$358,119.97**

143  **ONGOING CRIMINAL CONSPIRACY**

144  (25) Defendant Chase complains that the document is similar to other documents alleging
145  wrongdoing by banks and lending institutions. This begs a question, does the
146  wrongdoing of Defendant Chase become somehow <u>less wrong</u> simply because they do it

to everyone? Simply because the lenders are accused by numerous plaintiffs of acting in concert and collusion, one with the other, of the perpetration of predicate acts toward the furtherance of an ongoing criminal enterprise intended to strip the people of this country of the equity in their property, and thereby, deprive them of their homes, is hardly a valid objection. It seems Defendant Chase, by complaining that others have accused them of the same sorts of fraud should somehow render the claims made here less valid. This also simply demonstrates the extent of their acts of theft and fraud. Plaintiff suggests, instead of attacking the messenger, the court may consider convening a court of inquiry to examine the fraudulent practices of the Defendant Cjase and encourage the federal government to pick up the mantel and prosecute the criminal wrongdoing of the banks and lending institutions.

**MORE DEFINITE STATEMENT**

(26) Plaintiff is willing and able to prepare a more definite statement for the court. Subsequent to the filing of the original complaint, Plaintiff had made inquiry and found evidence of knowing and deliberate criminal acts by lenders intended to defraud Plaintiff of Plaintiff's property and is prepared to file a more definite statement with the court.

**CONCLUSION**

(27) Plaintiff maintains that Defendant Chase Motion of Dismissal is frivolous and that counsel, in making said claim, has failed to speak with candor with the court. Plaintiff moves the court for sanctions against counsel, which is included as a separate motion, and to deny counsel's Motion to Dismiss.

**Respectfully Submitted,**

*Michael B Sparlin* (signature)
**Michael B Sparlin**
9151 E Showcase Lane
Tucson, AZ 85749

*Sharon J Sparlin* (signature)
**Sharon J Sparlin**
9151 E Showcase Lane
Tucson, AZ 85749