181
182

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

**Michael B & Sharon J Sparlin**
Plaintiff,

vs.

**BAC Home Loans Servicing, Inc.** and
**Chase Home Finance,** et al.
Defendants,

Case # **CV-10-503-TUC-FRZ**
**CV-10-503-TUC-FRZ**
**CV-10-503-TUC-FRZ**
**CONSOLIDATED**

**PLAINTIFFS MOTION FOR
RULE 11 SANCTIONS**

**(Hon. Frank R. Zapata)**

**Date:  September 17, 2010**

183

184

PLAINTIFF'S MEMORANDUM IN

185

SUPPORT OF MOTION FOR RULE 11 SANCTIONS

186    Plaintiff asks the court to impose sanctions against Douglas C Erickson, counsel for

187    Defendant Chase Home Finance LLC, for filing Defendant Chase answer in violation of Federal

188    Rule of Civil Procedure 11(b).

189                                        A.  Introduction

190    1. Plaintiff is Michael B and Sharon J Sparlin and Defendant is Chase Home Finance LLC.

191    2.Plaintiff sued Defendant Chase for numerous violations including but not limited to

192    violations of the Truth In Lending Act, The Real Estate Settlement Procedures Act, The

193    Home Equity Protection Act, Fraud, Common law Fraud, Breach of Fiduciary duties, et al.

194    3.   On September 10, 2010 counsel for Defendant Chase filed Defendant Chase answer.

195                                        B.  Argument

RESPONSE TO RULE 12 MOTION  &  MOTIONS FOR SANCTIONS

196    5.   The court may impose sanctions on a party, an attorney, or a law firm, for presenting a
197    pleading, written motion, or other paper for an improper purpose, such as to harass or cause
198    unnecessary delay or expense.  **Fed. R. Civ. P. 11(b)(1), (c)(1).**  Also, the court may impose
199    sanctions on a party, an attorney, or a law firm, for presenting a pleading, written motion, or
200    other paper that includes any of the following:   (1) claims, defenses,  or contentions not
201    warranted by existing law or by a good-faith argument for extending, modifying, or reversing
202    existing law or for establishing new law; (2) allegations that do not have, or are unlikely to have
203    after a reasonable investigation, evidentiary support; or (3) denials unwarranted by the evidence.
204    **Fed. R. Civ. P. 11(b)(2)-(4), (c)(1).**

205    6.   Counsel for Defendant Chase filing of "Defendants Answer" violated Rule 11 because
206    counsel for Defendant Chase filed the document for an improper purpose, such as to harass,
207    cause an unnecessary delay, or needlessly increase the cost of litigation.  **Fed. R. Civ. P.**
208    **11(b)(1);** _Mercury Air Group, Inc. v. Mansour_, 237 F.3d, 542, 548 (5th Cir. 2001).  Specifically,
209    the answer or affirmative defenses make bold allegations that claims are stated improperly,
210    claims are time barred due to limitation on statutory procedure, and that the court lacks
211    jurisdiction over the Defendant Chase.  However, the Defendant Chase failed to offer any further
212    information as to HOW Mr. Erickson's defenses are justified, or how Plaintiff specifically failed
213    to meet Federal Rules of Civil Procedure. This is seemingly a waste of time, and intentionally
214    done to cause unnecessary delay, and cost to the Plaintiff.

215    7.   Before imposing sanctions, the court should determine whether the party or the attorney
216    made a reasonable inquiry into the facts or the law before signing and presenting the document.
217    _See_ Fed. R. Civ. P. 11(b); _Townsend v. Holman Consulting Corp._, 929 F.2d 1358, 1364-65 (9th
218    Cir. 1990).  The court should impose sanctions against counsel for Defendant  Chase because he
219    did not make a reasonable inquiry into the facts or law before filing the answer.  He offered no
220    court cases, information, rules or procedures as to how, why, or what specifically failed to meet
221    the criteria he uses as a defense.

