1   Michael B & Sharon J  Sparlin
2   9151 E Showcase Lane
3   Tucson  AZ  85749



4

5               UNITED STATES DISTRICT COURT
6                   DISTRICT OF ARIZONA

**Michael B & Sharon J Sparlin**
Plaintiff,

vs.

**BAC Home Loans Servicing, Inc.** and
**Chase Home Finance,** et al.
Defendants,

Case #  **CV-10-503-TUC-FRZ**
            **CV-10-503-TUC-FRZ**
            **CV-10-503-TUC-FRZ**
            **CONSOLIDATED**

**PLAINTIFFS RESPONSE TO
RULE 12 MOTION**

(Hon. Frank R. Zapata)

Date:  September 22, 2010

7

8   (1) The Plaintiff, in Original Petition, plead that Defendant BAC Home Loans Servicing, Inc.
9        ("BAC") charged false fees as stipulated to Plaintiff as listed on the HUD 1 Settlement
10       Statement, included as EXHIBIT 1 and EXHIBIT 2.  Plaintiff specifically plead that
11       Defendant BAC, at the time of settlement of the contract, Defendant BAC failed to
12       provide documentation to establish that said fees were not included in those fees
13       expressly addressed by the Real Estate Settlement Procedures Act as forbidden to be
14       charged to Plaintiff at settlement.

15   (2)  Plaintiff stipulated each fee charged with particularity.  Plaintiff calculated the precise
16        amount that Plaintiff would have overpaid the notes had Plaintiff paid off the notes as
17        stipulated by the Truth In Lending Statements provided by Defendant BAC. (EXHIBIT 3
18        and EXHIIBT 4). Plaintiff specifically alleged that said fees were fraudulent.  Plaintiff
19        alleged that Defendant BAC failed to provide full disclosure by failing to provide
20        documentation to prove that the fees were authorized by law, that the services allegedly
21        provided were necessary, that the amount charged for each service was necessary, and
22        that Defendant BAC did not take an undisclosed markup on said fees.

23    (3)  Plaintiff further alleged that Defendant BAC, acting in concert and collusion with the

24         loan broker, toward the perpetration of a carefully contrived connivance, provided the

25         amounts listed in the HUD 1 Settlement Statement to the loan broker as an undisclosed

26         yield spread premium.  Said undisclosed yield spread premium is alleged to be in

27         addition to the one percent loan origination fee, charged to Plaintiff, as allowed by law.

28         Plaintiff alleged that said payment to the broker of undisclosed yield spread premium was

29         a predicate act intended to improperly influence loan broker to misrepresent facts to the

30         Plaintiffs, to give partial disclosure of those facts which would appear favorable to the

31         intent of the loan broker, while failing to give full disclosure of other facts that would not

32         seem favorable to the contract.

33    (4)  By the above, Plaintiff stated a claim for which recovery could be had, and therefore,

34         Defendant BAC Motion to Dismiss is frivolous. Plaintiff moves the court to deny

35         Defendant BAC pleading, or, in the alternative, treat Defendant BAC pleading as a

36         request for more definite statement, in which case, Plaintiff will provide a more definite

37         statement as requested.

38    (5)  Further, Plaintiff moves the court to order sanctions against Defendant BAC for filing a

39         frivolous pleading and for failing to speak with candor to the court as Defendant BAC is

40         totally inept or acted with deliberate intent to improperly influence the court with false

41         pleadings.

42    **PLAINTIFF MADE CLAIMS WITH SPECIFICITY AND PARTICULARITY**

43    (6)  Plaintiffs alleged that the original lender overpaid the loan originator, with fees

44         improperly charged to Plaintiff at closing in order to induce the originator of the loan to

45         breach his fiduciary duty to Plaintiff . By doing this, they committed common law fraud

46         by making false statements to Plaintiff in order to convince Plaintiff that Plaintiff

47         qualified for a more expensive loan product than Plaintiff actually qualified for.  Plaintiff

48         is prepared to prove up said claims after discovery, at a trial on the merits.

