1  Michael B & Sharon J Sparlin
2  9151 E Showcase Lane
3  Tucson AZ  85749



5  UNITED STATES DISTRICT COURT
6  DISTRICT OF ARIZONA

**Michael B & Sharon J Sparlin**
Plaintiff,

vs.

**BAC Home Loans Servicing, Inc.** and
**BAC Home Finance,** et al.
Defendants,

Case #  **CV-10-503-TUC-FRZ**
**CV-10-503-TUC-FRZ**
**CV-10-503-TUC-FRZ**
<u>**CONSOLIDATED**</u>

PLAINTIFFS MOTION FOR
RULE 11 SANCTIONS

(Hon. Frank R. Zapata)

Date:  September 22, 2010

8  PLAINTIFF'S MEMORANDUM IN
9  <u>SUPPORT OF MOTION FOR RULE 11 SANCTIONS</u>

10  Plaintiff asks the court to impose sanctions against Coree E Neumeyer, counsel for
11  Defendant BAC Home Loans Servicing, Inc. ("BAC"), for filing Defendant BAC answer in
12  violation of Federal Rule of Civil Procedure 11(b).

13                              <u>A.  Introduction</u>

14  1. Plaintiff is Michael B and Sharon J Sparlin and Defendant is BAC.

15  2. Plaintiff sued Defendant BAC for numerous violations including but not limited to
16  violations of the Truth In Lending Act, The Real Estate Settlement Procedures Act, The
17  Home Equity Protection Act, Fraud, Common law Fraud, Breach of Fiduciary duties, et al.

18  3.  On September 13, 2010 counsel for Defendant BAC filed Defendant BAC answer.

19                                       B. Argument

20      5.  The court may impose sanctions on a party, an attorney, or a law firm, for presenting a
21  pleading, written motion, or other paper for an improper purpose, such as to harass or cause
22  unnecessary delay or expense. **Fed. R. Civ. P. 11(b)(1), (c)(1).** Also, the court may impose
23  sanctions on a party, an attorney, or a law firm, for presenting a pleading, written motion, or
24  other paper that includes any of the following: (1) claims, defenses, or contentions not
25  warranted by existing law or by a good-faith argument for extending, modifying, or reversing
26  existing law or for establishing new law; (2) allegations that do not have, or are unlikely to have
27  after a reasonable investigation, evidentiary support; or (3) denials unwarranted by the evidence.
28  **Fed. R. Civ. P. 11(b)(2)-(4), (c)(1).**

29      6.  Counsel for Defendant BAC filing of "Defendants Answer" violated Rule 11 because
30  counsel for Defendant BAC filed the document for an improper purpose, such as to harass, cause
31  an unnecessary delay, or needlessly increase the cost of litigation. **Fed. R. Civ. P. 11(b)(1);**
32  *Mercury Air Group, Inc. v. Mansour*, 237 F.3d, 542, 548 (5th Cir. 2001). Specifically, the
33  answer or affirmative defenses make bold allegations that claims are stated improperly, claims
34  are time barred due to limitation on statutory procedure, and that the court lacks jurisdiction over
35  the Defendant BAC. However, the Defendant BAC failed to offer any further information as to
36  HOW Mr Neumeyer's defenses are justified, or how Plaintiff specifically failed to meet Federal
37  Rules of Civil Procedure. This is seemingly a waste of time, and intentionally done to cause
38  unnecessary delay, and cost to the Plaintiff.

39      7.  Before imposing sanctions, the court should determine whether the party or the attorney
40  made a reasonable inquiry into the facts or the law before signing and presenting the document.
41  *See* Fed. R. Civ. P. 11(b); *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1364-65 (9th
42  Cir. 1990). The court should impose sanctions against counsel for Defendant BAC because he
43  did not make a reasonable inquiry into the facts or law before filing the answer. He offered no
44  court cases, information, rules or procedures as to how, why, or what specifically failed to meet
45  the criteria he uses as a defense.

46      8.  The court should impose the following sanctions: Monetary Sanctions, and Striking Of
47  Pleadings of the Defendant BAC. The requested sanctions are sufficient to deter repetition of the
48  sanctionable conduct. Fed. R. Civ. P. 11(c)(4); *Fries v. Helsper*, 146 F.3d 452, 458-59 (7th Cir.
49  1998). Plaintiffs suit makes very strong claims and allegations, which can be proved through

discovery, and demands that his complaint be taken seriously. Counsel for Defendant BAC failed to address the suit with specificity, and by the court allowing sanctions in this case, the counsel will take the case with serious intention.

## C. Conclusion

9. Defendant BAC answer failed to address with specificity, as to why the defenses counsel for Defendant BAC used, were valid. They are wasting the time of the Plaintiff and the Court, and are shadowing the seriousness of the case at hand. For these reasons, Plaintiff asks the court to impose sanctions of a monetary amount to be determined by the court, and a Striking of Defendant BAC answer in its entirety.

**Respectfully Submitted,**

Michael B Sparlin          Sharon J Sparlin

## CERTIFICATE OF SERVICE

I, Sharon J Sparlin, do swear and affirm that I have served a signed copy of this Motion For Sanctions to Defendants by way of U.S.P.S. regular mail on this 22nd day of September, 2010.

Douglas C Erickson
Jennifer A. Sparks (Reiter)
Maynard Cronin Erickson Curran & Sparks, P.L.C.
3200 North Central Avenue, Ste 1800
Phoenix, Arizona 85012
   Attorney for Defendant Chase Home Finance LLC

Coree E Neumeyer
Bryan Cave LLP
Two North Central Avenue, Ste 2200
Phoenix, Arizona 85004-4406
   Attorney for Defendant BAC Home Loans Servicing, L.P.

*[signature]*
Sharon J Sparlin
9151 E Showcase Lane
Tucson, AZ 85749