Douglas C. Erickson, 012130
derickson@mmcec.com
Jennifer A. Sparks, No. 017502
jsparks@mmcec.com
**MAYNARD CRONIN ERICKSON CURRAN & SPARKS, P.L.C.**
3200 North Central Avenue, Ste. 1800
Phoenix, Arizona 85012
(602) 279-8500

Attorneys for Chase Home Finance LLC

### UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael B. & Sharon J. Sparlin,<br><br>          Plaintiffs,<br><br>v.<br><br>Chase Home Finance LLC,<br><br>          Defendant. | No. CV10-508-TUC-FRZ<br><br>**MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT** |

Defendant Chase Home Finance LLC ("CHF") respectfully moves this Court, pursuant to Rules 8, 9, 10, and 12, Federal Rules of Civil Procedure, to dismiss the Complaint in its entirety, or alternatively, to order Plaintiffs to refile their Complaint using separately numbered paragraphs, each containing allegations *of fact* that are simple, concise and direct, and limited as far as practicable to a single set of circumstances, so as to allow Defendant to formulate an answer or response.

### **MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs' Complaint is hardly unique. In fact, it appears to be a copy of one of many documents that have no relation to Plaintiffs' loan or property, which can readily be obtained on the Internet–this one, among other places, at http://www.scribd.com/doc/36849128/Basis-for-Complaint. Plaintiffs filed a nearly identical complaint relating to another property. *See* CIV10-507-TUC-FRZ.

Although verbose, to the extent any cognizable theory can be discerned, the Complaint appears to be based on the premise that some one has committed fraud and the mistaken belief that the trustee cannot proceed with a sale of Plaintiffs' property without demonstrating that it is a genuine "creditor" holding the note and deed of trust. To the extent these are the claims, or the bases for the claims, the Complaint should be dismissed. To the extent some other claim might be palpable through the meandering text, Plaintiffs should be required to restate it in conformity with Rules 8, 9, 10, and 12.

## I. The Motion to Dismiss Standard

As a threshold matter, it is difficult to discern *any* claim against CHF and the Complaint should be dismissed purely on Rule 12(b)(6) grounds. Assuming every fact stated in the Complaint to be true for purposes of this Motion to Dismiss, Plaintiffs fail to state a claim upon which relief may be granted. The pertinent rule provides:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
> (1) lack of subject-matter jurisdiction;
> (2) lack of personal jurisdiction;
> (3) improper venue;
> (4) insufficient process;
> (5) insufficient service of process;
> (6) failure to state a claim upon which relief can be granted; and
> (7) failure to join a party under Rule 19.

Rule 12(b), Federal Rules of Civil Procedure.

Speaking to both Rule 8 and Rule 12, the U.S. Supreme Court recently clarified the standard required of a complaint to survive a motion to dismiss.

> ***Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."*** As the Court held in *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). A pleading

> that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*., at 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*., at 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929. ***A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.*** *Id*., at 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*., at 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (brackets omitted).
>
> * * *
>
> Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50, ____ U.S. ____ (2009)(emphasis added).

The Court further reiterated: "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*, at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation' (internal quotation marks omitted))." *Id*.

> All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *See id*. ***The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.*** *See Mullis v. United States Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987). ***Nor is the court required to accept as true***

- 3 -

> *allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.*

*Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)(emphasis added). With these standards in mind, the Complaint should be dismissed.

## II. The Complaint Violates Basic Pleading Rules.

The Complaint plainly violates Rule 8, Federal Rules of Civil Procedure. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "[e]ach allegation must be simple, concise, and direct." Rules 8(a)(2) and 8(d), Federal Rules of Civil Procedure. A complaint should not include redundant, immaterial, impertinent or scandalous allegations, which are subject to being stricken by the Court. Rule 12(f), Federal Rules of Civil Procedure. The plaintiff must state his claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Rule 10(b), Federal Rules of Civil Procedure. This Complaint can (and should) be dismissed or stricken for its plain violation of these basic rules. *See*, *e.g.*, *McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996).

## III. Fraud

The Complaint purports to assert claims for unspecified fraud. However, the Complaint does not allege specific misrepresentations, specific speakers, specific intent or otherwise meet the minimum pleading requirements for fraud. *See* Rule 9(b), Federal Rules of Civil Procedure. A claim for fraud, in Arizona, requires the following nine elements:

> (1) A representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it be acted upon by the [hearer] and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) the right to rely thereon; and (9) his consequent and proximate injury.

