Douglas C. Erickson, 012130
derickson@mmcec.com
Jennifer A. Sparks, No. 017502
jsparks@mmcec.com
**MAYNARD CRONIN ERICKSON**
**CURRAN & SPARKS, P.L.C.**
3200 North Central Avenue, Ste. 1800
Phoenix, Arizona  85012
(602) 279-8500

Attorneys for Chase Home Finance LLC

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Michael B. & Sharon J. Sparlin,<br><br>              Plaintiffs,<br><br>v.<br><br>Chase Home Finance LLC,<br><br>              Defendant. | No. CV10-508-TUC-FRZ<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS** |

Defendant Chase Home Finance LLC ("CHF") respectfully submits this Reply in Support of Motion to Dismiss.  This reply is supported by the following memorandum of points and authorities, and the Court's record, which are incorporated herein.

**MEMORANDUM OF POINTS AND AUTHORITIES**

It might be helpful for the Court to have the promissory note and deed of trust on which Plaintiffs' Complaint is based in the record before it.  They are attached hereto as Exhibits A and B, respectively.  It is appropriate for the Court to consider such documents in the context of a motion to dismiss.  "A district court ruling on a motion to dismiss may consider documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'"  *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superceded on other grounds by statute*.

The Court will note that the lender was Quicken Loans, Inc. Ex. A, page 1; Ex. B, page 1. And the loan was made on January 22, 2009, meaning the statute of limitations on any possible statutory claims expired at least six months before Plaintiffs filed their lawsuit, even if a viable claim could be distilled from the long, meandering diatribe that comprises Plaintiffs' Complaint.

The Court might also take note, especially in Plaintiffs' Response to Rule 12 Motion, that Plaintiffs repeatedly reveal that the allegations as to CHF are contradictory and belied by the documents themselves. When Plaintiffs say "Chase failed to provide documentation" and "Chase charged false fees" in connection with the origination and closing of Plaintiffs' loan, the Court may reject those allegations. Quicken Loans, Inc. was the original lender, not CHF. In reality, Plaintiffs have no claim against CHF, which received an assignment of beneficial interest under the deed of trust on or about July 5, 2010. *See* Exhibit C.

Plaintiffs' Response also confirms what is obvious from the Complaint itself: Plaintiffs have simply copied generic grievances available all over the Internet and attempted to assert them against CHF, which actually had nothing to do with giving them a loan, making disclosures, or providing TILA or RESPA information. Thus, the case should be dismissed.

**I.     The Motion to Dismiss Standard**

Plaintiffs do not dispute the properly stated standards in the Motion to Dismiss.

**II.    The Complaint Violates Basic Pleading Rules.**

Plaintiffs' Response not only concedes that basic pleading standards have not been met, but it further exemplifies the deficiencies. Plaintiffs demonstrate, by their explanations in the Response, that they are unable to plead "simple, concise, and direct" facts. Nor are they able to plead any viable claim against CHF. Therefore, a "more definite" statement should not be allowed, and dismissal is appropriate.

**III.   Fraud**

Plainly, Plaintiffs cannot meet the applicable standards for particularity: who, what, when, etc. They concede that they "are unable to determine whether or not the . . . fees are valid." Response, at 4:89. And, they erroneously contend that CHF, which was not even involved in charging or disclosing the fees, is required to prove they were proper. *See* Response, 4:86-93, 5:99-106. There is no fraud claim that is or could be stated as to CHF.

**IV.   Show Me the Note**

Plaintiffs do not address this important issue. But, the law does not require, and therefore, Plaintiffs cannot demand production of documents prior to a non-judicial trustee's sale. Nothing else they argue would justify allowing Plaintiffs' Complaint to survive the Motion to Dismiss.

**V.   RESPA and TILA**

There are no RESPA or TILA claims stated against CHF. Even if there were, they would be time-barred as stated in the Motion to Dismiss. And, as explained in the motion, there is no basis for the Court to invoke the extraordinary doctrine of equitable tolling.

**VI.   Unfair Business Practices**

Plaintiffs do not explain how they could pursue any claim for unfair business practices.

**VII.   Unjust Enrichment**

Plaintiffs do not address or defend this claim. It, like several others, should be deemed abandoned. On that basis, in addition to its plain and simple lack of merit, any unjust enrichment claim should be dismissed.

**VIII.  Quiet Title**

Plaintiffs do not address or defend this claim. It, like several others, should be deemed abandoned. On that basis, in addition to lack of merit, it should be dismissed.

### IX. Breach of Fiduciary Duty

Plaintiffs do not address or defend this claim. It should be deemed abandoned. On that basis, in addition to its lack of merit, it should be dismissed.

### X. Negligence

Plaintiffs do not address or defend this claim. For that reason, in addition to its plain and simple lack of merit, any negligence claim should be dismissed.

### XI. Intentional Infliction of Emotional Distress

Plaintiffs do not even mention, let alone defend, any type of emotional distress claim.

### XII. Good Faith and Fair Dealing

Plaintiffs have clearly abandoned this claim.

### XIII. More Definite Statement

Based on the explanations offered in their Response, it is clear that Plaintiffs are unable to provide a more definite statement. Thus, it is not necessary to allow them to simply file a new and/or restated complaint.

### XIV. Conclusion

CHF renews its request that Plaintiffs' Complaint be dismissed with prejudice.

RESPECTFULLY SUBMITTED this 27th day of September, 2010.

**MAYNARD CRONIN ERICKSON CURRAN & SPARKS, P.L.C.**

By /s/Douglas C. Erickson
Douglas C. Erickson
Jennifer A. Sparks
3200 North Central Avenue, Ste. 1800
Phoenix, Arizona 85012-2443
Attorneys for Chase Home Finance LLC

**ORIGINAL** of the foregoing e-filed this 27th day of September, 2010, with:

Clerk of the Court
Evo A. DeConcini U.S. Courthouse
405 West Congress Street
Tucson, AZ 85701

1  **COPY** of the foregoing electronically delivered this 27th day of September, 2010, to:

2  Honorable Frank R. Zapata
United States District Court
3  Evo A. DeConcini U.S. Courthouse
405 West Congress Street, Suite 5160
4  Tucson, AZ 85701-5050

5  **COPY** of the foregoing mailed this 27th day of September, 2010, to:

6  Michael and Sharon Sparlin
9151 E. Showcase Lane
7  Tucson, AZ 85749
Plaintiffs pro per
8

9  By   /s/Stacey Tanner