IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael & Sharon Sparlin,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>Bank of America Home Loans, Chase Home Finance, et al.,<br><br>　　　　Defendants. | No. CV 10-503-TUC-FRZ<br>No. CV 10-507-TUC-FRZ<br>No. CV 10-508-TUC-FRZ<br>**CONSOLIDATED**<br><br><br>**ORDER** |

**Background**

Pending before the Court are three actions filed by Plaintiffs Michael and Sharon Sparlin.

In CV 10-503, Plaintiffs name Bank of America Home Loans ("BOA") as the sole Defendant. They seek to prevent BOA from foreclosing on their property located at "491 S. Douglas Wash Road"; the foreclosure sale for that property was set for "the week of September 22nd, 2010", but has been postponed pending the conclusion of this litigation.

In CV 10-507, Plaintiffs name BOA as the sole Defendant. They seek to prevent BOA from foreclosing on their property located at "7922 S. Clarkson Court"; the foreclosure sale for that property was set for "the week of September 10th, 2010", but has been postponed pending the conclusion of this litigation.

In CV 10-508, Plaintiffs name Chase Home Finance ("Chase") as the sole Defendant.

1  They seek to prevent Chase from foreclosing on their property located at "9151 E. Showcase
2  Lane"; the foreclosure sale for that property is set for "October 7th, 2010."
3       In all three cases, as discussed in previous Orders, Plaintiffs filed an "original
4  petition" and a "petition for temporary injunction."  Plaintiffs' filings in all three cases are
5  nearly identical such that the Court ordered the three cases consolidated.  *See* FED.R.CIV.P.
6  42; LRCiv 42.1.  The Court previously denied Plaintiffs' requests for ex parte temporary
7  restraining orders as to all three cases (Doc. 4); furthermore, as to CV 10-503 and CV 10-
8  507, the Court also denied Plaintiffs' "petitions for temporary injunctions" which the Court
9  construed as motions for preliminary injunctions (Doc. 11).  In that same Order, the Court
10 stated that it would not rule on Plaintiff's "petition for a temporary injunction" (i.e.,
11 construed as a motion for a preliminary injunction) in CV 10-508 until Chase was properly
12 served.

13 **Discussion**

14      As Chase has now entered an appearance and had an opportunity to oppose a
15 preliminary injunction, it is apparent that the motion for a preliminary injunction is without
16 merit as previously discussed in relation to CV 10-503 and CV 10-507 (Doc. 11).  A
17 preliminary injunction is an extraordinary and drastic remedy and will not be granted absent
18 a clear showing of likely success in the underlying claim and likely irreparable injury.  *See*
19 *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (*per curiam*); *Warsoldier v. Woodford*, 418
20 F.3d 989, 993-94 (9th Cir. 2005); *Pratt v. Rowland*, 65 F.3d 802, 805 (9th Cir. 1995);
21 FED.R.CIV.P. 65.  To obtain a preliminary injunction, the moving party must show "that he
22 is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence
23 of preliminary relief, that the balance of equities tips in his favor, and that an injunction is
24 in the public interest."  *Winter v. Nat'l Resources Def. Council, Inc.*, 129 S. Ct. 365, 374
25 (2008); *Am. Trucking Ass'n v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009);
26 FED.R.CIV.P. 65.  The moving party has the burden of proof on each element of the test.
27 *Envtl. Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).
28 Plaintiffs' filings consist of broad generalizations and conclusions that fail to demonstrate

- 2 -

a clear showing of likely success on the merits and likely irreparable injury; thus, Plaintiff's motion for a preliminary injunction in CV 10-508 is denied. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (*per curiam*); *Warsoldier v. Woodford*, 418 F.3d 989, 993-94 (9th Cir. 2005); *Pratt v. Rowland*, 65 F.3d 802, 805 (9th Cir. 1995); *Winter v. Nat'l Resources Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008); *Am. Trucking Ass'n v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009); FED.R.CIV.P. 65.

The record reflects that BOA has filed a motion to dismiss in CV 10-503 and CV 10-507 with prejudice for failure to state a claim; likewise, Chase has filed a motion to dismiss CV 10-508 with prejudice for failure to state a claim. A review of the briefing pertaining to the motion to dismiss and Plaintiffs' "original petitions", which the Court construes as Plaintiffs' Complaints, shows that the Complaints fail to state any viable claims as argued by Defendants.

