Douglas C. Erickson, 012130
derickson@mmcec.com
Jennifer A. Reiter, No. 017502
jreiter@mmcec.com
**MAYNARD CRONIN ERICKSON CURRAN & REITER, P.L.C.**
3200 North Central Avenue, Ste. 1800
Phoenix, Arizona 85012
(602) 279-8500

Attorneys for Chase Home Finance LLC,
and JPMorgan Chase Bank, N.A.

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Benson Sparlin and Sharon Jeanette Sparlin,<br><br>Plaintiffs,<br><br>v.<br><br>Chase Home Finance and JPMorgan Chase & Co. and BAC Home Loans Servicing, L.P. and Bank of America N.A.<br><br>Defendant. | No. CV10-508-TUC-FRZ<br>CV10-507-TUC-FRZ<br>CV10-508-TUC-FRZ<br><br>**MOTION TO DISMISS AMENDED COMPLAINT** |

Defendants Chase Home Finance LLC ("CHF") and JPMorgan Chase Bank, N.A. ("Chase") respectfully move this Court, pursuant to Rules 8, 9, 10, and 12, Federal Rules of Civil Procedure, to dismiss the Amended Complaint as to them.[1] This motion is supported by the following Memorandum of Points and Authorities, and the Court's record, which are incorporated herein.

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs' Amended Complaint fails to state any claims upon which relief can be granted as to CHF. In that vein, several observations are important. First, contrary to Plaintiffs' allegations, the assignment of the their deed of trust and promissory note from

---

[1] Chase is named only because it is alleged to be the parent of CHF. There are no direct allegations against Chase. Therefore, this motion will refer only to CHF.

Quicken to CHF is documented in the public records of the Pima County Recorder. *See* Assignment, attached hereto as Exhibit A. Thus, a fundamental premise of their case against CHF is mistaken. Although Arizona courts have routinely rejected "show me the note" claims, in this case, as evidenced by the Assignment, there is no basis for asserting that "QUICKEN separated the Promissory Note and Deed of Trust." Amended Complaint ¶ 59. Nor is there any basis to believe that the note "was subsequently sold repeatedly to other parties." Amended Complaint ¶ 60. *See* Exhibit A.

Second, it should be noted that because CHF was not involved in the origination of Plaintiffs' loan, most of the stated causes of action are simply inapplicable to it.

Third, CHF is involved only in what Plaintiffs refer to as the 9151 property. Plaintiffs now allege that property was sold at a trustee's sale on or about October 7, 2010. Therefore, Plaintiffs face an additional hurdle because, by statute, their ability to challenge any issues related to that foreclosure[2] is limited. Among other things, the trustee's deed serves to confirm, as a matter of law, that the sale was procedurally proper. *See* A.R.S. § 33-811(B).

> The trustee shall execute and deliver the trustee's deed to the purchaser within seven business days after receipt of payment by the trustee or the trustee's agent made in a form that is satisfactory to the trustee. The recording of the trustee's deed upon sale may also constitute delivery of the deed to the purchaser. The trustee is not liable for any damages resulting from the failure to record the trustee's deed upon sale after physical delivery of the deed to the purchaser. ***The trustee's deed shall raise the presumption of compliance*** with the requirements of the deed of trust and this chapter relating to the exercise of the power of sale and the sale of the trust property, including recording, mailing, publishing and posting of notice of sale and the conduct of the sale. ***A trustee's deed shall constitute conclusive evidence of the meeting of those requirements*** in favor of purchasers or encumbrancers for value and without actual notice. Knowledge of the trustee shall not be imputed to the beneficiary.

A.R.S. § 33-811(B)(emphasis added).

---

[2] In this context, "foreclosure" means a statutory non-judicial trustee's sale.

More important, however, is the unambiguous rule that Plaintiffs "waive[d] all defenses and objections to the sale not raised in an action ***that results in the issuance of a court order*** granting relief pursuant to Rule 65" ***prior to*** the scheduled sale. A.R.S. § 33-811(C)(emphasis added). Because Plaintiffs did not secure such an order from this or any other court in advance of the sale, they waived all objections and defenses to it. Therefore, many of the claims raised in the Amended Complaint are barred as a matter of law.

