BRYAN CAVE LLP, #00145700
Robert W. Shely, #014261
Coree E. Neumeyer, #025787
Michael B. Dvoren, #027386
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
Telephone: (602) 364-7000
Facsimile: (602) 364-7070
rwshely@bryancave.com
coree.neumeyer@bryancave.com
michael.dvoren@bryancave.com

Attorneys for Defendants BAC Home Loans
Servicing, LP and Bank of America, N.A.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Benson Sparlin and Sharon Jeanette Sparlin,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>Chase Home Finance; JPMorgan Chase & Co.; BAC Home Loans Servicing, LP; and Bank of America, N.A.,<br><br>　　　　　　Defendants. | No. CV 10-503-TUC-FRZ<br>No. CV 10-507-TUC-FRZ<br>No. CV 10-508-TUC-FRZ<br>**CONSOLIDATED**<br><br>**MOTION TO DISMISS AMENDED COMPLAINT**<br><br>(Hon. Frank R. Zapata) |

　　　　BAC Home Loans Servicing, LP ("BAC") and Bank of America, N.A. ("BofA")[1] (collectively, the "Defendants"), respectfully request that the Court enter an order dismissing Plaintiffs Michael B. and Sharon J. Sparlins' (the "Sparlins") Amended Complaint with prejudice for failing to state any claim upon which relief may be granted. The Amended Complaint fails to cure any of the fatal deficiencies plaguing their original Complaints and merely recasts the same vague and conclusory allegations that already

---

[1] BofA hereby objects to its inclusion as a defendant in these consolidated cases for the reasons set forth in the accompanying memorandum of points and authorities.

failed to meet the pleading requirements of Federal Rule of Civil Procedure 8.  Further, the Amended Complaint still fails to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b).  Also, the Defendants request that the Sparlins not be permitted to amend their pleading a second time because they have twice now demonstrated their inability to state any viable legal claim, abide by the Federal Rules of Civil Procedure, or adhere to the Court's instructions regarding these requirements.  Any further efforts to amend their pleading would be futile.  Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995) ("[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend").

## MEMORANDUM OF POINTS AND AUTHORITIES

I. BACKGROUND.

A. Loan Histories.

On or around January 02, 2007, the Sparlins entered into a loan ("Loan 1") for the real property located at 7922 South Clarkson Court in Tucson, Arizona (the "507 Property").  A Deed of Trust dated January 02, 2007 secures Loan 1.  [Exhibit A][2]  The Sparlins subsequently defaulted on Loan 1 and the successor trustee recorded a Notice of

---

[2] The Court may consider the Deeds of Trust without converting this motion into a motion for summary judgment because the Sparlins refer to them in the Amended Complaint.  [See Am. Compl. ¶¶ 31,66]  The Court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint."  Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1295-96 (9th Cir. 1998).  Although the Sparlins did not physically attach the documents to the Complaints, "a district court ruling on a motion to dismiss may consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading."  Parrino v. FHP, Inc., 146 F.3d 699, 705 (9th Cir. 1998) (internal citations and quotations omitted).  Further, the Deeds of Trust are matters of public record and properly subject to judicial notice.  See Pesci v. IRS, 67 F. Supp. 2d 1189, 1191-92 (D. Nev. 1999), aff'd, 225 F.3d 663 (9th Cir. 2000) (court deciding motion to dismiss may consider matters subject to judicial notice).

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

Trustee's Sale Arizona on April 19, 2010 ("507 Sale Notice"). [Exhibit B][3] BAC has since voluntarily postponed the scheduled sale of the 507 Property.

On or around January 16, 2007, the Sparlins entered into a loan ("Loan 2") for the real property located at 491 S. Douglas Wash Road in Vail, Arizona (the "503 Property," collectively with the 507 Property, the "Properties"). A Deed of Trust dated January 16, 2007 secures Loan 2. [Exhibit C] The Sparlins subsequently defaulted on Loan 2 and the successor trustee recorded a Notice of Trustee's Sale Arizona on January 15, 2010 and another on June 16, 2010 (collectively, the "503 Sale Notices"). [Exhibit D] BAC has since voluntarily postponed the scheduled sale of the 503 Property.

