EXHIBIT 21
CASE #10-503

**23(d)** *Effects of rescission.*

*Paragraph 23(d)(1).*

1. *Termination of security interest.* Any security interest giving rise to the right of rescission becomes void when the consumer exercises the right of rescission. The security interest is automatically negated regardless of its status and whether or not it was recorded or perfected. Under § 226.23(d)(2), however, the creditor must take any action necessary to reflect the fact that the security interest no longer exists.

*Paragraph 23(d)(2).*

1. *Refunds to consumer.* The consumer cannot be required to pay any amount in the form of money or property either to the creditor or to a third party as part of the credit transaction. Any amounts of this nature already paid by the consumer must be refunded. "Any amount" includes finance charges already accrued, as well as other charges, such as broker fees, application and commitment fees, or fees for a title search or appraisal, whether paid to the creditor, paid directly to a third party, or passed on from the creditor to the third party. It is irrelevant that these amounts may not represent profit to the creditor.

2. *Amounts not refundable to consumer.* Creditors need not return any money given by the consumer to a third party outside of the credit transaction, such as costs incurred for a building permit or for a zoning variance. Similarly, the term "any amount" does not apply to any money or property given by the creditor to the consumer; those amounts must be tendered by the consumer to the creditor under § 226.23(d)(3).

3. *Reflection of security interest termination.* The creditor must take whatever steps are necessary to indicate that the security interest is terminated. Those steps include the cancellation of documents creating the security interest, and the filing of release or termination statements in the public record. In a transaction involving subcontractors or suppliers that also hold security interests related to the credit transaction, the creditor must insure that the termination of their security interests is also reflected. The 20-day period for the creditor's action refers to the time within which the creditor must begin the process. It does not require all necessary steps to have been completed within that time, but the creditor is responsible for seeing the process through to completion.

*Paragraph 23(d)(3).*

1. *Property exchange.* Once the creditor has fulfilled its obligations under § 226.23(d)(2), the consumer must tender to the creditor any property or money the creditor has already delivered to the consumer. At the consumer's option, property may be tendered at the location of the property. For example, if lumber or fixtures have been delivered to the consumer's home, the consumer may tender them to the creditor by making them available for pick-up at the home, rather than physically returning them to the creditor's premises. Money already given to the consumer *must* be tendered at the creditor's place of business.

2. *Reasonable value.* If returning the property would be extremely burdensome to the consumer, the consumer may offer the creditor its reasonable value rather than returning the property itself. For example, if building materials have already been incorporated into the consumer's dwelling, the consumer may pay their reasonable value.

*Paragraph 23(d)(4).*

1. *Modifications.* The procedures outlined in § 226.23(d)(2) and (3) may be modified by a court. For example, when a consumer is in bankruptcy proceedings and prohibited from returning anything to the creditor, or when the equities dictate, a modification might be made. The sequence of procedures under § 226.23(d)(2) and (3), or a court's modification of those procedures under § 226.23(d)(4), does not affect a consumer's substantive right to rescind and to have the loan amount adjusted accordingly. Where the consumer's right to rescind is contested by the creditor, a court would normally determine whether