Douglas C. Erickson, 012130
derickson@mmcec.com
Jennifer A. Reiter, No. 017502
jreiter@mmcec.com
**MAYNARD CRONIN ERICKSON CURRAN & REITER, P.L.C.**
3200 North Central Avenue, Ste. 1800
Phoenix, Arizona 85012
(602) 279-8500

Attorneys for Chase Home Finance LLC, and JPMorgan Chase Bank, N.A.

MAYNARD CRONIN ERICKSON CURRAN & REITER, P.L.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE • SUITE 1800 • PHOENIX, ARIZONA 85012
TELEPHONE 602.279.8500 • FACSIMILE 602.263.8185

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Michael Benson Sparlin and Sharon Jeanette Sparlin,<br><br>Plaintiffs,<br><br>v.<br><br>Chase Home Finance and JPMorgan Chase & Co. and BAC Home Loans Servicing, L.P. and Bank of America N.A.<br><br>Defendant. | No. CV10-508-TUC-FRZ<br>CV10-507-TUC-FRZ<br>CV10-508-TUC-FRZ<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT** |

Defendants Chase Home Finance LLC ("CHF") and JPMorgan Chase Bank, N.A. ("Chase") respectfully submit this Reply in Support of Motion to Dismiss Amended Complaint. This Reply is supported by the following Memorandum of Points and Authorities, and the Court's record, which are incorporated herein.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs fail to rehabilitate the Amended Complaint through their explanation of events and theories to the point it could survive a motion to dismiss. In fact, their response actually undermines the viability of the Amended Complaint. For example, they claim that they were "not in default and, in fact, [have] never been in default since moving into their home in February[] 1990." Response ¶ 9. However, the Court cannot accept such an asseration in either the Amended Complaint or the Response, because they later ***admit*** they ***are*** in default.

Response ¶ 17 ("Plaintiff ceased mailing of monthly payments to Defendant CHASE."). Such was the very default that caused the power of sale to be executed by the trustee.[1]

Plaintiffs also complain that they served Qualified Written Requests on some defendants that were not timely answered. However, Plaintiffs did not specifically include a count for any RESPA violation. And, if one could be read into their pleadings, what Plaintiffs identify as Qualified Written Requests (also known as "QWRs") are no such thing, and therefore, they do not implicate RESPA. Federal law defines QWRs.

> Qualified written request. For purposes of this subsection, a qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that–
> (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
> (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B). The purpose of this provision is provide customers with a process to investigate and resolve errors that they believe exist with respect to the servicing of their mortgages.

Exhibit 5 to Plaintiffs' Response is what they allege to be a QWR. A cursory review of the document disproves that characterization. Although it should be clear from the language of the statute, courts have eliminated any potential ambiguity and confirmed that only certain topics related to the "servicing" of a loan are subject to QWRs. *See, e.g., MorEquity v. Naeem*, 118 F. Supp. 2d 885 (N.D. Ill. 2000). "That a QWR must address the servicing of the loan, and not its validity, is borne out by the fact that § 2605(e) expressly imposes a duty upon the loan servicer, and not the owner of the loan." *Consumer Solutions Reo, LLC v. Hillery*, 658 F.

---

[1] As previously noted in the Motion to Dismiss Amended Complaint, the Court may wish to recognize, because it is a matter of public record, that a trustee's sale of the Property occurred on October 7, 2010. By statute, Plaintiffs' ability to challenge the trustee's sale process or the basis for it is extremely limited. A.R.S. § 33-811.

Supp. 2d 1002, 1014 (N.D. Cal. 2009). And even if some RESPA violation was alleged, Plaintiffs fail to demonstrate any pecuniary damages as a proximate result. Such is required for a RESPA claim to be stated. *See Salazar v. Lehman Bros. Bank*, 2010 U.S. Dist. LEXIS 108737 (D. Ariz. 2010).

Finally, the alleged rescission attempted by Plaintiffs, Response ¶ 41, is insufficient even if true. Plaintiffs would have to tender back the full amount of their loan, which they do not even assert the ability to do. *See Castro v. LNV Corp.*, 2010 U.S. Dist. LEXIS 123278 * 9-10 (D. Ariz. November 9)("[T]he equitable remedy of rescission would require [Plaintiffs] to tender the loan proceeds to Defendant."). Additionally, because the Property has been sold, if TILA did provide a right to rescind in this instance, such an action would necessarily fail. *See Salazar,* 2010 U.S. Dist. LEXIS 108737 at * 10. The balance of their Response is a hodge podge of irrelevant or out of context authorities and a misapplication of existing law to the facts of Plaintiffs' case.

