BRYAN CAVE LLP, #00145700
Robert W. Shely, #014261
Coree E. Neumeyer, #025787
Michael B. Dvoren, #027386
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
Telephone: (602) 364-7000
Facsimile: (602) 364-7070
rwshely@bryancave.com
coree.neumeyer@bryancave.com
michael.dvoren@bryancave.com

Attorneys for Defendants BAC Home Loans
Servicing, LP and Bank of America, N.A.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Benson Sparlin and Sharon Jeanette Sparlin,<br><br>     Plaintiffs,<br>vs.<br><br>Chase Home Finance; JPMorgan Chase & Co.; BAC Home Loans Servicing, LP; and Bank of America, N.A.,<br><br>     Defendants. | No. CV 10-503-TUC-FRZ<br>No. CV 10-507-TUC-FRZ<br>No. CV 10-508-TUC-FRZ<br>**CONSOLIDATED**<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT AND MOTION TO STRIKE**<br><br>(Hon. Frank R. Zapata) |

Plaintiffs Michael B. and Sharon J. Sparlins' (the "Sparlins") Response to Defendant's Motion to Dismiss ("Response") fails to adequately address any of the arguments raised by BAC Home Loans Servicing, LP ("BAC") and Bank of America, N.A. ("BofA") (collectively, the "Defendants") in their Motion to Dismiss Amended Complaint ("Motion").[1] The Response fails to clarify the Amended Complaint's vague

---

[1] Unless otherwise specified herein, capitalized terms have the same meaning ascribed to them in the Motion. [See Doc. No. 31]

and conclusory allegations, fails to adequately defend against the Defendants' arguments raised in the Motion, and fails to explain why the Sparlins persist in pursuing these claims against BAC and BofA for allegations related to loan origination.  It should be clear that the Sparlins cannot state a viable claim against the Defendants and that there is no basis upon which this litigation should continue.  By their own admission, the Sparlins "ceased making payments" on Loan 1 and Loan 2 in January 2009.  [Response ¶ 29]  The Court should not reward the Sparlins' continued attempts to use litigation to delay and obstruct the scheduled trustee's sales which are legal and proper remedies for the Sparlins' default on Loan 1 and Loan 2.  Accordingly, the Defendants respectfully request that the Court enter an Order dismissing the Sparlins' Amended Complaint with prejudice.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I. The Sparlins Have Failed To Comply With The Court's Local Rules And The Court Should Accordingly Strike The Response In Its Entirety.

Under the Court's local rules, a "response including its supporting memorandum, . . . shall not exceed seventeen (17) pages, exclusive of attachments and any required statement of facts."  LRCiv 7.2(e).  The Response is twenty-four pages long.  The Court may grant the Defendants' Motion on this basis alone.  See LRCiv 7.2(i) ("If a motion does not conform in all substantial respects with the requirements of this Local Rule . . . such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily.").

Based on LRCiv 7.2(e), the Defendants hereby request that the Court issue an order striking the Response in its entirety.  As a twenty-four page filing, the Response is "prohibited (or not authorized) by a statute, rule, or court order."  LR Civ 7.2(m)(1).

### II. The Response Introduces New Allegations Not Found In The Amended Complaint.

The Sparlins raise numerous new allegations for the first time in the Response. For example, they claim that the "Defendants have committed fraud on the Court," that the Sparlins' "Notes were placed into a Special Purpose Vehicle," and that unspecified "Defendants failed to respond" to the Sparlins' Qualified Written Request ("QWR")

within the time prescribed under RESPA. [Response ¶¶ 11, 19, 44] The Court should disregard any and all new allegations raised for the first time in the Response. "[A] court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." Schneider v. Cal. Dep't of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (internal citations omitted). The Sparlins had ample time to gather additional evidence and include their numerous new allegations in their Amended Complaint. The Court should additionally not consider these new allegations because they are conclusory, irrelevant, without factual support, and/or copied and pasted from the Internet without editing (thus bearing no factual relationship to the Sparlins' consolidated cases).

