IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael & Sharon Sparlin,<br><br>　　　Plaintiffs,<br><br>vs.<br><br>Chase Home Finance; JP Morgan Chase & Co.; BAC Home Loans Servicing, L.P; Bank of America, N.A.,<br><br>　　　Defendants. | No. CV 10-503-TUC-FRZ<br>No. CV 10-507-TUC-FRZ<br>No. CV 10-508-TUC-FRZ<br>**CONSOLIDATED**<br><br>**ORDER** |

Pending before the Court are two motions to dismiss. For the reasons stated below, the motions are granted.

**Standard of Review**

The dispositive issue raised by a motion to dismiss for failure to state a claim is whether the facts as pleaded, if established, support a valid claim for relief. *See Neitzke v. Williams*, 490 U.S. 319, 328-329 (1989). In reviewing a motion to dismiss for failure to state a claim, a court's review is typically limited to the contents of the complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). Furthermore, a court must "construe the complaint . . . in the light most favorable to the non-moving party, and [a court must] take the allegations and reasonable inferences as true." *Walter v. Drayson*, 538 F.3d 1244, 1247 (9th Cir. 2008).

A pleading must contain a "short and plain statement of the claim *showing* that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 1951.

While a Court is typically limited to considering only those facts specifically alleged in the Complaint when ruling on a Rule 12(b)(6) motion, certain facts may be considered without converting the motion to dismiss into a motion for summary judgment. *See generally U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)("A court may . . . consider certain materials - documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice - without converting the motion to dismiss into a motion for summary judgment."); *Knievel v. ESPN*, 393 F.3d 1068, 1076-77 (9th Cir. 2005); *Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005)(courts may take judicial notice of the docket in related cases as materials from a proceeding in another tribunal are appropriate for judicial notice); *Emrich v. Touche Ross & Company*, 846 F.2d 1190, 1198 (9th Cir. 1988)(a motion to dismiss for failure to state a claim is not treated as a summary judgment motion where the Court considers matters subject to judicial notice such as proceedings and determinations in related litigation); *Mullis v. U.S. Bankruptcy Court for the District of Nevada*, 828 F.2d 1385, 1388 (9th Cir. 1987)(facts subject to judicial notice may be considered in relation to a motion to dismiss; further holding that on a motion to

dismiss, the court need not accept as true allegations that contradict facts which may be judicially noticed by the court).[1]

**Discussion**

This consolidated case stems from three separate lawsuits filed by Plaintiffs against Defendants alleging numerous causes of action stemming from foreclosures of three of Plaintiffs' properties (i.e., "491 S. Douglas Wash Road"; "7922 S. Clarkson Court"; and "9151 E. Showcase Lane"). As all three lawsuits contained essentially identical allegations, the Court issued an Order consolidating the cases. Upon filing suit, Plaintiffs sought immediate injunctions as to the foreclosures of the three separate properties; these requests were denied by the Court. In a previous Order, Defendants' motions to dismiss were granted, but Plaintiffs were given a final opportunity to file a consolidated Amended Complaint to state viable legal claims. In the Court's previous Order granting Defendants' motions to dismiss, the Court stated in relevant part:

> As correctly argued by Defendants, Plaintiffs' three (nearly identical) Complaints consist entirely of broad generalizations and conclusory allegations that fail to show how Defendants actually violated any laws in relation to the plethora of purported causes of action asserted by Plaintiffs. As Plaintiffs fail to state a claim on any basis, Plaintiff's Complaints in CV 10-503, CV 10-507, and CV 10-508 are all dismissed without prejudice. *See id.*
>
> The Court, however, will give Plaintiffs one final opportunity to file one Consolidated Amended Complaint to state a viable legal claim. Plaintiffs shall comply with the following requirements when they file their Consolidated Amended Complaint. Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). Rule 8(d)(1) states that "[e]ach allegation must be simple, concise, and direct." A complaint having the factual elements of a cause of action scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *See Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988); *see also McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996). Rule 10(b) of the Federal Rules of Civil Procedure also requires a plaintiff to state claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Moreover, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(b). It is not the responsibility of the Court to review a rambling narrative in an attempt to determine the number and nature of a plaintiff's claims. Conclusory and vague allegations will not support a cause of action. Further, a liberal interpretation of a pro

---

[1]For purposes of the pending motions to dismiss, the Court has only considered the Amended Complaint and facts that can properly be considered by the Court without converting the motion to dismiss to a motion for summary judgment; facts falling outside the criteria appropriate in relation to the Rule 12(b)(6) motions have been disregarded by the Court.

