1  BRYAN CAVE LLP, #00145700
2  Robert W. Shely, #014261
   Coree E. Neumeyer, #025787
3  Michael B. Dvoren, #027386
   Two North Central Avenue, Suite 2200
4  Phoenix, Arizona  85004-4406
   Telephone:  (602) 364-7000
5  Facsimile:  (602) 364-7070
6  rwshely@bryancave.com
   coree.neumeyer@bryancave.com
7  michael.dvoren@bryancave.com

8  Attorneys for Defendants BAC Home Loans
9  Servicing, LP and Bank of America, N.A.

10            IN THE UNITED STATES DISTRICT COURT

11             FOR THE DISTRICT OF ARIZONA

12

13  Michael   Benson   Sparlin   and   Sharon      No. CV 10-503-TUC-FRZ
    Jeanette Sparlin,                              No. CV 10-507-TUC-FRZ
14                                                 No. CV 10-508-TUC-FRZ
                                                   **CONSOLIDATED**
15                      Plaintiffs,
          vs.
16
                                                   **OPPOSITION TO PLAINTIFFS'**
17  Chase Home Finance; JPMorgan Chase &           **EMERGENCY MOTION FOR STAY**
    Co.; BAC Home Loans Servicing, LP; and         **OF TRUSTEE SALES PENDING**
18  Bank of America, N.A.,                         **APPEAL**
                                                   **AND**
19                      Defendants.                **MOTION TO QUASH LIS PENDENS**
20
21                                                 (Hon. Frank R. Zapata)
22
23

24        BAC Home Loans Servicing, LP ("BAC") and Bank of America, N.A. ("BofA")
25  (collectively, the "Defendants") request that the Court enter an order denying Plaintiffs'
26  Emergency Motion for Stay of Trustee Sales Pending Appeal ("Stay Motion") filed by
27  Michael B. and Sharon J. Sparlin (the "Sparlins").  The Stay Motion is the Sparlins' latest
28

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA  85004-4406
(602) 364-7000

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

attempt to further hinder and delay the lawfully commenced trustee's sales of their investment properties as a result of their own undisputed defaults on their loan obligations.  Since they first commenced these consolidated actions in August of 2010, the Sparlins have continued to assert their meritless allegations and legal theories, all in an inequitable attempt to avoid the trustee's sales which they contractually agreed could occur in the event of their failure to repay the loans that permitted to them to purchase their multiple properties.  The Sparlins unnecessarily waited until the eleventh hour to file the Stay Motion and they offer the Court no valid reasons why the requested relief should be granted.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    The Stay Motion Should Be Denied.

The Sparlins disingenuously claim "that the law firm should have ceased all foreclosure action until the conclusion of litigation," intimating that the end of litigation equals the conclusion of the Sparlins' pending Ninth Circuit appeal. [Stay Motion ¶¶ 10-11]  However, the Defendants' Response to Plaintiffs' Petitions for Temporary Injunctions clearly provides that "BAC reserves its right to proceed with the trustee's sales of the Properties upon the Court's dispositive ruling in these consolidated cases or upon 30 days' notice to the Sparlins should BAC need to hold a trustee's sale for either of the Properties prior to such ruling."  [Doc. No. 8 at 3]  The Court's March 25, 2011 Order, which dismissed the Sparlins' consolidated cases with prejudice, was the "dispositive ruling" in these cases and the Defendants thus have every right to proceed with the trustee's sales which the Sparlins contractually agreed could occur in the event of their defaults.  Moreover, as reflected in undersigned counsel's multiple e-mails to Sharon Sparlin, attached as Exhibit A, the Sparlins were duly informed in March and April of this year that the Defendants had **not** agreed to continue postponing the trustee's sales until the appeal process concludes.  [See Exhibit A at 3-4 (M. Dvoren e-mails to S. Sparlin dated March 21, 2011 and April 12, 2011)]  Accordingly, the Sparlins could have

brought the Stay Motion much earlier than two days before the first scheduled sale.

Regardless, the Sparlins offer absolutely no legal or factual reasons why they are entitled to the relief they seek.  In deciding whether to issue a stay pending appeal, courts consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Golden Gate Restaurant Ass'n v. City and County of San Francisco, 512 F.3d 1112, 1115 (9th Cir. 2008) (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)).  The standard for evaluating stays pending appeal is similar to that employed in deciding whether to grant a preliminary injunction. Lopez v. Heckler, 713 F.2d 1432, 1435 (9th Cir. 1983).

