IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael & Sharon Sparlin,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>Chase Home Finance; JP Morgan Chase & Co.; BAC Home Loans Servicing, L.P.; Bank of America, N.A.,<br><br>　　　　Defendants. | No. CV 10-503-TUC-FRZ<br>No. CV 10-507-TUC-FRZ<br>No. CV 10-508-TUC-FRZ<br>**CONSOLIDATED**<br><br>**ORDER** |

Pending before the Court is Plaintiffs' "emergency motion for stay of trustee sales." *See* Doc. 59.[1]

"In deciding whether to issue a stay pending appeal, the court considers (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the

---

[1] Defendants oppose the motion to stay. *See* Doc. 60. Pursuant to Rule 8(a) of the Federal Rules of Appellate Procedure, a motion for stay pending appeal is ordinarily filed and considered by the District Court prior to filing such a motion with the Court of Appeals. The Court notes that between August of 2010 and the present, Plaintiffs' have filed at least fourteen separate lawsuits which are in the District of Arizona; at least eight judges in the District of Arizona have a lawsuit initiated by the Sparlins.

public interest lies."[2]  *Humane Society of U.S. v. Gutierrez*, 523 F.3d 990, 991 (9th Cir. 2008)(internal quotes and citations omitted); *see also California Pharmacists Ass'n v. Maxwell-Jolly*, 563 F.3d 847, 850 (9th Cir. 2009)(same); *Golden Gate Restaurant Ass'n v. City and County of San Francisco*, 512 F.3d 1112, 1115-16 (9th Cir. 2008)(same).  A review of Plaintiffs' motion shows that Plaintiffs do not demonstrate that any of these factors weigh in their favor; as such, the motion is denied on this ground.  Furthermore, the Court has previously denied injunctive relief on several occasions in this case; the standards for evaluating a motion to stay and a motion seeking injunctive relief are very similar.  Plaintiffs have not submitted any substantive information showing that a weighing of the four factors entitles them to any relief.  Furthermore, after allowing Plaintiffs to file an Amended Consolidated Complaint, the Court dismissed this case with prejudice as Plaintiffs' claims were without merit; judgment was entered closing this case in March of 2011.  Upon review of the record in this case and weighing the four factors at issue, the Court finds that a stay is not warranted and therefore Plaintiffs' "emergency motion for stay of trustee sales" is denied.

DATED this 12th day of May, 2011.

_____
Frank R. Zapata
**Senior United States District Judge**

---

[2] "[T]he issues of likelihood of success and irreparable injury represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Id.*