222    8.   The court should impose the following sanctions:  Monetary Sanctions, and Striking Of
223    Pleadings of the Defendant Chase. The requested sanctions are sufficient to deter repetition of
224    the sanctionable conduct.  Fed. R. Civ. P. 11(c)(4); _Fries v. Helsper_, 146 F.3d 452, 458-59 (7th
225    Cir. 1998).  Plaintiffs suit makes very strong claims and allegations, which can be proved
226    through discovery, and demands that his complaint be taken seriously. Counsel for Defendant

RESPONSE TO RULE 12 MOTION  &  MOTIONS FOR SANCTIONS                                    9 of 14

227    Chase failed to address the suit with specificity, and by the court allowing sanctions in this case,

228    the counsel will take the case with serious intention.

229                                    C.  Conclusion

230        9.    Defendant Chase answer failed to address with specificity, as to why the defenses

231    counsel for Defendant Chase used, were valid. They are wasting the time of the Plaintiff and the

232    Court, and are shadowing the seriousness of the case at hand. For these reasons, Plaintiff asks the

233    court to impose sanctions of a monetary amount to be determined by the court, and a Striking of

234    Defendant Chase answer in its entirety.

235

236    **Respectfully Submitted,**
237
238
239
240
241    _Michael B Sparlin_
242    **Michael B Sparlin**            **Sharon J Sparlin**
243
244
245
246
247
248
249
250
251
252
253
254
255
256
257
258
259
260
261

262 **VERIFICATION**

263

264

265   We, Michael B Sparlin and Sharon J Sparlin, do swear and affirm that all statements made herein

266   are true and accurate, in all respects, to the best of our knowledge.

267   Michael B & Sharon J Sparlin

268   9151 E Showcase Lane

269   Tucson, AZ  85749

270

271

272   _Michael B. Sparlin_                                      _Sharon Sparlin_

273   **Michael B Sparlin**                                   **Sharon J  Sparlin**

274

275   SWORN   TO   AND   SUBSCRIBED   BEFORE   ME,   _Rachael M Teague_  by

276   __MICHAEL B and SHARON J SPARLIN___, on the __17th__ day of ___September_____,

277   2010, which witnesses my hand and seal of office.

278

279   OFFICIAL SEAL
      RACHAEL M. TEAGUE
      NOTARY PUBLIC - State of Arizona
      PIMA COUNTY
      My Comm. Expires Sept. 30, 2010

280

281   _Rachael M Teague_

282   **NOTARY PUBLIC IN AND FOR**

283   **THE STATE OF ARIZONA**

284

285

286

287

288

289

290

291

292

293

294

295

296

297

298

299

300  **CERTIFICATE OF SERVICE**

301  We, Michael B Sparlin and Sharon J Sparlin, do swear and affirm that we have served a signed
302  copy of this Response to Rule 12 Motion & Motion For Sanctions to Defendants by way of
303  U.S.P.S. certified mail, return receipt requested, on this 17th day of September, 2010.

304

305  Douglas C Erickson
306  Jennifer A. Sparks (Reiter)
307  Maynard Cronin Erickson Curran & Sparks, P.L.C.
308  3200 North Central Avenue, Ste 1800
309  Phoenix, Arizona 85012
310      Attorney for Defendant Chase Home Finance LLC
311  Tracking #70100780000056426705

312

313  Coree E Neumeyer
314  Bryan Cave LLP
315  Two North Central Avenue, Ste 2200
316  Phoenix, Arizona 85004-4406
317      Attorney for Defendant BAC Home Loans Servicing, L.P.
318  Tracking #70100780000056426712

319

320
321
322
323  **Michael B Sparlin**                          **Sharon J Sparlin**
324  9151 E Showcase Lane                           9151 E Showcase Lane
325  Tucson, AZ 85749                               Tucson, AZ 85749
326
327

328  The persons above, who proved to me on the basis of satisfactory evidence to be the persons

329  whose names are subscribed to this document and acknowledged to me that they executed the

330  same in their authorized capacity and that by their signatures on this instrument who are the

331  persons who executed this instrument.

332  I certify under PENALTY OF PERJURY under the laws of this State that the foregoing

333  paragraph is true and correct.

334

335  Witness my hand and official seal.

OFFICIAL SEAL
RACHAEL M. TEAGUE
NOTARY PUBLIC - State of Arizona
PIMA COUNTY
My Comm. Expires Sept. 30, 2010

336

337

338      **NOTARY PUBLIC IN AND FOR**

339      **THE STATE OF ARIZONA**