49    (7)  Plaintiff alleged that Defendant BAC made partial disclosure of alleged facts

50         concerning the conditions of the loan which is the basis for the issuance of the security

51         instrument and lien document at issue.  Plaintiff is prepared to prove at trial, after

52         complete discovery that Defendant BAC failed to give full disclosure of facts that, if

53         disclosed would have caused Plaintiff to make a different decision than the one made.

54   (8) Plaintiff alleged that the trustee, at closing, executed a carefully contrived connivance
55   intended to apply undue pressure on Plaintiff in an effort to effect lack of full disclosure
56   to Plaintiff and induce Plaintiff to enter into a contract without said full disclosure.
57   Plaintiff is prepared to provide proof, at trial, sufficient to convince a jury.

58   (9) Plaintiff alleges that, at closing, false fees were charged to Plaintiff by lender.  Said
59   allegations are reiterated below with specificity.  Plaintiff alleged that the original lender
60   sold the security instrument immediately after closing, but failed to transfer the lien
61   document to the purBACr of said security instrument.  Plaintiff is prepared to prove,
62   subsequent to discovery, that the lender, while still holding the security instrument,
63   received consideration and, therefore, could not be harmed rendering the lien
64   unenforceable.

65   (10) Plaintiff alleged, and is prepared to prove at trial, that the lender maintained
66   possession of the lien document in order to be able to file an IRS Form 1099a and write
67   the entire amount of the original note off lender's capital gains tax and, thereby, receive
68   consideration a second time.

69   (11) Plaintiff alleged, and is prepared to prove at trial that, the original security
70   instrument, if said instrument still exists, may give the holder a claim against the signator,
71   but have no claim against the property.

72   (12) Plaintiff alleged, and is prepared to prove at trial that Defendant BAC Home Finance
73   LLC , and the attorneys claiming to represent same, have committed fraud by
74   representing to the court that Defendant BAC is a real party in interest in the contract of
75   sale and has standing to take said property from Plaintiff when no such claim exists.

76   (13) Plaintiff has alleged, and is prepared to prove at trial, that Defendant BAC, by
77   claiming standing to express the provisions of the contract of sale and lien, claim to be
78   real parties in interest and, therefore, under the Federal Trade Commission Holder Rule
79   16 CFR 433, are subject to any claim Plaintiff may have against the original lender.

80   ## A.  *LENDER CHARGED FALSE FEES*

81   (14) Lender charged fees to Plaintiff that were in violation of the limitations imposed by
82   the Real Estate Settlement Procedures Act as said fees were simply contrived and not
83   paid to a third party vendor.

84    (15) Lender charged other fees that were a normal part of doing business and should have
85         been included in the finance charge.

86    (16) Below is a listing of the fees charged at settlement as outlined on the HUD1
87         Settlements (EXHIBIT 1 and EXHIBIT 2).  Neither at settlement, nor at any other time
88         did Lender or Trustee provide documentation to show that the fees herein listed were
89         valid, necessary, reasonable, and proper to charge Petitioner.

90    Listing of fees charged on our property located at 7922 S Clarkson Court (EXHIBIT 1)

| | | |
|---|---|---|
| 801 | Loan Orientation Fee | $1,777.00 |
| 801 | Loan Discount Fee | $1,777.00 |
| 803 | Appraisal Fee | $300.00 |
| 804 | Credit Report | $12.00 |
| 808 | Tax Service Fee | $73.00 |
| 809 | Doc Prep Fee | $325.00 |
| 810 | Underwriting Fee | $325.00 |
| 812 | Flood Determination Fee | $7.00 |
| 813 | Life of Loan Flood Cert | $5.00 |
| 901 | Interest from 1/8/07 to 2/1/07 @ $36.5137/day | $876.33 |
| 903 | Hazard Insurance Premium | $99.36 |
| 1001 | Hazard Insurance | $199.56 |
| 1004 | County Property Taxes | $16.67 |
| 1101 | Settlement fee | $329.00 |
| 1109 | Lender's Coverage | $533.00 |
| 1111 | Recording Service Charge | $48.00 |
| 1114 | Title Endorsement | $50.00 |
| 1115 | Wire Fee | $20.00 |
| 1116 | eDocFee | $25.00 |
| 1117 | Courier Fee | $22.50 |
| 1304 | Final Inspection Fee | $50.00 |
| 1305 | Transfer Fee | $75.00 |
| 1306 | Capital Reserves | $75.00 |
| 1308 | Working Capital | $75.00 |
| 1309 | Bal of 1st ¼ HOA Dues | $70.56 |