*Nielson v. Flashberg*, 101 Ariz. 335, 338, 419 P.2d 514, 517 (1966). A plaintiff "must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distrib. Co. v. ServWell Furniture Co.*, 806 F.2d

- 4 -

1393, 1401 (9th Cir. 1986).  *See also Lancaster Community Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991) (averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged); *A.G. Edwards & Sons, Inc. v. Smith*, 736 F. Supp. 1030, 1033 (D. Ariz. 1989) ("Mere conclusory allegations of fraud will not suffice; the complaint must contain statements of the time, place, and nature of the alleged fraudulent activities.").  Because the Complaint is defective in all these respects, any fraud claim and fraud-based claim should be dismissed.

## IV. Show Me the Note

Plaintiffs repeatedly assert a legal conclusion to the effect that the lender "has no legal standing" to foreclose, is not a real party in interest, etc.  *See*, *e.g.*, Complaint, p. 6:155-57, 8:209-23.  To the extent Plaintiffs are asserting a "show me the note" claim, such theories have been repeatedly rejected by courts in Arizona.

> Counts One, Two and Three all revolve around Plaintiff's allegation that because Defendants have not produced the original note securing the mortgage, they have no valid ownership interest and therefore may not foreclose on the property. Dkt. # 15, PP 21-34. This argument misapprehends the law. The UCC pertaining to negotiable instruments, as codified in Arizona at title 47, chapter 3, provides that "'persons entitled to enforce' an instrument [include] the holder of the instrument, a nonholder in possession of the instrument who has the rights of a holder or a person not in possession of the instrument who is entitled to enforce the instrument pursuant to §47-3309." A.R.S. § 47-3301.
>
> Although no reported cases address the applicability of A.R.S. § 47-3301 in a factually analogous situation, ***courts have routinely held that Plaintiff's "show me the note" argument lacks merit***. *See Ernestberg v. Mortgage Investors Group*, No. 2:08-cv-01304-RCJ-RJJ, 2009 U.S. Dist. LEXIS 4560, 2009 WL 160241, at *5 (D. Nev. Jan. 22, 2009); *Putkkuri v. Recontrust Co.*, No. 08cv1919 WQH (AJB), 2009 U.S. Dist. LEXIS 32, 2009 WL 32567, at *2 (S.D. Cal. Jan. 5, 2009); *San Diego Home Solutions, Inc. v. Reconstrust Co.*, No. 08cv1970 L(AJB), 2008 U.S. Dist. LEXIS 99684, 2008 WL 5209972, at *2 (S.D. Cal. Dec. 10, 2008); *Wayne v. HomEq Servicing, Inc.*, No. 2:08-cv-00781-RCJ-LRL, 2008 U.S. Dist. LEXIS 83324, 2008 WL 4642595, at *3 (D. Nev. Oct. 16, 2008). Plaintiff presents no contradictory authority. The Nevada cases are particularly instructive because Nevada's UCC enforcement statute is identical to Arizona's. *See* NEV.

REV. STAT. § 104.3301. Further, ***Arizona's judicial foreclosure statutes, like Nevada's, do not require presentation of the original note before commencing foreclosure proceedings.*** *Mansour v. Cal-Western Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1181 (D. Ariz. 2009)(emphasis added). *See also Contreras, v. U.S. Bank*, 2009 U.S. Dist. LEXIS 121944 (D. Ariz. December 15, 2009); *Blau v. America's Servicing Co.*, 2009 U.S. Dist. LEXIS 90632 (D. Ariz. September 28, 2009); *Diessner v. Mortgage Elect. Registration Sys., Inc.*, 618 F. Supp. 2d 1184, 1188 (D. Arizona 2009)("Arizona's non-judicial foreclosure statute does not require production of the original note before commencing foreclosure proceedings."). Thus, Plaintiffs fail to state a claim upon which relief can be granted.

## V. **RESPA and TILA**

To the extent claims are made under either RESPA or TILA (*see*, *e.g.*, Complaint, at page 11-12), the Complaint fails to state a claim. Plaintiffs also reference HOEPA at one point. Given that Plaintiffs' deed of trust was recorded by February 9, 2009,[1] the loan at issue was made no later than that date. The Complaint was not filed until August 23, 2010, well after the one year statutes of limitations expired.