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 1951. As correctly argued by Defendants, Plaintiffs' three (nearly identical) Complaints consist entirely of broad generalizations and conclusory allegations that fail to show how Defendants

actually violated any laws in relation to the plethora of purported causes of action asserted by Plaintiffs. As Plaintiffs fail to state a claim on any basis, Plaintiff's Complaints in CV 10-503, CV 10-507, and CV 10-508 are all dismissed without prejudice. *See id.*

The Court, however, will give Plaintiffs one final opportunity to file one Consolidated Amended Complaint to state a viable legal claim. Plaintiffs shall comply with the following requirements when they file their Consolidated Amended Complaint. Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). Rule 8(d)(1) states that "[e]ach allegation must be simple, concise, and direct." A complaint having the factual elements of a cause of action scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *See Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988); *see also McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996). Rule 10(b) of the Federal Rules of Civil Procedure also requires a plaintiff to state claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Moreover, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(b). It is not the responsibility of the Court to review a rambling narrative in an attempt to determine the number and nature of a plaintiff's claims. Conclusory and vague allegations will not support a cause of action. Further, a liberal interpretation of a pro se Complaint may not supply essential elements of the claim that were not initially pled. Generally, to state any valid claim against any defendant, plaintiffs must show that they actually suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. If Plaintiff files a Consolidated Amended Complaint, Plaintiff must write short, plain statements telling the Court: (1) the legal right Plaintiff believes was violated as to each property at issue (i.e., each case-CV 10-503, 10-507, 10-508- involve three distinct foreclosure actions as to three separate homes) ; (2) the name of the Defendant who violated the right as to each property; (3) exactly what that Defendant did or failed to do as to each property; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's legal right as to each property; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct as to

1  each property. Plaintiff must repeat this process for each Defendant as to the three separate
2  properties at issue.  If Plaintiff fails to affirmatively link the conduct of each named Defendant with
3  the specific injury suffered by Plaintiff as to each property, the allegations against that Defendant
4  as to the property in question will be dismissed for failure to state a claim.  Conclusory allegations
5  that a Defendant or group of Defendants have violated a legal right are not acceptable and will be
6  dismissed.

7  Accordingly, in compliance with the above directives, Plaintiff shall file one
8  Consolidated Amended Complaint by 10/29/10.  Plaintiffs is again warned that simply
9  cutting and pasting a series of rambling allegations from various sources on the internet and
10 stating that a plethora of laws were violated is not sufficient to state a legal claim.
11 Furthermore, summarizing the purported history of the meltdown of the real estate market
12 and the various unseemly actions that were undertaken by those involved in the real
13 estate/banking industry that led to the meltdown is insufficient to state a legal claim.  Thus,
14 filing a Consolidated Amended Complaint that simply cuts and pastes the allegations from
15 the three original Complaints into one massive Consolidated Amended Complaint will result
16 in dismissal with prejudice.  Rather, Plaintiff shall comply with the requirements outlined by
17 the Court above in their attempt to file one Consolidated Amended Complaint that actually
18 states legally viable claims.

19 **Conclusion**

20 Accordingly, IT IS HEREBY ORDERED as follows:
21 (1) BOA's and Chase's motions to dismiss (Doc. 13, 21) are granted in part to the extent
22 Plaintiffs' original Complaints are dismissed without prejudice.
23 (2) Plaintiffs' motions to sanction Defendants (Doc. 15, 18) for filing frivolous motions to
24 dismiss are denied as the defenses offered by Defendants obviously are not frivolous
25 inasmuch as the Court has partially granted the motions to dismiss by dismissing Plaintiff's
26 Complaints without prejudice.
27 (3) Plaintiff's other miscellaneous filings (i.e., motion to allow electronic filing-Doc. 3,
28 motion for partial refund of fees-Doc.6) are likewise denied.

(4) Chase's motion to strike (Doc. 24) Plaintiffs' motion for sanctions is denied as moot.

(5) Plaintiffs shall file one Consolidated Amended Complaint in compliance with this Order no later than 10/29/10. Failure to timely comply with this Order will result in dismissal of this consolidated case with prejudice.

DATED this 1st day of October, 2010.

_____
Frank R. Zapata
Senior United States District Judge