## I.     The Motion to Dismiss Standard

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, __ U.S. __ (2009)(internal citations omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (internal citations omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (internal citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' ***A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.*** The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (emphasis added; internal citations omitted.). A complaint also may be dismissed if it simply fails to articulate a real theory. *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533 (9th Cir. 1984).

In measuring Plaintiffs' allegations, the law requires the Court to accept their factual allegations and reasonable inferences. However, speculation, conjecture, unreasonable inferences, and legal conclusions do not garner similar treatment. A court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "Nor is the court

required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id*.

In addition, "[a] district court ruling on a motion to dismiss may consider documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superceded on other grounds by statute*. "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007).

> When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond. *See* Fed. R. Civ. P. 12(b); *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 n.4 (9th Cir. 1998). A court may, however, consider certain materials -- documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice -- without converting the motion to dismiss into a motion for summary judgment.

*United States v. Ritchie*, 342 F.3d 903, 907-908 (9th Cir. 2003).

The Arizona Court of Appeals recently confirmed that Arizona law is harmonious with these federal views on Rule 12(b)(6) motions and the record that may be considered. "[A] Rule 12(b)(6) motion that presents a document that is a matter of public record need not be treated as a motion for summary judgment." *Strategic Dev. & Constr., Inc. v. 7th & Roosevelt Partners, LLC*, 578 Ariz. Adv. Rep. 42, 226 P.3d 1046, 1050 (Ct. App. 2010). The Court also recognized that documents central to a plaintiff's claims can be considered on a motion to dismiss. *Id*.

With all of these standards in mind, the Amended Complaint should be dismissed.

- 4 -

## II. **Fraud (Count 1)**

The Amended Complaint still fails to allege specific misrepresentations by anyone (let alone CHF), specific speakers, specific intent or otherwise meet the minimum pleading requirements for fraud. *See* Rule 9(b), Federal Rules of Civil Procedure. In fact, all of the alleged fraud appears to relate to the origination of the loans, in which CHF was not involved. *See* Amended Complaint ¶¶ 96, 99, 107.

A claim for fraud, in Arizona, requires the following nine elements:

> (1) A representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it be acted upon by the [hearer] and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) the right to rely thereon; and (9) his consequent and proximate injury.

*Nielson v. Flashberg*, 101 Ariz. 335, 338, 419 P.2d 514, 517 (1966). A plaintiff "must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distrib. Co. v. ServWell Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). *See also Lancaster Community Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991) (averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged); *A.G. Edwards & Sons, Inc. v. Smith*, 736 F. Supp. 1030, 1033 (D. Ariz. 1989) ("Mere conclusory allegations of fraud will not suffice; the complaint must contain statements of the time, place, and nature of the alleged fraudulent activities.").

Plaintiffs attempt to avoid pleading specifics (because they cannot) by suggesting that their claims are based on fraud by omission. *See* Amended Complaint ¶ 101. However, that argument does not save any fraud claims. As to CHF, which Plaintiffs admit was not involved in the origination of their loan, no representations or omissions are attributable to it. However, as to the loan that now involves CHF, secured by the 9151 property, Plaintiffs have specified the alleged omissions by someone at Quicken. They include: "fail[ure] to provide

- 5 -

1  documentation to show that the above referenced fees were authorized by law, that the services
2  billed for were necessary, that the amounts charged for said services were reasonable, and that
3  they did not take an undisclosed markup on said fees." Amended Complaint ¶ 56. Because
4  none of these items are material and because there was no duty to disclose such things, even
5  if CHF had been involved, the so-called fraud would be insufficient to state a claim.

### III.  Violations of Title 33 (Count 2)

The alleged statutory violations are too vague to state a claim. The alleged failure to record assignments (Amended Complaint ¶ 80) does not give rise to a private cause of action, and as to CHF, is simply false. Moreover, most of what Plaintiffs do allege as to failing to properly "execute foreclosure documents" constitutes legal conclusions, rather than factual assertions.