### B. Procedural History.

The Sparlins filed two separate Complaints on August 18, 2010 (CV 10-503) and August 19, 2010 (CV 10-507), to stop the scheduled trustee's sales of the Properties. These cases, along with a separately filed case involving defendant Chase Home Finance (CV 10-508), were consolidated by the Court on August 20, 2010. [Doc. No. 4 (08/20/10 Order)]

BAC moved to dismiss the CV 10-503 and CV 10-507 Complaints on September 13, 2010 for failure to state a claim upon which relief may be granted. [See Doc. No. 13] On October 04, 2010, this Court granted BAC's and Chase Home Finance's motions to dismiss, observing that the Sparlins' Complaints "consist entirely of broad generalizations and conclusory allegations that fail to show how Defendants actually violated any laws in relation to the plethora of purported causes of action asserted by Plaintiffs." [Doc. No. 26 (10/04/10 Order)] This Court granted the Sparlins leave "to file one Consolidated Amended Complaint to state a viable legal claim." [Id. at 4]

///

---

[3] Like the Deeds of Trust, the Notices of Trustee's Sale are public records properly subject to judicial notice. See Pesci, 67 F. Supp. 2d at 1191-92.

### C.     The Amended Complaint.

The Sparlins filed their Amended Complaint on October 29, 2010. [Doc. No. 28 (Am. Compl.)] The Amended Complaint asserts seven purported causes of action, and potentially several others.  Among their vague and conclusory allegations, the Sparlins assert that unspecified "Defendants," as a group, allegedly: (1) committed various acts of fraud, (2) violated unspecified sections of A.R.S. §§ 33-401–423 and A.R.S. §§ 33-801–821, (3) breached unspecified contracts, (4) breached the implied contractual covenant of good faith and fair dealing in unspecified contracts, (5) breached unspecified oral agreements, (6) breached their fiduciary duties, and (7) violated provisions of the federal Truth in Lending Act. [Am. Compl. ¶¶ 93-165]

Although not specified as causes of action, the Sparlins additionally contend that BAC and BofA allegedly committed various fraudulent acts and breached their fiduciary duties regarding alleged "loan modification or short sale discussions" between the parties. [Id. ¶ 84]  The Sparlins also direct numerous allegations at their original lender, Universal American Mortgage Company, LLC ("UAMC"), whom they failed to name as a defendant.  [See, e.g., Am. Compl. ¶¶ 33-34, 38, 68-69, 73]  Finally, the Sparlins contend that only UAMC, as "the real party in interest on the Promissory Note and Deed of Trust . . . is the only entity which holds legal standing to foreclosure on Plaintiff's property." [Id. ¶¶ 46, 81]

As a result of the alleged actions of the unspecified "Defendants," as a group, and non-party UAMC, the Sparlins seek "rescission of the loan contract," restitution, disgorgement of sums which the Defendants allegedly acquired "wrongfully," monetary damages of nearly two million dollars regarding the Properties, interest, and punitive damages in excess of five million dollars regarding the Properties. [Id. at 19]

## II.    LEGAL STANDARD.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

v. Iqbal, 556 U.S. ---, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)) (reversing denial of motion to dismiss). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted). A plaintiff cannot meet her burden simply by contending that she "might later establish some 'set of [undisclosed] facts' to support recovery." Id. at 561. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. It is not sufficient if the complaint merely establishes a "sheer possibility" that the defendant has acted unlawfully. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). To determine whether a complaint states a plausible claim for relief, the court must rely on its "judicial experience and common sense." Id. at 1950.

In considering a motion to dismiss, "[t]he court need not . . . accept as true allegations that contradict matters properly subject to judicial notice, are conclusory or mere legal conclusions, or unwarranted deductions of fact or unreasonable inferences, or contradicted by documents referred to in the Complaint, or are internally inconsistent." Pesci v. IRS, 67 F. Supp. 2d 1189, 1191-92 (D. Nev. 1999), aff'd, 225 F.3d 663 (9th Cir. 2000) (citations omitted). Dismissal can be "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted). Where there is an "obvious alternative explanation" for the conduct alleged, the complaint should be dismissed for failure to state a claim. Iqbal, 129 S. Ct. at 1951.