## I. <u>The Motion to Dismiss Standard</u>

Plaintiffs do not seriously dispute any aspect of the standards properly set forth in the Motion to Dismiss. (They also fail to articulate any reason for Chase to be a defendant.)

## II. <u>Fraud (Count 1)</u>

Even in light of their explanations, the Amended Complaint fails to come close to identifying specific misrepresentations by anyone (particularly CHF and Chase), specific speakers, specific intent, or explaining how Plaintiffs were damaged by such specious fraud.

## III. <u>Violations of Title 33 (Count 2)</u>

Plaintiffs do not meaningfully defend this claim in any manner.

## IV. <u>Breach of Contract (Count 3)</u>

Other than to erroneously assert that a lender's assignee or successor cannot name a substitute trustee under their deed of trust, Plaintiffs continue to fail to identify any term of any contract that was breached. Even if the lender's rights were not assignable (which they are,

however -- see Deed of Trust ¶ 20), Plaintiffs cannot show any damages related to naming a substitute trustee. The trustee simply carries out the power of sale under the deed of trust when directed to do so by the beneficiary. Plaintiffs do not demonstrate that one trustee would operate any differently than another.

**V. <u>Good Faith and Fair Dealing (Count 4)</u>**

Plaintiffs appear to have abandoned this claim. If not abandoned, they clearly do not offer any argument or explanation sufficient for it survive the Motion to Dismiss.

**VI. <u>Implied Contract (Count 5)</u>**

Plaintiffs do not offer any specifics that could give rise to a cognizable claim for breach of any "implied contract."

**VII. <u>Breach of Fiduciary Duty (Count 6)</u>**

Plaintiffs appear to concede that there is no fiduciary duty upon which this type of claim could be based.

**VIII. <u>TILA (Count 7)</u>**

Plaintiffs do not meaningfully defend or explain how they have stated a TILA claim against these moving defendants. They do argue that equitable tolling can be applied to TILA claims, but that issue was not in dispute. The question is whether it can be applied to Plaintiffs' case, and clearly it cannot. They do nothing to bolster their general allegation that "facts surrounding their loan transactions were purposefully hidden" (Amended Complaint ¶ 161)–an allegation that does not toll the statute of limitations. *See Sipe v. Countrywide Bank*, 2010 U.S. Dist. LEXIS 12951, 10-14 (E.D. Cal. 2010). Nor is there any indication that any defendant acted so that Plaintiffs "in ***some extraordinary way*** . . . [have] been prevented from asserting [their] rights." *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 618-619 (3rd Cir. 1998) (internal marks and citations omitted; emphasis added).

**IX. Conclusion**

Plaintiffs have not stated any viable claims and the Amended Complaint should be dismissed, with prejudice, as to CHF and Chase.

RESPECTFULLY SUBMITTED this 8th day of December, 2010.

**MAYNARD CRONIN ERICKSON CURRAN & REITER, P.L.C.**

By /s/Douglas C. Erickson
Douglas C. Erickson
Jennifer A. Reiter
3200 North Central Avenue, Ste. 1800
Phoenix, Arizona 85012-2443
Attorneys for Chase Home Finance LLC and JPMorgan Chase Bank, N.A.

**ORIGINAL** of the foregoing e-filed this 8th day of December, 2010, with:

Clerk of the Court
Evo A. DeConcini U.S. Courthouse
405 West Congress Street
Tucson, AZ 85701

**COPY** of the foregoing electronically delivered this 8th day of December, 2010, to:

Honorable Frank R. Zapata
United States District Court
Evo A. DeConcini U.S. Courthouse
405 West Congress Street, Suite 5160
Tucson, AZ 85701-5050

Coree Elizabeth Neumeyer, Esq.
Michael Benjamin Dvoren, Esq.
Bryan Cave LLP
2 N. Central Ave., Ste 2200
Phoenix, AZ 85004-4406
Attorneys for BAC Home Loan Servicing, L.P.

**COPY** of the foregoing mailed this 8th day of December, 2010, to:

Michael and Sharon Sparlin
9151 E. Showcase Lane
Tucson, AZ 85749
Plaintiffs pro per

By /s/Stacey Tanner