**III.   The Sparlins Did Not Properly Serve BofA.**

BofA is a National Association, registered to do business in Arizona with the Arizona Corporation Commission. BAC is a foreign limited partnership, registered to do business in Arizona with the Arizona Secretary of State. As a separate legal entity, BofA must be served separately from BAC, and service upon BAC does not constitute service upon BofA. See Fed. R. Civ. P. 4(h). To date, the Sparlins have not properly served BofA and no affidavit or proof of service appears to have been filed. Accordingly, BofA expressly preserves its defense under Federal Rule of Civil Procedure 12(b)(5) that service of process is insufficient.

**IV.   The Sparlins' Amended Complaint Fails To Comply With The Court's October 04, 2010 Order And Fails To Satisfy Rule 8's Pleading Requirements.**

In the Motion, the Defendants set forth arguments specifying why the Sparlins' Amended Complaint fails to comply with the Court's October 04, 2010 Order and Rule 8's pleading requirements. [See Motion at 6-7] The Defendants will not reiterate each of those arguments here but instead reassert and incorporate them by reference. The Response fails to meaningfully defend against these arguments. [See Response ¶ 9] Furthermore, the Response continues to assert generalized allegations against an

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

unspecified "Defendant" or "Defendants" as a group. [See, e.g., Response ¶¶ 13-14, 21-22, 24, 29]

Additionally, like the Amended Complaint, the Response provides no facts showing that either BAC or BofA were in any way involved in originating either Loan 1 or Loan 2 and fails to establish how BAC or BofA may be held liable for any of Universal American Mortgage Company, LLC's ("UAMC")[2] alleged acts. In fact, the Sparlins expressly admit that "Defendants did not originate the loan." [Id. ¶ 24] Neither BAC, nor BofA, are proper defendants for any of the Sparlins' allegations regarding loan origination.

The Sparlins' failure to meaningfully defend against the Defendants' arguments referenced above is reason alone for the Court to grant the Defendants' Motion. See LRCiv 7.2(b), (c), (i); Garcia v. GMAC Mortgage, LLC, 2009 WL 2782791, at *1 (D. Ariz. Aug. 31, 2009) ("If an argument is not properly argued and explained, the argument is waived."); E.E.O.C. v. Eagle Produce, L.L.C., 2008 WL 2796407, at *2 (D. Ariz. July 18, 2008) ("Parties must come forward with their points and authorities in support of or in opposition to a motion."); Currie v. Maricopa County Cmty. College Dist., 2008 WL 2512841, at *2 n.1 (D. Ariz. June 20, 2008) ("Plaintiff does not respond to this argument, and her failure to do so serves as an independent basis upon which to grant [the] motion[.]"). The Ninth Circuit instructs that the Court cannot manufacture arguments for a party, but may "review only issues which are argued specifically and distinctly…." Indep. Towers of Wash. v. Washington, 350 F.3d 925, 929 (9th Cir. 2003).

**V. The Sparlins Fail To State Any Fraud Claim As Against BAC Or BofA (Count One).**

The Sparlins fail to meaningfully defend against the Defendants' arguments raised in the Motion which set forth specific reasons why the Amended Complaint fails to state any fraud claim. [See Motion at 7-8; Response ¶¶ 10-12] The Court should dismiss

---

[2] The Sparlins expressly admit that UAMC originated "the 'loan' secured by Plaintiffs properties." [Id. ¶ 76]

Count One with prejudice. See LRCiv 7.2(b), (c), (i); Garcia, 2009 WL 2782791, at *1 (D. Ariz. Aug. 31, 2009); E.E.O.C., 2008 WL 2796407, at *2 (D. Ariz. July 18, 2008); Currie, 2008 WL 2512841, at *2 n.1 (D. Ariz. June 20, 2008).