- 3 -

1   se Complaint may not supply essential elements of the claim that were not initially pled. Generally, to state any valid claim against any defendant, plaintiffs must show that they actually suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant.  If Plaintiff files a Consolidated Amended Complaint, Plaintiff must write short, plain statements telling the Court: (1) the legal right Plaintiff believes was violated as to each property at issue (i.e., each case-CV 10-503, 10-507, 10-508- involve three distinct foreclosure actions as to three separate homes) ; (2) the name of the Defendant who violated the right as to each property; (3) exactly what that Defendant did or failed to do as to each property; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's legal right as to each property; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct as to each property. Plaintiff must repeat this process for each Defendant as to the three separate properties at issue.  If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff as to each property, the allegations against that Defendant as to the property in question will be dismissed for failure to state a claim. Conclusory allegations that a Defendant or group of Defendants have violated a legal right are not acceptable and will be dismissed.

   Accordingly, in compliance with the above directives, Plaintiff shall file one Consolidated Amended Complaint . . .  Plaintiffs is again warned that simply cutting and pasting a series of rambling allegations from various sources on the internet and stating that a plethora of laws were violated is not sufficient to state a legal claim. Furthermore, summarizing the purported history of the meltdown of the real estate market and the various unseemly actions that were undertaken by those involved in the real estate/banking industry that led to the meltdown is insufficient to state a legal claim.  Thus, filing a Consolidated Amended Complaint that simply cuts and pastes the allegations from the three original Complaints into one massive Consolidated Amended Complaint will result in dismissal with prejudice.  Rather, Plaintiff shall comply with the requirements outlined by the Court above in their attempt to file one Consolidated Amended Complaint that actually states legally viable claims.

*See* Doc. 26.

Plaintiffs filed a Consolidated Amended Complaint, and Defendants[2] again filed motions to dismiss arguing that Plaintiffs have failed to state any claims.  A review of the Amended Complaint reflects that it suffers from the same problems leading to the dismissal of the original three Complaints.  The Amended Complaint is a compilation of vague, confusing, conclusory allegations that fail to state any viable claims and is therefore dismissed with prejudice; allowing further amendment would be futile.

To the extent Plaintiff has explicitly listed claims in the seven counts of the Amended Complaint, the Court addresses those claims below.

---

[2] Plaintiffs' Amended Complaint names four Defendants: Chase Home Finance and JP Morgan Chase & Co. (hereinafter, "Chase" or "Defendants"); and BAC Home Loans Servicing, L.P and Bank of America, N.A. (hereinafter, "BOA" or "Defendants").  As discussed herein, all claims against all four Defendants are dismissed with prejudice for failure to state a claim.

- 4 -

**Count 1: Fraud**

In Count 1, Plaintiff asserts a claim for fraud against all of the Defendants. To state a claim for fraud, the following must be shown: "(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it be acted upon by the recipient in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the right to rely on it; (9) his consequent and proximate injury." *Enyart v. Transamerica Ins. Co.*, 195 Ariz. 71, 77, 985 P.2d 556, 562 (Ct. App. 1998). The "circumstances constituting fraud" must be pled with "particularity" pursuant to FED.R.CIV.P. 9(b). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED.R.CIV.P. 9(b). "[R]ule 9(b) does not require nor make legitimate the pleading of detailed evidentiary matter . . . [it does not require] any particularity in connection with an averment of [mental state]. It only requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Walling v. Beverly Enterprises*, 476 F.2d 393, 397 (9th Cir. 1977); *see also Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989)(same); *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985)(the allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud . . . so that they can defend against the charge and not just deny that they have done anything wrong.").