In this case, the Sparlins fail to present any arguments in support of the requested stay, let alone carry their burden of meeting these four factors.  For the factual and legal reasons set forth in the Defendants' Motion to Dismiss Amended Complaint ("Motion to Dismiss") which the Court granted with prejudice in its March 25, 2011 Order, the Sparlins have no likelihood of success on the merits regarding any of their purported legal claims.

Second, because the Sparlins' purported legal claims are meritless, they will not suffer any legally cognizable injury when the trustee sells the Properties[1] pursuant to the power of sale granted in the respective deeds of trust.  [See Motion to Dismiss, Exhibits A & C]  When they obtained their loans, the Sparlins signed documents, including the deeds of trust, clearly providing that the Properties could be sold to satisfy the outstanding debt if their loans fell into default.  [See id.]  The Sparlins cannot dispute that they are in default and have failed to honor their loan obligations.  Rather, they seek to

---

[1]  As defined in the Motion to Dismiss, the "Properties" are the real properties located at 491 S. Douglas Wash Road, Tucson, Arizona 85641 and 7922 South Clarkson Court, Tucson, Arizona 85706.

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

further hinder and delay the lawfully commenced trustee's sales of the Properties solely on the basis of their appeal.  The Court's equitable power to enter injunctions was not designed to accommodate such tactics.

Third, the Defendants will be substantially injured if the Stay Motion is granted because the Sparlins have deprived them, through frivolous litigation (lasting nearly nine months now), of their contractual right to hold the trustee's sales.  Finally, there is no public interest served in allowing the Sparlins to use the Court to continue hindering and delaying the Defendants' contractual rights where the Sparlins' legal claims have no merit.  Because the Sparlins cannot carry their burden on any of the four factors above, the Stay Motion should be denied.

## II.      The Court Should Order The Writs of Attachment Released and Removed.

On May 11, 2011, the Sparlins recorded a document entitled "Federal Common Law Lien and Notice of Federal Common Law Lien Writ of Attachment on Real and Personal Property" ("Writ of Attachment") on each of the Properties.  [See Stay Motion (attachments)]  Each Writ of Attachment asserts a lien on each respective Property that purportedly supersedes all other liens, in an amount ($25, 901.04 for Clarkson Court and $24,172.32 for Douglas Wash Rd.) which has no identifiable basis.

Under A.R.S. § 33-420, the Sparlins are prohibited from recording any document that "is forged, groundless, contains a material misstatement or false claim or is otherwise invalid."  A.R.S. § 33-420(A).  Each Writ of Attachment consists entirely of Internet-copied language and legal claims that are improper in form and meritless in substance.  In the alterative, and to the extent the Sparlins may have intended each Writ of Attachment to constitute a lis pendens, each is also improper because the Court's March 25, 2011 Order marked the conclusion of this litigation and the Defendants prevailed.  Accordingly, the Defendants request that the Court order the Sparlins to immediately release and remove each Writ of Attachment.

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

**III.    The Sparlins Must Post A Bond If The Court Orders A Stay Pending Appeal.**

Should the Court order the trustee's sales of the Properties stayed pending the Sparlins' appeal, the Sparlins must post a supersedes bond to cover the costs and damages sustained by the Defendants if the Court later finds that the sales were improperly enjoined. Fed. R. Civ. P. 62. The Defendants request an evidentiary hearing at which proof of potential damage may be made if the Court decides to order injunctive relief.

**IV.    Requested Relief.**

For the reasons set forth herein, the Defendants request that the Court deny the Sparlins' Stay Motion and order that each recorded Writ of Attachment be released and removed immediately.


RESPECTFULLY SUBMITTED this 12th day of May, 2011.

BRYAN CAVE LLP


By: /s/ Michael B. Dvoren
     Robert W. Shely
     Coree E. Neumeyer
     Michael B. Dvoren
     Two North Central Avenue, Suite 2200
     Phoenix, AZ  85004-4406

     Attorneys for Defendant BAC Home  Loans
     Servicing, LP and Bank of America, N.A.

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2011, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, with a copy sent via U.S. mail to the following, who are not registered participants of the CM/ECF System:

Michael & Sharon Sparlin
9151 East Showcase Lane
Tucson, Arizona 85749
Plaintiffs Pro Per

By: /s/ Michael B. Dvoren

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA  85004-4406
(602) 364-7000