91        Listing of fees charged on our property located at 491 S Douglas Wash Rd (EXHIBIT 2)

| | | |
|---|---|---|
| 801 | Loan Orientation Fee | $1,755.00 |
| 801 | Loan Discount Fee | $1,755.00 |
| 808 | Application Fee | $315.00 |
| 809 | Tax Service Fee | $73.00 |
| 810 | Underwriting Fee | $325.00 |
| 812 | Doc Prep Fee | $325.00 |
| 813 | Verification Fee | $25.00 |
| 814 | Flood Determination Fee | $7.00 |
| 815 | Life of Loan Flood Cert | $5.00 |
| 901 | Interest from 1/30/07 to 2/1/07 @ $36.0618/day | $72.12 |
| 903 | Hazard Insurance Premium | $486.72 |
| 1001 | Hazard Insurance | $121.68 |
| 1004 | County Property Taxes | $16.67 |
| 1101 | Settlement fee | $251.75 |
| 1109 | Lender's Coverage | $373.10 |
| 1111 | Recording Service Charge | $25.00 |
| 1112 | Endorsement Fee | $50.00 |
| 1114 | Shipping/Handling | $22.50 |
| 1115 | Wire Fee | $20.00 |
| 1116 | eDoc Fee | $25.00 |
| 1304 | Transfer Fee | $75.00 |
| 1309 | Bal of 1st ¼ HOA Dues | $41.54 |

92     (17) Debtor is unable to determine whether or not the above fees are valid in accordance
93     with the restrictions provided by the various consumer protection laws.  Therefore it was
94     demanded of Defendant BAC to please provide;

95          a.  a complete billing from each vendor who provided the above listed services;

96          b.  the complete contact information for eah vendor who provided a billed service;

97          c.  clearly stipulate as to the specific service performed;

98          d.  a showing that said service was necessary;

99      e.   a showing that the cost of said service is reasonable;

100      f.   a showing of why said service is not a regular cost of doing business that should

101          rightly be included in the finance charge.

102 (18) The above charges have been disputed and deemed unreasonable until such time as

103 said charges have been demonstrated to be reasonable, necessary, and in accordance with

104 the limitations and restrictions included in any and all laws, rules, and regulations

105 intended to protect the consumer.

106 (19) In the event Defendant BAC fails to properly document the above charges, Plaintiff

107 will consider same as false charges.  The effect of the above amounts that Plaintiff would

108 pay over the life of the notes will be an overpayment of **$347,807.76**. This amount will be

109 reduced by the amount of items above when said items are fully documented.

110 ### B. RESPA PENALTIES

111 (20) From a cursory examination of the few available records, the apparent RESPA

112 violations are as follows:

113      a.   Good  Faith Estimate not within limits

114      b.   No HUD-1 Booklet

115      c.   Truth In Lending Statement not within limits compared to Note

116      d.   Truth in Lending Statement not timely presented

117      e.   HUD-1 not presented at least one day before closing

118      f.   No Holder Rule Notice in Note

119      g.   No 1st Payment Letter

120          1.   No signed and dated :

121          2.   Financial Privacy Act Disclosure;

122          3.   Equal Credit Reporting Act Disclosure;

123          4.   notice of right to receive appraisal report;

124            5.  servicing disclosure statement;

125            6.  borrower's Certification of Authorization;

126            7.  notice of credit score;

127            8.  RESPA servicing disclosure letter;

128            9.  loan discount fee disclosure;

129            10. business insurance company arrangement disclosure;

130            11. notice of right to rescind.