Generally speaking, in the areas of mortgage lending and required disclosures in extending credit, federal law controls. Disclosure requirements are governed by the Truth-in-Lending Act, 15 U.S.C. §§ 1601, *et seq.*, and Regulation Z, 12 C.F.R. §§ 226, *et. seq.* ("TILA") and the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et. seq.* ("RESPA"). Even if there were a factual basis for such claims against CHF, the statute of limitations has run. "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, ***within one year*** from the date of the occurrence of the violation. . . ." 15 U.S.C. § 1640(e)(emphasis added). Thus, TILA

---

[1] The Complaint alleges a property address of 9151 E. Showcase Lane. According to the Pima County Recorder's website that property is set for a trustee's sale and the underlying deed of trust is recorded at Docket 13491, Page 3366. That deed of trust has a recording date of February 9, 2009.

claims are subject to a one year statute of limitations. *See*, *e.g.*, *Monaco v. Bear Stearns Residential Mortg. Corp,* 554 F. Supp. 2d 1034, 1039 (C.D. Cal. 2008) (dismissing complaint without leave to amend; TILA action must be brought within one year from alleged violation; limitations period runs from the date of consummation of the transaction).

Any RESPA claims also would be time-barred.

> RESPA provides a three-year statute of limitations for violations of section 2605 and a one-year statute of limitations for violations of section 2607 or 2608. Diessner obtained the loan to acquire the subject property on March 26, 2004. The deed of trust was recorded on April 4, 2004. Diessner commenced this action on December 16, 2008, over four years later. Thus, any claim Diessner may have alleged under RESPA is time barred. Accordingly, the court will dismiss Diessner's RESPA claim with prejudice.

*Diessner v. Mortgage Elec. Registration Sys.*, 618 F. Supp. 2d 1184, 1189 (D. Ariz. 2009) (footnote omitted). Clearly, any claim where a one year statute of limitations applies is barred. And no claim against CHF is made under Section 2605, which allows a three year window.

There are no specific allegations that Plaintiffs' loan was subject to HOEPA. They merely make a conclusory legal assertion (Complaint, page 20), which is not accepted as true on a motion to dismiss, to that effect. *See Iqbal*, 129 S. Ct. at 1950. To be subject to HOEPA protections, a plaintiff must establish one of two factors: (1) the annual percentage rate at consummation of the transaction must exceed by more than 10 percentage points the yield on Treasury securities having comparable periods of maturity on the 15th day of the month immediately preceding the month in which the application for the extension of credit is received by the creditor; or (2) the total points and fees payable by the consumer at or before closing exceed the greater of eight percent of the total loan amount or $400 (with this amount to be adjusted annually for inflation). 15 U.S.C. § 1602(aa)(1) & (3). S*ee also* 12 C.F.R. § 226.32(a)(1); *Lynch v. RKS Mortgage*, 588 F. Supp. 2d 1254, 1260 (E.D. Cal. 2008). Plaintiffs must allege "particular facts showing that the percentage threshold for HOEPA protection was actually crossed in this case." *Lynch*, 588 F. Supp. 2d at 1260 (dismissing

HOEPA claim).

Plaintiffs make no factual allegation that would support a finding under either of the section 1602(aa) thresholds. As such, Plaintiffs fail to state a claim under HOEPA.

> "The Home Ownership and Equity Protection Act of 1994 ('HOEPA') augmented TILA with additional disclosure obligations and substantive requirements for particular high-cost mortgages." *Marks v. Chicoine*, 2007 U.S. Dist. LEXIS 8521, 2007 WL 1056779, at * 8 (N.D. Cal. 2007) (citing 15 U.S.C. § 1602(aa), § 1639). "Lenders must make certain warnings and disclosures in conspicuous type size at least three business days prior to the consummation of a HOEPA transaction." *Booker v. Wells Fargo Home Mortgage, Inc.*, 138 Fed. Appx. 728, 730 (6th Cir. 2005) (citing 15 U.S.C. § 1639(a)-(b)(1)). "Further, even if a loan is of the type governed by HOEPA, it is not subject to the Act's disclosure requirements unless it also features either: (a) a sufficiently high annual percentage rate ('APR'); or (b) points and fees payable at or before closing exceeding the greater of eight percent of "the total loan amount" or $ 400.00." *Id*.