### IV.  Breach of Contract (Count 3)

Plaintiffs fail to identify any term of any contract that was breached. Therefore, they fail to state a claim. *See Cannon v. State Farm Mut. Automobile Ins. Co.*, 2006 U.S. Dist. LEXIS 48024 (N.D. Cal. 2006)("Plaintiff's breach of contract claims must be dismissed because plaintiff has failed to identify a single policy provision that [defendant] breached."); *Amer. Casual Dining, L.P. v. Moe's Southwest Grill, LLC*, 426 F. Supp. 2d 1356 (N.D. Ga. 2006)(Plaintiff fails to state a claim if it cannot point to specific contract provisions that a defendant allegedly breached.).

### V.  Good Faith and Fair Dealing (Count 4)

Plaintiffs do not explain how some action taken in bad faith by CHF deprived them of the benefit of their bargain (*i.e.*, the promissory note or deed of trust). *See Bike Fashion Corp. v. Kramer*, 202 Ariz. 420, 423, 46 P.3d 431, 434 (Ct. App. 2002)(The doctrine exists so that a party cannot deny another party the right to receive the benefits of their contract. It is also held that implied covenants of good faith and fair dealing cannot contradict express contract terms.). *See also Rawlings v. Apodaca*, 151 Ariz. 149, 153, 726 P.2d 565, 569 (1986)("The

1 essence of that duty is that neither party will act to impair the right of the other to receive the
2 benefits which flow from their agreement or contractual relationship.").

> The covenant of good faith and fair dealing, implied by law in every contract, exists merely to prevent one contracting party from unfairly frustrating the other party's right to receive the benefits of the agreement actually made. (*E.g.*, *Waller v. Truck Ins. Exchange, Inc.* (1995) 11 Cal. 4th 1, 36 [44 Cal. Rptr. 2d 370, 900 P.2d 619].) The covenant thus cannot "'be endowed with an existence independent of its contractual underpinnings.'" (*Ibid.*, quoting *Love v. Fire Ins. Exchange* (1990) 221 Cal. App. 3d 1136, 1153 [271 Cal. Rptr. 246].) It cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement.

*Guz v. Bechtel National, Inc.*, 24 Cal. 4th 317, 349-350, 8 P.3d 1089 (2000).  Hence, because the beneficiary has the right to foreclose, Plaintiffs are not being denied the benefits of their bargain and no claim has been stated.

## VI. <u>Implied Contract (Count 5)</u>

General references to "defendants" making generic "oral agreements and representations to Plaintiffs" (Amended Complaint ¶¶ 143-45) are plainly insufficient to state any cause of action.

## VII. <u>Breach of Fiduciary Duty (Count 6)</u>

Neither Quicken nor CHF stands or stood in a fiduciary relationship to Plaintiffs. Where there is no fiduciary relationship, there can be no breach of fiduciary duty. *See*, *e.g.*, *McAlister v. Citibank*, 171 Ariz. 207, 212, 829 P.2d 1253, 1259 (1992) (citing *Valley Nat'l. Bank v. Elect. Dist. 4*, 90 Ariz. 306, 316, 367 P.2d 655, 662 (Ct. App. 1961); *Travelers Indemn. Co. v. State*, 140 Ariz. 194, 196, 680 P.2d 1255, 1257 (Ct. App. 1984)); *see also Urias v. PCS Health Sys.*, 211 Ariz. 81, 87-88 (Ct. App. 2005) (holding that a debtor/creditor relationship is not a fiduciary relationship).

## VIII. TILA (Count 7)

Plaintiffs reference TILA, HOEPA, and RESPA in Count 6, none of which create fiduciary duties. TILA, which is cited in Count 7, gives Plaintiffs no claim against CHF, which was not involved in the origination. Plaintiffs' deed of trust was recorded by February 9, 2009,[3] but the original Complaint was not filed until August 23, 2010, well after the one year statute of limitations expired. "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, ***within one year*** from the date of the occurrence of the violation. . . ." 15 U.S.C. § 1640(e)(emphasis added). Thus, TILA claims are subject to a one year statute of limitations. *See*, *e.g.*, *Monaco v. Bear Stearns Residential Mortg. Corp,* 554 F. Supp. 2d 1034, 1039 (C.D. Cal. 2008) (dismissing complaint without leave to amend; TILA action must be brought within one year from alleged violation; limitations period runs from the date of consummation of the transaction).