///

## III. ARGUMENT.

### A. The Court Did Not Grant The Sparlins Permission To Add BofA As A Defendant And BofA Has Not Been Properly Served.

The Court's October 4, 2010 Order, which granted the Sparlins leave to amend, did not include permission to add BofA or JPMorgan Chase & Co. as defendants in these consolidated cases. [Doc. No. 26 (10/04/10 Order)]  Even if the Court should decide to deny this Motion to Dismiss, the Court nevertheless should dismiss these two new defendants.

Additionally, the Sparlins have not, to date, properly served BofA and no affidavit or proof of service appears to have been filed.  BofA hereby objects under Federal Rule of Civil Procedure 12(b)(5) that service of process is insufficient and expressly preserves that defense.  See Fed. R. Civ. P. 4(h).

### B. The Amended Complaint Fails To Comply With The Court's October 04, 2010 Order And Fails To Satisfy Rule 8's Pleading Requirements.

In its October 4, 2010 Order ("Order"), the Court set forth a number of specific pleading requirements which the Sparlins' Amended Complaint, if filed, must meet to state legally viable claims. [Order at 4-5]  The Amended Complaint fails to comply with either the Court's requirements or Federal Rule of Civil Procedure 8.  Among other things, the Order instructed the Sparlins that their Amended Complaint must tell the Court what acts each Defendant allegedly committed with respect to each property, identify which Defendant allegedly did what, and specify how respective Defendant's acts allegedly harmed the Sparlins.  [Id.]  Like in their original Complaints, the Sparlins again assert generalized allegations against unspecified "Defendants" as a group, throughout the Amended Complaint.  [See, e.g., Am. Compl. ¶¶ 94, 96-97, 105-109, 117-119, 127-130]  This alone is cause to dismiss the Amended Complaint with prejudice as Federal Rule of Civil Procedure 8 requires that each defendant be placed on notice of the particular charges against it, and the Court already expressly warned the Sparlins not to

make such broad allegations. See Arikat v. J.P. Morgan Chase & Co., 430 F. Supp. 2d 1013, 1023 (N.D. Cal. 2006) (dismissing generalized allegations against all thirteen defendants as "improper"). The Sparlins also fail to specify how they were harmed by each alleged act or identify which specific Defendant was allegedly responsible for which harm. [See, e.g., Am. Compl. ¶¶ 125, 130, 146]

Additionally, numerous allegations relate to the origination of Loan 1 and Loan 2. [See id. ¶¶ 33-34, 38, 68-69, 73, 96-98, 149, 154-156] As reflected in Exhibits A and C, UAMC loaned the funds for both Loan 1 and Loan 2, yet the Sparlins failed to name UAMC as a defendant. The Sparlins make no allegations that BAC or BofA originated or were otherwise involved with the making of Loan 1 or Loan 2 and fail to allege any facts establishing that BAC or BofA may be held liable for any of UAMC's alleged acts. Neither BAC nor BofA, are therefore the proper defendants for any of the Sparlins' allegations related to the origination of Loan 1 or Loan 2.

**C.    The Sparlins Fail To State Any Fraud Claim As Against BAC or BofA (Count One).**

The Sparlins assert numerous vague and conclusory fraud allegations against unspecified "Defendants" as a group. [Am. Compl. ¶¶ 92-109] These allegations all fail to plead fraud with particularity as required by Federal Rule of Civil Procedure 9. See Fed. R. Civ. P. 9(b). Moreover, the Sparlins' fraud allegations all appear related to loan origination which neither BAC, nor BofA, had any involvement in. [Am. Compl. ¶¶ 96, 107]

To plead fraud under Arizona law, the Sparlins must allege and prove, by clear and convincing evidence: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent it should be acted upon by the person in a manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) their reliance on its truth; (8) their right to rely thereon; and (9) their consequent and proximate injury. Comerica Bank v. Mahmoodi, 224 Ariz. 289,

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

__, 229 P.3d 1031, 1033-34 (Ct. App. 2010); Green v. Lisa Frank, Inc., 221 Ariz. 138, 156, 211 P.3d 16, 34 (Ct. App. 2009). As courts uniformly recognize, "[b]road claims without factual support fail to adequately give defendants notice of the particular misconduct alleged to constitute fraud and, consequently, fail to satisfy FRCP 9(b)." Hearn v. R.J. Reynolds Tobacco Co., 279 F. Supp. 2d 1096, 1113 (D. Ariz. 2003) (internal citation omitted) (dismissing plaintiffs' fraud claims for failure to plead with particularity).