**VI.    The Sparlins Fail To State Any Claim For Violation Of A.R.S. §§ 33-401–423 Or A.R.S. §§ 33-801–821 (Count Two).**

In response to the Defendants' arguments raised in the Motion regarding alleged violations of A.R.S. §§ 33-401–423 and A.R.S. §§ 33-801–821, the Sparlins merely contend, in conclusory fashion, "that violations have been committed by Defendant relative to property A," and list numerous Arizona statutes which the Defendants allegedly violated. [Response ¶ 13; see Motion at 9] The Sparlins' failure to allege any facts showing how and which of the Defendants violated which of these specific statutes requires dismissal of Count Two. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ---, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)) (reversing denial of motion to dismiss).

**VII.   The Sparlins Fail To State A Claim For Breach Of Contract (Count Three).**

Instead of defending against the specific arguments raised in the Defendants' Motion, the Sparlins assert a jumble of new and rehashed allegations, many of which relate to loan origination and therefore have no relation to the Defendants. [See Motion at 9-10; Response ¶¶ 14-22] Among these confusing allegations, the Sparlins imply that UAMC had no right to sell the Sparlins' promissory notes and that doing so constitutes a breach of contract. [See id. ¶¶ 17-22] However, in the respective Deeds of Trust for Loan 1 and Loan 2, the Sparlins contractually agreed that "[t]he Note or a partial interest in the Note (together with this Security Agreement) can be sold one or more times without prior notice to Borrower." [Motion, Exs. A and B, Section 20] The Sparlins therefore have no breach of contract claim on this, or any other basis. For the reasons set forth above and in the Motion, the Court should dismiss Count Three with prejudice.

### VIII. The Sparlins Fail To State A Claim For Breach Of The Covenant Of Good Faith And Fair Dealing (Count Four).

In the Amended Complaint, the Sparlins vaguely allege that unspecified "Defendants" deprived them "of the benefit of the bargain originally intended by the parties" and failed to "to dutifully perform the terms of the agreements detailed above." [Am. Comp. ¶¶ 137, 139]  For the reasons set forth in the Defendants' Motion, these vague allegations fail to state any claim for breach of the implied covenant of good faith and fair dealing ("Good Faith"). [See Motion at 10]  Rather than identify any specific contract which the Defendants allegedly breached or how they did so, the Response focuses on alleged discussions between the Sparlins and "BAC and BOA regarding loan modifications, short sale options and deed-in-lieu options." [Response ¶ 25]  Besides introducing these new allegations[3] for the first time in the Response, the Sparlins' assertions here are irrelevant to whether the Defendants allegedly breached the duty of Good Faith.  [See id. ¶¶ 24-28]  To state a Good Faith claim, the Sparlins must sufficiently plead that they entered into a contract with BAC and BofA before the duty of Good Faith may attach.  Rawlings v. Apodaca, 151 Ariz. 149, 153, 726 P.2d 565, 569 (1986) (en banc) ("The duty arises by virtue of a contractual relationship.").  As the Sparlins fail to identify any specific contract from which the duty of Good Faith would arise, let alone how BAC or BofA allegedly breached such duty, the Court should dismiss Count Four with prejudice.

### IX. The Sparlins Fail To State A Claim For Breach Of Implied Contract (Count Five).

The Sparlins fail to address or defend against the Defendants' arguments raised in the Motion which set forth specific reasons why the Amended Complaint fails to state any claim for breach of implied contract. [See Motion at 10-11]  The Court should

---

[3] The Defendants acknowledge that the Sparlins made generalized allegations regarding loan modifications and short sales in their Amended Complaint. [See Am. Compl. ¶¶ 82, 84, 106] Nevertheless, they introduce numerous new allegations regarding these for the first time in the Response. [See Response ¶¶ 25-29, Exs. 6-7]

therefore dismiss Count Five with prejudice. See LRCiv 7.2(b), (c), (i); Garcia, 2009 WL 2782791, at *1 (D. Ariz. Aug. 31, 2009); E.E.O.C., 2008 WL 2796407, at *2 (D. Ariz. July 18, 2008); Currie, 2008 WL 2512841, at *2 n.1 (D. Ariz. June 20, 2008).