As Defendants correctly argue, Plaintiffs' fraud allegations consist of vague and conclusory allegations against unspecified Defendants as a group. Furthermore, the fraud allegations appear to stem from loan origination as to each loan at issue, but it is undisputed that none of the Defendants named in this case were actually involved in the origination of any of the loans at issue. Rather, the originator for both BOA loans was Universal American Mortgage Company ("UAMC") and the originator for the one Chase loan was Quicken Home Loans ("Quicken"); neither UAMC or Quicken are parties to this case. Plaintiffs' Amended Complaint fails to provide any factual support meeting any of the elements of fraud as to any of the Defendants. As such, the fraud claim is dismissed as to all of the

1  Defendants.[3]

**Count 2: Violations of Title 33**

In Count 2, Plaintiff asserts a claim against all of the Defendants for "violation of A.R.S. §33, Chapter 4, Articles 1 & 2, and Chapter 6.1, Article 1." *See* Amended Complaint at 14. Plaintiffs Amended Complaint does not specify what specific provisions are violated by the Defendants, despite the fact that Plaintiffs extremely broad claim covers A.R.S. §§ 33-401-406, §§33-411-424, and §§ 33-801-821; these provisions generally deal with non-judicial foreclosure and recording. Furthermore, Plaintiffs do not provide any factual support showing how these provisions were violated. Accordingly, Count 2 is dismissed as to all Defendants.

**Count 3 (Breach of Contract), Count 4 (Good Faith and Fair Dealing), Count 5 (Implied Contract)**

In Count 3, Plaintiffs summarily assert a claim for breach of contract against all of the Defendants. However, Plaintiffs give no facts to support a breach of contract, do not specify what contract was violated, and do not specify what provision of any contract was violated; as such, Plaintiffs' breach of contract claim is dismissed as to all Defendants. *See Chartone, Inc. v. Bernini*, 207 Ariz. 162, 170 (Ct. App. 2004); *Cannon v. State Farm Mut. Automobile Ins. Co.*, 2006 WL 1867735, *1 (N.D. Cal. 2006); *Amer. Casual Dining, L.P. v. Moe's Southwest Grill, LLC*, 426 F.Supp. 2d 1356, 1369 (N.D. Ga. 2006). In Count 4, Plaintiffs assert a breach of the implied covenant of good faith and fair dealing against Defendants. "Arizona law implies a covenant of good faith and fair dealing in every contract . . . [I]mplied terms are as much of a contract as are the express terms . . . The purpose of such terms is so neither party will act to impair the right of the other to receive the benefits which flow from their agreement or contractual relationship." *Bike Fashion Corp. v. Kramer*, 202 Ariz. 420, 423 (Ct. App. 2002)(internal quotes and citations omitted); *see also Rawlings v.*

---

[3] To the extent Plaintiffs may be asserting an intentional infliction of emotional distress claim related to the fraud count, it also fails as they fail to allege sufficient facts supporting any such claim. *See Citizen Publishing Co. v. Miller*, 210 Ariz. 513, 516 (2005).

- 6 -

*Apodaca*, 151 Ariz. 149, 153 (1986). Although the implied covenant arises out of contract, Plaintiffs give no facts to support a breach of any contract, do not specify what contract was violated, do not specify what provision of any contract was violated, and do not specify what rights flowing from the contract were impaired by Defendants; as such, Count 4 is dismissed as to all Defendants. In Count 5, Plaintiffs assert a claim for breach of an implied contract with Defendants. As to this claim, Plaintiffs simply allege that "Defendants made various oral agreements and representations to Plaintiffs." *See* Amended Complaint at 16. However, Plaintiffs give no details as to what oral agreements or representations were made to Plaintiffs, how these unspecified oral agreements or representations formed an implied contract, and how Defendants breached any such implied contract; thus, Count 5 is dismissed as to all Defendants. *See Barmat v. John and Jane Doe Partners A-D*, 155 Ariz. 519, 521-22 (1987).[4]