131    (21) The courts have held that the borrower does not have to show harm to claim a

132    violation of the Real Estate Settlement Procedures Act, as the Act was intended to insure

133    strict compliance.  And, in as much as the courts are directed to assess a penalty of no

134    less than two hundred dollars and no more than two thousand, considering the large

135    number enumerated here, it is reasonable to consider that the court will assess the

136    maximum amount for each violation.

137    (22) Since the courts have held that the penalty for a violation of RESPA accrues at

138    consummation of the note, borrower has calculated that the number of violations found in

139    a cursory examination of the note, if deducted from the principal, would result in an

140    overpayment on the part of the borrower, over the life of the note, of **$615,619.56**.

141    (23) If the violation penalty amounts for each of the unsupported fees listed above are

142    included, the amount by which the borrower would be defrauded is **$544,214.92**

143    (24) Adding in RESPA penalties for all the unsupported settlement fees along with the

144    TILA/Note variance, it appears that lender intended to defraud borrower in the amount of

145    **$1,849,093.62.**

146    **ONGOING CRIMINAL CONSPIRACY**

147    (25) Defendant BAC complains that the document is similar to other documents alleging

148    wrongdoing by banks and lending institutions.  This begs a question, does the

149    wrongdoing of Defendant BAC become somehow <u>less wrong</u> simply because they do it

150    to everyone?  Simply because the lenders are accused by numerous plaintiffs of acting in

151    concert and collusion, one with the other, of the perpetration of predicate acts toward the

152     furtherance of an ongoing criminal enterprise intended to strip the people of this country

153     of the equity in their property, and thereby, deprive them of their homes, is hardly a valid

154     objection.  It seems Defendant BAC, by complaining that others have accused them of

155     the same sorts of fraud should somehow render the claims made here less valid. This also

156     simply demonstrates the extent of their acts of theft and fraud.  Plaintiff suggests, instead

157     of attacking the messenger, the court may consider convening a court of inquiry to

158     examine the fraudulent practices of the Defendant Cjase and encourage the federal

159     government to pick up the mantel and prosecute the criminal wrongdoing of the banks

160     and lending institutions.

161  **MORE DEFINITE STATEMENT**

162     (26) Plaintiff is willing and able to prepare a more definite statement for the court.

163     Subsequent to the filing of the original complaint, Plaintiff had made inquiry and found

164     evidence of knowing and deliberate criminal acts by lenders intended to defraud Plaintiff

165     of Plaintiff's property and is prepared to file a more definite statement with the court.

166  **CONCLUSION**

167     (27) Plaintiff maintains that Defendant BAC Motion of Dismissal is frivolous and that

168     counsel, in making said claim, has failed to speak with candor with the court.  Plaintiff

169     moves the court for sanctions against counsel, which is included as a separate motion,

170     and to deny counsel's Motion to Dismiss.

171

172
173
174  **Respectfully Submitted,**
175
176
177  **Michael B Sparlin**                                     **Sharon J  Sparlin**
178  9151 E Showcase Lane                                 9151 E Showcase Lane
179  Tucson, AZ 85749                                         Tucson, AZ  85749
180
181
182
183
184
185
186
187

188 ## CERTIFICATE OF SERVICE

189   I, Sharon J Sparlin, do swear and affirm that I have served a signed copy of this Response to
190   Rule 12 Motion & Motion For Sanctions to Defendants by way of U.S.P.S. regular mail, on this
191   22nd day of September, 2010.

192

193   Douglas C Erickson
194   Jennifer A. Sparks (Reiter)
195   Maynard Cronin Erickson Curran & Sparks, P.L.C.
196   3200 North Central Avenue, Ste 1800
197   Phoenix, Arizona 85012
198       Attorney for Defendant Chase Home Finance LLC

199

200   Coree E Neumeyer
201   Bryan Cave LLP
202   Two North Central Avenue, Ste 2200
203   Phoenix, Arizona 85004-4406
204       Attorney for Defendant BAC Home Loans Servicing, L.P.

205

206
207
208
209   **Sharon J Sparlin**
210   9151 E Showcase Lane
211   Tucson, AZ 85749