*Castro v. Exec. Tr. Servs., LLC*, 2009 U.S. Dist. LEXIS 14134, * 23 (D. Ariz. Feb. 23, 2009).

Additionally, any claim based on HOEPA is time-barred.

> Even if the Court were to conclude that the HOEPA and TILA apply to this loan, from the face of Plaintiffs' Complaint, it appears that Plaintiffs' action for violations of the HOEPA and TILA is barred by the statute of limitations. An action for damages under HOEPA or TILA must be brought within one year of the violation. 15 U.S.C. §§ 1640(e); 12 C.F.R. § 226.23; *Wherry v. All California Funding, Wherry v. All California Funding*, 2006 U.S. Dist. LEXIS 53431, 2006 WL 2038495, * 2 (N.D. Cal. 2006) (*citing In re Community Bank of Northern Virginia*, 418 F.3d 277, 305 (3d Cir. 2005)).

*Id*. 14134, * 23-24. Given a closing date of February 2009, and a filing date for the Complaint of August 2010, it would not be possible for Plaintiffs to overcome the statute of limitations.

Although Plaintiffs mention equitable tolling, the allegations are insufficient to defeat the expiration of the statute of limitations here. A mere "failure to disclose" (Complaint, page 14:380) does not toll a statute of limitations.

> Plaintiff's allegation that the "facts surrounding this loan transaction were purposely hidden to prevent Plaintiff from

- 8 -

> discovering the true nature of the transaction and the documents" and "continue to be hidden from Plaintiff to this day" is a legal conclusion, and the complaint does not assert how the "hidden facts" prevented him from discovering the alleged TILA violations or how they relate to the alleged TILA violations committed by Sierra Pacific. Facts sufficient to invoke equitable tolling have not been alleged.

*Sipe v. Countrywide Bank*, 2010 U.S. Dist. LEXIS 12951, 10-14 (E.D. Cal. 2010).

> For the guidance of the district court, we observe that equitable tolling is proper only when the "principles of equity would make [the] rigid application [of a limitation period] unfair." *Shendock*, 893 F.2d at 1462. Generally, this will occur when the petitioner has "in ***some extraordinary way*** . . . been prevented from asserting his or her rights." *Oshiver*, 38 F.3d 1380. The petitioner must show that he or she "exercised reasonable diligence in investigating and bringing [the] claims." *New Castle County*, 111 F.3d at 1126.

*Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 618-619 (3rd Cir. 1998) (emphasis added). Thus, if Plaintiffs have attempted to state any of these claims, in that effort they have failed.

### VI.  **Unfair Business Practices**

There are no claims stated under such a theory.

### VII. **Unjust Enrichment**

"In Arizona, five elements must be proved to make a case of unjust enrichment: (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) absence of justification for the enrichment and the impoverishment and (5) an absence of a remedy provided by law." *Community Guardian Bank v. Hamlin*, 182 Ariz. 627, 630, 898 P.2d 1005, 1008 (Ct. App. 1995). In addition, unjust enrichment cannot supplant a binding contract; it can only fill a void when there is no contract. *Advance Leasing & Crane Co. v. Del E. Webb Corp.*, 117 Ariz. 451, 573 P.2d 525 (Ct. App. 1977) (doctrine of quantum meruit has no application where an explicit contract exists); *Brooks v. Valley Nat'l Bank*, 113 Ariz. 169, 174, 548 P.2d 1166, 1171 (1976)(If there is "a specific contract which

governs the relationship of the parties, the doctrine of unjust enrichment has no application."). Plaintiffs fail to state a claim for unjust enrichment.

### VIII. Quiet Title

Plaintiffs' Complaint fails to meet the statutory minimum requirements to plead this cause of action. *See* A.R.S. § 12-1102.

### IX. Breach of Fiduciary Duty

This claim cannot be asserted against CHF. Where there is no fiduciary relationship, there can be no breach of fiduciary duty. *See*, *e.g.*, *McAlister v. Citibank*, 171 Ariz. 207, 212, 829 P.2d 1253, 1259 (1992) (citing *Valley Nat'l. Bank v. Elect. Dist. 4*, 90 Ariz. 306, 316, 367 P.2d 655, 662 (Ct. App. 1961); *Travelers Indemn. Co. v. State*, 140 Ariz. 194, 196, 680 P.2d 1255, 1257 (Ct. App. 1984)); *see also Urias v. PCS Health Sys.*, 211 Ariz. 81, 87-88 (Ct. App. 2005) (holding that a debtor/creditor relationship is not a fiduciary relationship). Even a "trustee" under a deed of trust is not a fiduciary as to Plaintiffs. *Hatch v. Collins*, 275 Cal. Rptr. 476, 480 (Cal. App. 1990)(emphasis added). And, one party cannot unilaterally transform a business relationship into a fiduciary relationship by reposing trust and confidence in another. *See Flaherty v. Baybank Merrimack Valley, N.A.*, 808 F. Supp. 55, 64 (D. Mass. 1992).