Although Plaintiffs argue for equitable tolling, the allegations are insufficient to defeat the expiration of the statute of limitations here. The general conclusion that "facts surrounding their loan transactions were purposefully hidden" (Amended Complaint ¶ 161) does not toll a statute of limitations. These exact allegations have been found to be insufficient.

> Plaintiff's allegation that the "facts surrounding this loan transaction were purposely hidden to prevent Plaintiff from discovering the true nature of the transaction and the documents" and "continue to be hidden from Plaintiff to this day" is a legal conclusion, and the complaint does not assert how the "hidden facts" prevented him from discovering the alleged TILA violations or how they relate to the alleged TILA violations committed by Sierra Pacific. Facts sufficient to invoke equitable tolling have not been alleged.

*Sipe v. Countrywide Bank*, 2010 U.S. Dist. LEXIS 12951, 10-14 (E.D. Cal. 2010).

> For the guidance of the district court, we observe that equitable

---

[3] The Amended Complaint alleges a property address of 9151 E. Showcase Lane. According to the Pima County Recorder's website that property was set for a trustee's sale and the underlying deed of trust is recorded at Docket 13491, Page 3366. That deed of trust has a recording date of February 9, 2009.

- 8 -

> tolling is proper only when the "principles of equity would make [the] rigid application [of a limitation period] unfair." *Shendock*, 893 F.2d at 1462. Generally, this will occur when the petitioner has "in ***some extraordinary way*** . . . been prevented from asserting his or her rights." *Oshiver*, 38 F.3d 1380. The petitioner must show that he or she "exercised reasonable diligence in investigating and bringing [the] claims." *New Castle County*, 111 F.3d at 1126.

*Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 618-619 (3rd Cir. 1998) (emphasis added).

Plaintiffs seem to point to an alleged defect in disclosure concerning their "right to cancel" the transaction, which might give them a longer statute of limitations. Even if CHF were involved so as to allow such a claim against it, however, that claim would fail. As reflected in Exhibit B, a document that is a subject of Plaintiffs' Amended Complaint, making it available for the Court's consideration, a proper notice was given to and acknowledged by Plaintiffs.

## IX. Conclusion

Plaintiffs did number their paragraphs and improve the readability of their complaint. However, it still fails to state any cause of action upon which relief can be granted as to CHF.

RESPECTFULLY SUBMITTED this 12th day of November, 2010.

**MAYNARD CRONIN ERICKSON CURRAN & REITER, P.L.C.**

By /s/Douglas C. Erickson
Douglas C. Erickson
Jennifer A. Reiter
3200 North Central Avenue, Ste. 1800
Phoenix, Arizona 85012-2443
Attorneys for Chase Home Finance LLC
and JPMorgan Chase Bank, N.A.

**ORIGINAL** of the foregoing e-filed this 12th day of September, 2010, with:

Clerk of the Court
Evo A. DeConcini U.S. Courthouse
405 West Congress Street
Tucson, AZ 85701

**COPY** of the foregoing electronically delivered this 12th day of September, 2010, to:

Honorable Frank R. Zapata
United States District Court
Evo A. DeConcini U.S. Courthouse
405 West Congress Street, Suite 5160
Tucson, AZ 85701-5050

Coree Elizabeth Neumeyer, Esq.
Michael Benjamin Dvoren, Esq.
Bryan Cave LLP
2 N. Central Ave., Ste 2200
Phoenix, AZ 85004-4406
Attorneys for BAC Home Loan Servicing, L.P.

**COPY** of the foregoing mailed this 12th day of September, 2010, to:

Michael and Sharon Sparlin
9151 E. Showcase Lane
Tucson, AZ 85749
Plaintiffs pro per

By   /s/Stacey Tanner