The Sparlins do not allege any of the elements of fraud against BAC or BofA specifically, nor do they provide any factual support as to how BAC or BofA allegedly committed any act of fraud or fraud by omission against the Sparlins. Furthermore, because their fraud allegations all appear related to loan origination, none of the allegations even apply to BAC or BofA, because neither entity was in any way involved with the origination of Loan 1 or Loan 2. Non-party UAMC was the Sparlins' original lender. [See Exs. A and C] Even if the Sparlins could plead fraud or fraud by omission with the required specificity, neither BAC nor BofA would be proper defendants.

The Sparlins also contend that the "Defendants'" alleged acts of fraud entitle them to damages for having "suffered severe emotional distress, mental anguish, harm, humiliation, embarrassment, and mental and physical pain and anguish." [Am. Compl. ¶ 113] If the Sparlins intended to also state a claim for intentional infliction of emotional distress ("IIED"), this claim fails as well. To state an IIED claim, the Sparlins must sufficiently allege that a defendant's conduct: (i) is "extreme and outrageous," (ii) "either intend[s] to cause emotional distress or recklessly disregard[s] the near certainty that such distress will result from his conduct," and (iii) results in "severe emotional distress." Citizen Publishing Co. v. Miller, 210 Ariz. 513, 516, 115 P.3d 107, 110 (2005) (en banc) (internal quotations and citations omitted). The Sparlins fail to adequately allege any of these elements or provide any facts showing they could plausibly be met.

///

### D. The Sparlins Fail To State Any Claim For Violation Of A.R.S. §§ 33-401–423 Or A.R.S. §§ 33-801–821 (Count Two).

The Sparlins vaguely allege that unspecified "Defendants" as a group, violated unspecified provisions of A.R.S. §§ 33-401–423 (recording statutes) and A.R.S. §§ 33-801–821 (non-judicial foreclosure statutes). [See Am. Compl. ¶¶ 115-125] With regard to A.R.S. §§ 33-401–423, BAC and BofA cannot possibly guess which of the twenty-three sections they allegedly violated or by which alleged act(s) they did so. If the Sparlins intended to state a claim under A.R.S. §§ 33-401–423 based on their allegation that they found no assignment of their promissory notes from UAMC to BAC or BofA in the public record, then they have no claim. [See Am. Compl. ¶¶ 42, 45, 77, 80] The Sparlins provide no authority showing that A.R.S. §§ 33-401–423 required UAMC, Countrywide Home Loans, BAC, BofA, or any other relevant party to record the sale or assignment of the Sparlins' promissory notes for Loan 1 or Loan 2.

With regard to A.R.S. §§ 33-801–821, the Sparlins vaguely allege that unspecified "Defendants" violated "Arizona laws and statutes by failing to properly execute foreclosure documents required to foreclose[]" and "by failing to properly execute proper procedures required to hold a Trustee Sale." [Am. Compl. ¶¶ 122-123] Here again, BAC and BofA must guess which of the twenty-one sections of A.R.S. §§ 33-801–821 they allegedly violated, which unspecified "foreclosure documents" they allegedly failed "to properly execute," and which "proper procedures" they allegedly failed to follow with regard to the scheduled trustee's sales of the Properties. For these reasons, the Sparlins fail to state any claim for violation of A.R.S. §§ 33-401–423 or A.R.S. §§ 33-801–821.

### E. The Sparlins Fail To State A Claim For Breach Of Contract (Count Three).

With no factual support or context whatsoever, the Sparlins baldly assert that unspecified "Defendants drafted and entered into individual contract [sic] with the Plaintiffs" and "violated these contracts." [Am. Compl. ¶¶ 127-128] The Sparlins fail to identify which contracts, or what provisions therein, specific Defendants breached. Since

a claim for breach of contract necessarily requires the Sparlins to identify the specific contracts allegedly breached, they fail to state any breach of contract claim. See ChartOne, Inc. v. Bernini, 207 Ariz. 162, 170, 83 P.3d 1103, 1111 (Ct. App. 2004) (setting forth the elements of a breach of contract claim).