**X. The Sparlins Fail To State A Claim For Breach Of Fiduciary Duty (Count Six).**

In the Amended Complaint, the Sparlins allege that unspecified "Defendants" "owed a fiduciary duty to [them] to act primarily for their benefit, to act with proper care and diligence, and not to make a personal profit at the expense of the Plaintiff." [Am. Compl. ¶ 148] They also allege that unspecified "Defendants owed a duty of care under TILA, HOEPA, RESPA, and the Regulations X and Z . . . [to] provide proper disclosures concerning the terms and conditions of the loans they marketed." [Id. ¶ 149] For the reasons set forth in the Defendants' Motion, these allegations fail to state any claim for breach of fiduciary duty. [See Motion at 11-12] Additionally, a lender does not owe a borrower any fiduciary duty in Arizona. Renteria v. United States, 452 F .Supp. 2d 910, 922–23 (D. Ariz. 2006) ("[n]o . . . duty exists for a lender to determine the borrower's ability to repay the loan"); McAlister v. Citibank, 171 Ariz. 207, 212, 829 P.2d 1253, 1258 (Ct. App. 1992) (affirming summary judgment for defendant bank on breach of fiduciary duty claim brought by depositor).

Instead of addressing the arguments in the Defendants' Motion, the Response focuses on new allegations[4] related to loan modifications supposedly being negotiated between the Sparlins and the Defendants. [Response ¶ 29] The Response's allegations of breach of fiduciary duty related to loan modifications has nothing to do with the Amended Complaint's allegations regarding "personal profit" or providing "proper disclosures." Moreover, the Sparlins' inapposite legal authority from other jurisdictions regarding promissory estoppel does not support their breach of fiduciary duty allegations. [See id. ¶¶ 30-34] Accordingly, the Court should dismiss Count Six with prejudice.

---

[4] See footnote 3 above.

**XI.    The Sparlins Fail To State Any TILA Claim (Count Seven).**

In response to the Defendants' arguments raised in the Motion setting forth the specific reasons why the Sparlins fail to state any TILA claim, the Sparlins litter the Response with a medley of new and rehashed allegations pursuant to TILA, RESPA, Regulation Z, FDCPA, HOEPA,[5] and the Uniform Commercial Code ("UCC")[6]  [See Response ¶¶ 37- 59, 67-70]  The Defendants have already addressed many of these allegations in their original Motion to Dismiss and in the Motion, and reassert their arguments here by reference.  [See Doc. No. 13 at 9, 11-12; Motion at 12-15]  The Court should disregard each of the Sparlins' new allegations, raised for the first time in the Response.[7]  Schneider, 151 F.3d at 1197 n.1.

**XII.   The Sparlins Fail To State Any Claim Pertaining To Loan Modification Or Short Sale "Discussions."**

The Defendants hereby reassert and incorporate by reference, each argument raised in the Motion pertaining to loan modification or short sale discussions.  [See Motion at 15]  The Sparlins fail to state any claim stemming from these allegations.  To

---

[5] As noted in the Motion, the Sparlins do not allege violations of HOEPA or RESPA in the body of the Amended Complaint.  [See Motion at 11, n.4]  Even if the Court construed certain allegations in the Amended Complaint as intending to state a RESPA claim, UAMC would be the only proper defendant for any RESPA claim (setting aside the fact that any RESPA claim would be time-barred).  [See id.; Doc. No. 13 at 11-12]

[6] Each and every one of the Sparlins' allegations related to the U.C.C. and the "holder in due course" legal argument is meritless and irrelevant to their consolidated cases.  [See, e.g., Response ¶¶ 50-51]  Arizona's adoption of Article 3 of the UCC, found at A.R.S. § 47-3101 et seq., has no bearing on the scheduled trustee's sales of the 503 and 507 Properties.  Trustee's sales in Arizona are exclusively governed by A.R.S. §§ 33-801–821.  Any of the Sparlins' allegations that BAC, BofA, or any other relevant parties do not have the right to commence or hold a trustee's sale of the 503 and 507 Properties, based on the UCC, must fail as a matter of law.