**Count 6: Breach of Fiduciary Duty**

In Count 6, Plaintiffs allege that all of the Defendants breached fiduciary duties owed to Plaintiffs. They allege that Defendants generally "owed a fiduciary duty to the Plaintiffs to act primarily for their benefit, to act with proper care and diligence, and not to make a personal profit at the expense of Plaintiff[s]." *See* Amended Complaint at 16. They also allege that "Defendants owed them a duty of care under TILA, HOEPA, RESPA and the Regulations X and Z promulgated there under . . ." *See id.* However, Plaintiffs fail to provide any factual support for any of these conclusory allegations, do not identify any specific legal duty Defendants owed to them, and do not explain how any specific legal duty owed to them was specifically breached by any Defendants.[5] Furthermore, the statutes and

---

[4] In addition, as any implied contract (i.e., no signed writing) in this case would likely relate to an interest in real property, it would be unenforceable under the Statute of Frauds. *See* A.R.S. §44-101(6).

[5] The Court also notes that under Arizona law, there generally is no fiduciary relationship between a lender and borrower. *See McAlister v. Citibank (Arizona), a subsidiary of Citicorp*, 171 Ariz. 207, 212 (Ct. App. 1992).

- 7 -

1 regulations referenced by Plaintiffs' allegations pertain to loan origination, and the
2 Defendants in this case did not originate any of the loans at issue. Accordingly, Count 6 is
3 dismissed as to all Defendants.

**Count 7: Truth in Lending Act ("TILA")**

In Count 7, Plaintiffs assert TILA violations against Defendants. However, as referenced above, Plaintiffs' assertions of violations of TILA are inapplicable to Defendants as the purported claims under TILA asserted by Plaintiffs pertain to loan origination, and none of the Defendants originated Plaintiffs' loans in this case. Furthermore, as Defendants correctly argue, even if TILA was applicable, Plaintiffs' claims are time-barred and their conclusory statements are insufficient to trigger equitable tolling of their TILA claims. *See, e.g.*, 15 U.S.C. §1635(a), (f), (i); 15 U.S.C. §1640(e); *Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir.2003); *Cervantes v. Countrywide Home Loans, Inc.*, 2009 WL 3157160, *4 (D. Ariz. 2009); *Sipe v. Countrywide Bank*, 690 F.Supp.2d 1141, 1148-49 (E.D. Cal. 2010). Thus, Count 7 is dismissed as to all Defendants.[6]

**Conclusion**

Accordingly, IT IS HEREBY ORDERED as follows:

(1) Defendants' motions to dismiss (Doc. 30, 31) are granted; all of the claims against all of the Defendants are dismissed with prejudice.[7] All other pending motions are denied.

(2) This case is dismissed with prejudice.

(3) The Clerk of the Court shall close the file in this case and enter judgment.

---

[6] The Court notes that to the extent that Plaintiffs may have attempted to imply or insert various amorphous claims outside of the seven counts explicitly alleged in the Amended Complaint, or insert new allegations in their briefs not contained in the Amended Complaint, such actions are procedurally improper and otherwise fail to state a claim as they are based on conclusory allegations. *See generally Iqbal*, 129 S. Ct. at 1949; *Sparling*, 864 F.2d at 640; *Schneider v. Cal. Dep't of Corrections*, 151 F.3d 1195, 1197 n. 1 (9th Cir. 1998). For example, to the extent Plaintiffs make references to issues regarding short sales, temporary loan modifications, MERS, QWRs, rescission, real parties in interest and standing in relation to the loans in dispute, such issues are without merit and are denied by the Court. *See id.*

[7] The Court will not grant Plaintiffs another opportunity to file another amended Complaint as it would be futile. *See Saul v. U.S.*, 928 F.2d 829, 843 (9th Cir. 1991).

DATED this 24th day of March, 2011.

Frank R. Zapata
Senior United States District Judge

- 9 -