### X. Negligence

Plaintiffs can point to no duty that was breached. They cite TILA, HOEPA, and RESPA as sources of a duty (*see* Complaint, page 20), but because no cause of action under those Acts can be pursued here, they cannot create independent duties of care that can be enforced separately.

## XI. <u>Intentional Infliction of Emotional Distress</u>

Plaintiffs' emotional distress claim fails to allege conduct or distress of the quality required to state a claim, except in conclusory terms. "The element of 'extreme and outrageous conduct' requires that plaintiff prove defendant's conduct exceeded 'all bounds usually tolerated by decent society . . . and [caused] mental distress of a very serious kind.'" *Godbehere v. Phoenix Newspapers*, 162 Ariz. 335, 339, 783 P.2d 781, 785 (1989)(internal citations omitted). Plaintiffs' conclusory allegations that conduct was unreasonable, outrageous, or extreme are not sufficient. Those characterizations amount to mere legal conclusions, which are not accepted by the Court as true on a motion to dismiss. And, the allegations of fact, describing the alleged conduct of CHF do not rise to the level required to pursue this claim. "It is for ***the court*** to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery, or whether it is necessarily so." *Lucchesi v. Frederic N. Stimmell, M.D., Ltd*., 149 Ariz. 76, 79, 716 P.2d 1013, 1016 (1986)(quoting <u>Restatement (Second) of Torts</u>, § 46)(emphasis added).

## XII. <u>Good Faith and Fair Dealing</u>

Plaintiffs do not explain how some action taken in bad faith by CHF deprived them of the benefit of their bargain (*i.e.*, the promissory note or deed of trust). *See Bike Fashion Corp. v. Kramer*, 202 Ariz. 420, 423, 46 P.3d 431, 434 (Ct. App. 2002)(The doctrine exists so that a party cannot deny another party the right to receive the benefits of their contract. It is also held that implied covenants of good faith and fair dealing cannot contradict express contract terms.). *See also Rawlings v. Apodaca*, 151 Ariz. 149, 153, 726 P.2d 565, 569 (1986)("The essence of that duty is that neither party will act to impair the right of the other to receive the benefits which flow from their agreement or contractual relationship."). Hence, because the beneficiary has the right to foreclose, Plaintiffs are not being denied the benefits of their bargain and no claim has been stated.

## XIII. More Definite Statement

There are many legal terms and phrases scattered throughout Plaintiffs' Complaint. However, CHF does do not derive from them even the hint of a claim upon which relief can be granted. However, if the Court does not dismiss the Complaint, in its entirety, for any reason, Plaintiffs should be ordered to refile it in a form that comports with Rules 8, 9, 10, and 12, Federal Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this 10th day of September, 2010.

**MAYNARD CRONIN ERICKSON CURRAN & SPARKS, P.L.C.**

By /s/Douglas C. Erickson
Douglas C. Erickson
Jennifer A. Sparks
3200 North Central Avenue, Ste. 1800
Phoenix, Arizona 85012-2443
Attorneys for Chase Home Finance LLC

**ORIGINAL** of the foregoing e-filed this 10th day of September, 2010, with:

Clerk of the Court
Evo A. DeConcini U.S. Courthouse
405 West Congress Street
Tucson, AZ 85701

**COPY** of the foregoing electronically delivered this 10th day of September, 2010, to:

Honorable Frank R. Zapata
United States District Court
Evo A. DeConcini U.S. Courthouse
405 West Congress Street, Suite 5160
Tucson, AZ 85701-5050

**COPY** of the foregoing mailed this 10th day of September, 2010, to:

Michael and Sharon Sparlin
9151 E. Showcase Lane
Tucson, AZ 85749
Plaintiffs pro per

By /s/Stacey Tanner