**F.     The Sparlins Fail To State A Claim For Breach Of The Covenant Of Good Faith And Fair Dealing (Count Four).**

The implied contractual covenant of good faith and fair dealing ("Good Faith") "arises by virtue of a contractual relationship." Rawlings v. Apodaca, 151 Ariz. 149, 153, 726 P.2d 565, 569 (1986) (en banc). "The essence of that duty is that neither party will act to impair the right of the other to receive the benefits which flow from their agreement or contractual relationship." Id. (internal citations omitted)

The Sparlins vaguely allege that unspecified "Defendants" deprived them "of the benefit of the bargain originally intended by the parties." [Am. Comp. ¶ 137] They allege further that "Defendants" violated the duty of Good Faith by failing "to dutifully perform the terms of the agreements detailed above." [Id. ¶ 139] Other allegations under Count Four make no sense and appear to have been copied and pasted from unrelated pleadings or the Internet with no editing. [See id. ¶¶ 134-135] Regardless, the Sparlins again fail to identify which contracts the Defendants breached, which defendant breached which contract, or how any particular defendant denied them "the benefit of the bargain." Even assuming the Sparlins intended the promissory notes or Deeds of Trust for Loan 1 and Loan 2 to be the basis of any Good Faith claim, they still have no claim. They received the benefits of these contracts through the use and enjoyment of the loaned funds which they used to purchase the Properties.

**G.     The Sparlins Fail To State A Claim For Breach Of Implied Contract (Count Five).**

With no factual support or context, the Sparlins baldly allege that unspecified "Defendants made various oral agreements and representations to Plaintiffs" and

"violated these and other oral representations," thus giving rise "to the claim of breach of implied contract." [Am. Compl. ¶¶ 143-145]  BAC and BofA cannot begin to guess what alleged "oral agreements and representations" the Sparlins are referring to, how these supposed agreements and representations allegedly formed any implied contract, or how BAC or BofA allegedly breached any such implied contract.  The Sparlins fail to state any claim here.  Additionally, even if the Sparlins could identify the alleged implied contracts, such contracts would be unenforceable under Arizona's Statute of Frauds in the absence of a signed writing by BAC or BofA, because each supposed contract would affect an interest in real property.  See A.R.S. § 44-101(6).

### H. The Sparlins Fail To State A Claim For Breach Of Fiduciary Duty (Count Six).

Unspecified "Defendants," the Sparlins contend, "owed a fiduciary duty to [them] to act primarily for their benefit, to act with proper care and diligence, and not to make a personal profit at the expense of the Plaintiff." [Am. Compl. ¶ 148]  They further contend these "Defendants" also owed them "a duty of care under TILA, HOEPA, RESPA and the Regulations X and Z promulgated there under," [Id. ¶ 149]

The Sparlins fail to support these conclusory allegations with any facts, fail to identify any duty BAC or BofA in particular allegedly owed them, and fail to specify how BAC or BofA supposedly breached any such duty.  As for fiduciary duties allegedly owed under TILA, HOEPA, or RESPA, none of these statutes create any such duties. Either the Defendants complied with these statutes or violated them.[4]  Moreover, any of the Sparlins' allegations related to these statutes (assuming they had any merit) are only

---

[4] Besides the TILA allegations in Count Seven, the Sparlins do not allege violations of HOEPA or RESPA in the body of the Amended Complaint.  Although they claim that the Amended Complaint includes violations of RESPA, the Sparlins do not actually identify any allegations as such in the body of the Amended Complaint.  [See Am. Compl. ¶¶ 4, 16, 32-33, 38-39, 67-68, 73-74]  Furthermore, even if the Court construed certain allegations as intending to state a RESPA claim, UAMC would be the only proper defendant for any RESPA claim.  [See id.]

properly alleged against UAMC, their original lender.  Neither BAC nor BofA were involved in the origination of Loan 1 or Loan 2, making any TILA, HOEPA, or RESPA allegations inapplicable to BAC or BofA.