[7] Like the Sparlins' original Complaint and Amended Complaint, many of these allegations appear to have been copied and pasted from unrelated pleadings or the Internet with little editing.  As such, they have little to no factual relationship to the Sparlins' consolidated cases.

the extent the Sparlins introduce new allegations for the first time in the Response, the Court should disregard them. [See Response ¶¶ 23-29, 71]

**XIII. The Sparlins' "Real Party In Interest" And "Standing" Allegations Are Meritless.**

Instead of defending against the specific arguments raised in the Defendants' Motion regarding the Sparlins' "real party in interest" and "standing" allegations, the Sparlins spend nearly seven pages setting forth a confusing assortment of new and rehashed allegations, many of which appear to have been copied from other pleadings or the Internet. [See Motion at 15-16; Response ¶¶ 73-101] Each of the Sparlins' allegations here are meritless. For example, the Sparlins assert that "[t]he note" and "[t]he alleged obligations" "may or may not be in default." [Response ¶¶ 78, 85] These assertions, likely copied from the Internet, are contrary to the Sparlins' admission that they "ceased making payments" on Loan 1 and Loan 2 in January 2009. [Response ¶ 29] Their attack on MERS is equally meritless. [See id. ¶¶ 89-100] This Court has repeatedly affirmed the use of the MERS system. See, e.g., Ciardi v. The Lending Co., Inc., No. 2:10-cv-0275, 2010 WL 2079735, at *3 (D. Ariz. May 24, 2010); Silvas v. GMAC Mortgage LLC, 2009 WL 4573234, at *8 (D. Ariz. Dec. 1, 2009) ("Plaintiff agreed to empower MERS to foreclose because the Deed of Trust designates MERS as the beneficiary and authorizes MERS to take any action to enforce the loan, including the right to foreclose and sell the property."); Cervantes v. Countrywide Home Loans, Inc., No. 2:09-cv-00517, 2009 WL 3157160, at *10 (D. Ariz. Sept. 24, 2009).

The Sparlins fail to meaningfully address or defend the Defendants' arguments which established that no "real party in interest" rule applies to non-judicial foreclosures under a deed of trust and that under A.R.S. §§ 33-801–821, there is no standing requirement for the trustee to non-judicially foreclose on trust property.

**Relief Requested**

For the foregoing reasons, the Defendants respectfully request that the Court enter an order striking the Response in its entirety and dismissing the Sparlins' Amended

682957.4

9

1  Complaint with prejudice.

2      DATED this 14th day of January, 2011.

3
                                        BRYAN CAVE LLP

4

5                By  /s/ Michael B. Dvoren
                 Robert W. Shely
6                   Coree E. Neumeyer
7                   Michael B. Dvoren
                 Two North Central Avenue, Suite 2200
8                   Phoenix, AZ  85004-4406

9
                 Attorneys for Defendant BAC Home Loans
10                  Servicing, LP and Bank of America, N.A.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

682957.4                                  10

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

**CERTIFICATE OF SERVICE**

I hereby certify that on January 14, 2011, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, with a copy sent via U.S. mail to the following, who are not registered participants of the CM/ECF System:

Michael & Sharon Sparlin
9151 East Showcase Lane
Tucson, Arizona 85749
Plaintiffs Pro Per

By: /s/ Michael B. Dvoren

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

682957.4

11