## I.    The Sparlins Fail To State Any TILA Claim (Count Seven).

As set forth above, none of the Sparlins' purported TILA claims apply to either BAC or BofA, as neither BAC nor BofA were involved in the origination of Loan 1 or Loan 2.  Furthermore, each of the Sparlins' purported TILA claims are time-barred for the reasons set forth below.

### 1.    The Sparlins' Alleged Right Of Rescission Under TILA Is Time-Barred.

The Sparlins allege that unspecified "Defendants" violated Section 1635(a) (and its implementing regulation) of the Truth in Lending Act (15 U.S.C. § 1601 et seq.) ("TILA").  [Am. Compl. ¶¶ 152-154]   Section 1635(a) requires creditors to provide obligors with certain written disclosures informing the obligor, among other things, of the right to rescind certain consumer credit transactions.  15 U.S.C. § 1635(a).  The right to rescind expires three days after the obligor's receipt of notice of this right.  Id.  Notwithstanding the three-day time limit, the obligor may rescind the transaction once foreclosure proceedings begin, up to three years after the consummation date of the transaction, if the creditor fails to provide proper written notice of the right to rescind.  15 U.S.C. § 1635(f),(i).

The Sparlins seemingly attempt to avail themselves of this exception to the three-day limit by alleging that "[t]he Notice of Right to Cancel documentation was not provided to Plaintiff **or** if furnished to Plaintiff it failed to" set forth various required disclosure elements.  [Id. ¶ 154 (emphasis added)]   Either alternative is implausible, because if the Sparlins did not receive a copy of the Notice of Right to Cancel, they should be able to say so, instead of resorting to alternative pleading.  See In re Luciano, 200 F. App'x. 628, 630 (9th Cir. 2006)  (finding that plaintiff's TILA based claim "that

she did not receive copies of closing documents" is "a violation she would have discovered at the time of closing" (internal citation omitted)).  Again, these allegations appear as if the Sparlins copied them from other pleadings or the Internet.  Regardless, the Sparlins fail to allege that BAC or BofA did not provide them with the Notice of Right to Cancel and fail to identify in which specific transactions this alleged failure occurred.  Because the Sparlins executed the relevant loan documents for Loan 1 and Loan 2 in January 2007, their right to rescind expired either in January 2007 (if they received notice) or in January 2010 (if they did not).  In either case, their right of rescission under TILA expired and is time-barred.

### 2.    The Sparlins' Other Alleged TILA Claims Are Time-Barred.

The Sparlins next allege that unspecified "Defendants violated TILA at the time of origination" by allegedly using "multiple good faith estimates . . . to mislead and confuse Plaintiffs" and "because over $10,000 in yield spread premium ("YSP") [sic] along with additional amounts paid outside closing."  [Am. Compl. ¶¶ 155-156]  Nowhere do the Sparlins specifically allege that BAC or BofA, neither of whom originated Loan 1 or Loan 2, violated these TILA provisions.  Moreover, because the Sparlins allege that these TILA violations occurred "at the time or origination," and non-party UAMC originated Loan 1 and Loan 2, only UAMC can answer these allegations, assuming they even have merit.

Regardless, the statute of limitations bars the Sparlins' TILA allegations above.  Section 1640(e) of TILA provides that TILA actions must be brought "within one year from the date of the occurrence of the violation."  The date of violation refers to the date "the loan documents were signed."  Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003) (affirming district court's dismissal of plaintiffs' TILA damages claim as time-barred).  The Sparlins executed the relevant loan documents in January 2007, rendering the purported TILA claims above, time-barred.

### 3. The Court Should Not Apply Equitable Tolling To The Sparlins' Purported TILA Claims.

The Sparlins contend that equitable tolling should apply to their purported TILA damages and rescission claims. [Am. Compl. ¶ 158] They fail, however, to plead sufficient facts that would justify its application. "[T]he doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." King v. State of Cal., 784 F.2d 910, 915 (9th Cir. 1986). Equitable tolling applies only when a defendant engages in "fraudulent conduct above and beyond the wrongdoing upon which the plaintiff's claim is filed" that precludes the plaintiff from discovering his claim. Guerrero v. Gates, 442 F.3d 697, 706 (9th Cir. 2006) (emphasis added). See also Jankanish v. First American Title Insurance Co., 2009 WL 779330, *3 (W.D. Wash. Mar. 23, 2009) (plaintiff must allege "that Defendants actively engaged in additional conduct intended to prevent Plaintiffs from discovering the alleged wrongdoing").

The Sparlins' vague and conclusory allegation "that facts surrounding their loan transactions were purposefully hidden and continue to be hidden to this day" is insufficient to meet the above standard. [Am. Compl. ¶ 161] As such, the Court should reject the Sparlins' equitable tolling argument. See Cervantes v. Countrywide Home Loans Inc., 2009 WL 3157160, *4 (D. Ariz. Sept. 24, 2009) (dismissing TILA claims, where plaintiffs failed to "allege any facts supporting these legal conclusions [regarding tolling], such as how Defendants fraudulently misrepresented or concealed the true facts, or why Plaintiffs were otherwise precluded from discovering the TILA violations at the consummation of their loans"); In re Luciano, 200 F. App'x. 628, 630 (9th Cir. 2006) (bankruptcy court properly "decline[d] to apply equitable tolling to Luciano's TILA damages claims because those claims flow from her allegation that she did not receive copies of the closing documents, a violation she would have discovered at the time of closing" (internal citation omitted)). For these reasons, the Sparlins' purported TILA

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

claims asserted in Count Seven are insufficient as pleaded, time-barred, do not warrant equitable tolling, and should be dismissed with prejudice.

### J. The Sparlins Fail To State Any Claim Pertaining To Loan Modification Or Short Sale "Discussions."

The Sparlins make a number of vague and conclusory allegations based on alleged discussions with BAC and BofA regarding "a temporary loan modification on VMT133 [(the 507 Property)] and a short sale agreement on OSR69 [(the 503 Property)]." [Am. Compl. ¶ 82] All of these allegations seem intended to state a claim for fraud or for breach of fiduciary duty. [See id. ¶¶ 84-91] The Sparlins fail to identify any specific facts or provide any context that would give BAC or BofA fair notice of what they allegedly did wrong in which unspecified discussions. For the reasons set forth in other sections of this Motion to Dismiss, the Sparlins equally fail to state any claim for fraud or for breach of fiduciary duty.

### K. The Sparlins' "Real Party In Interest" And "Standing" Allegations Are Meritless.

The Sparlins contend that only their original lender, UAMC, as "the real party in interest on the Promissory Note and Deed of Trust," has "legal standing to foreclosure on Plaintiff's property." [Id. ¶¶ 46, 81] These allegations are meritless. No "real party in interest" rule applies to non-judicial foreclosures under a deed of trust. The term "real party in interest" is found in Federal Rule of Civil Procedure 17 and is relevant in the context of parties pursuing federal lawsuits. See Fed. R. Civ. P. 17(a). A trustee's sale, held by virtue of a power of sale in a deed of trust, is a non-judicial foreclosure process governed exclusively by A.R.S. §§ 33-801–821, making Rule 17(a) irrelevant in this context. The Sparlins thus have no basis for disputing a trustee's sale on the ground that the initiating party is not the "real party in interest." There is also no standing requirement under A.R.S. §§ 33-801–821 for the trustee to non-judicially foreclose on trust property. The existence of a deed of trust confers inherent authority on the trustee to

sell the trust property upon the borrower/trustor's default. A.R.S. § 33-807(A).

**Relief Requested**

For the foregoing reasons, the Defendants respectfully request that the Court enter an order dismissing the Amended Complaint with prejudice.

DATED this 15th day of November, 2010.

                              BRYAN CAVE LLP


                              By /s/Michael B. Dvoren
                                  Robert W. Shely
                                  Coree E. Neumeyer
                                  Michael B. Dvoren
                                  Two North Central Avenue, Suite 2200
                                  Phoenix, AZ  85004-4406

                                  Attorneys for Defendant BAC Home Loans Servicing, LP and Bank of America, N.A.

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

**CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2010, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, with a copy sent via U.S. mail to the following, who are not registered participants of the CM/ECF System:

Michael & Sharon Sparlin
9151 East Showcase Lane
Tucson, Arizona 85749
Plaintiffs Pro Per

By: /s/ Michael B. Dvoren